**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (Bar No. 139304)
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
Guillaume Buell (pro hac vice forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com
gbuell@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

[Additional Counsel Appears on Signature Page]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE ALONZO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC., KEVIN R. SAYER, and JEREME M. SYLVAIN,<br><br>Defendants. | Case No. 24-cv-1485-RSH-VET<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: November 25, 2024<br>Courtroom: 3B<br>Judge: Robert S. Huie |

OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM and OAKLAND COUNTY VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

DEXCOM, INC., KEVIN R. SAYER, JEREME M. SYLVAIN, and SEAN CHRISTENSEN,

      Defendants.

|  |
|---|
| PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Case No. 24-cv-1804-RSH-VET

<u>CLASS ACTION</u>

Date: November 25, 2024
Courtroom: 3B
Judge: Robert S. Huie

PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT

---

MATTHEW CARNES, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

DEXCOM, INC., KEVIN R. SAYER, and JEREME M. SYLVAIN,

      Defendants.

Case No. 24-cv-1809-RBM-DDL

CLASS ACTION

Date: November 25, 2024
Courtroom: 5B
Judge: Ruth Bermudez Montenegro

NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT.................................................................1

II.   SUMMARY OF THE RELATED ACTIONS................................................3

III.  ARGUMENT ...................................................................................4

     A.   The Related Actions Should be Consolidated ....................................4

     B.   Oakland County Is the "Most Adequate Plaintiff"............................5

          1.   The PSLRA Standard for Appointing Lead Plaintiff .......................................................................5

          2.   Oakland County's Motion Is Timely.........................................6

          3.   Oakland County Has the Largest Financial Interest in the Outcome of the Action ......................................................7

          4.   Oakland County Satisfies Rule 23's Typicality and Adequacy Requirements..............................................................7

              (a)   Oakland County's Claims Are Typical of Those of the Class ....................................................8

              (b)   Oakland County Will Fairly and Adequately Protect the Interests of the Class ....................................9

     C.   The Court Should Approve Oakland County's Choice of Counsel....................................................................................9

CONCLUSION.........................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002)........................................................................5, 6, 9

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
2013 WL 2368059 (N.D. Cal. May 29, 2013) ....................................................8

*In re Cohen v. U.S. District Court*,
586 F.3d 703 (9th Cir. 2009)...............................................................................9

*In re Extreme Networks Inc. Sec. Litig.*,
2016 WL 3519283 (N.D. Cal. June 28, 2016) .....................................................8

*Hardy v. MabVax Therapeutics Holdings*,
2018 WL 4252345 (S.D. Cal. Sept. 6, 2018) ...................................................7, 9

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ..............................................................8

*Lloyd v. CVB Fin. Corp.*,
2011 WL 13128303 (C.D. Cal. Jan. 21, 2011)....................................................8

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
2014 WL 2604991 (N.D. Cal. June 10, 2014) .....................................................1

*In re MicroStrategy Inc. Sec. Litig.*,
110 F. Supp. 2d 427 (E.D. Va. 2000)...............................................................4, 5

*Peters v. Twist Bioscience Corp.*,
2023 WL 4849431 (N.D. Cal. July 28, 2023) .....................................................7

**Rules & Statutes**

Fed. R. Civ. P. 42(a) ...................................................................................1, 2, 4

Fed. R. Civ. P. 23..................................................................................*passim*

15 U.S.C. § 78u-4 *et seq*...............................................................*passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.,*
No. 04-cv-8141 (S.D.N.Y.) ...............................................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.,*
No. 08-md-1963 (S.D.N.Y.) ...............................................................................................10

*In re Broadcom Corp. Class Action Litig.,*
No. 06-cv-05036 (C.D. Cal.) .............................................................................................10

*In re Countrywide Fin. Corp. Sec. Litig.,*
No. 07-cv-5295 (C.D. Cal.) ...............................................................................................10

*In re Mercury Interactive Corp. Sec. Litig.,*
No. 05-cv-3395 (N.D. Cal.) ...............................................................................................10

Lead Plaintiff movant Oakland County Voluntary Employees' Beneficiary Association ("Oakland County VEBA") and Oakland County Employees' Retirement System ("Oakland County ERS" and together with Oakland County VEBA, "Oakland County") respectfully submits this memorandum of points and authorities in support of its  motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private  Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (i) consolidating the above-captioned related actions (the "Related Actions") pursuant to Rule 42 of the Federal Rules of Civil Procedure (ii) appointing Oakland County as Lead Plaintiff in the above-captioned securities class action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq*.; (iii) approving Oakland County's selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper (the "Motion").[1]

## I.    PRELIMINARY STATEMENT

The above-captioned Related Actions allege that DexCom Inc. ("DexCom" or the "Company"), and certain of its executive officers and/or directors (together, "Defendants"), violated Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder.  The Related Actions have been brought on

---

[1] This Motion has been filed pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA.  The PSLRA provides that within sixty days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action.  Consequently, counsel for Oakland County has no way of knowing who the competing lead plaintiff candidates are at this time.  As a result, counsel for Oakland County has been unable to confer with opposing counsel as prescribed in Judge Robert S. Huie's Civil Pretrial and Procedures III.A and Judge Ruth Bermudez Montenegro's Civil Chamber Rules III.A and respectfully requests that the conference requirement be waived for this Motion.

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 24-cv-1485-RSH-VET

behalf of all persons or entities that purchased or otherwise acquired DexCom securities between April 28, 2023 and July 25, 2024, both dates inclusive (the "Class Period"), and were damaged thereby (the "Class").[2]

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they involve identical questions of law and fact. *See* Fed. R. Civ. P. 42(a); *infra* Section III.A. After consolidation, the PSLRA directs courts to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made *a prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Oakland County respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA. As discussed herein, Oakland County incurred ***$316,583*** in losses as a result of its transactions in DexCom securities during the Class Period as calculated on a last-in-first-out ("LIFO") basis.[3] In light of this significant loss, Oakland County has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any other qualified movant. Oakland

---

[2] The Class Period as defined herein is the longest possible class period of the above-captioned Related Actions. *See, e.g Miami Police Relief & Pension Fund v. Fusion-io, Inc.,* 2014 WL 2604991, at *6 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs.").

[3] A copy of the Certification of Oakland County ("Certification") is attached as Exhibit A to the Declaration of Lucas E. Gilmore ("Gilmore Decl."). The Certification sets forth all of Oakland County's relevant transactions in DexCom securities during the Class Period. In addition, a table reflecting the calculation of financial losses sustained by Oakland County on its relevant Class Period transactions in DexCom securities ("Loss Analysis") is attached as Exhibit B to the Gilmore Decl.

County also meets the typicality and adequacy requirements of Rule 23 because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class. Oakland County has further demonstrated its adequacy through its selection of Labaton as proposed Lead Counsel for the Class. Labaton is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Oakland County is the "most adequate plaintiff," and respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## II.    SUMMARY OF THE RELATED ACTIONS

This is a federal class action on behalf of a "Class" of all persons and entities who purchased or otherwise acquired DexCom securities between April 28, 2023 and July 25, 2024, inclusive (the "Class Period"). Plaintiffs bring this action seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and SEC Rule 10b-5, promulgated thereunder.

DexCom, headquartered in San Diego, California, is a medical device company that manufactures continuous glucose monitoring systems ("CGMs") for diabetes management. Over the course of 2022 and in early 2023, DexCom commercially launched its "G7" CGM in Europe and in the United States. As the next generation of its key product line, DexCom's growth was premised on a successful G7 roll-out. To fuel this growth, the Company realigned and expanded its sales force. DexCom common stock trades on the NASDAQ under the ticker symbol "DXCM."

Throughout the Class Period, Defendants touted the success of the G7 launch, claiming that "the market's reception to [DexCom's latest CGM] has been exceptional" and "[w]e have a really incredible track record of efficient growth." This action alleges that Defendants intentionally or recklessly misled investors by

failing to disclose that: (a) DexCom's sales force expansion strategy was causing slow customer growth; (b) DexCom's sales force expansion strategy was undermining relationships with durable medical equipment ("DME") distributors, its largest sales channel, leading to lower-margin revenue; (c) DexCom's deteriorating relationships with DME distributors were causing the Company to lose significant market share to competitors; and (d) as a result of the foregoing, Dexcom's Class Period statements about its business, operations, and prospects were false and misleading.

Beginning on April 25, 2024, investors began to learn about problems with DexCom's sales force expansion when Defendants revealed that the Company had to further realign its sales force. On this news, DexCom's stock price **declined $13.67, or 9.9 percent**, to close at $124.34 per share on April 26, 2024.

Then, on July 25, 2024, Dexcom reported lower-than-expected sales for the second quarter of 2024 and cut its 2024 sales forecast. Defendant attributed its weak results and reduced guidance to slower-than-expected new customer growth in the DME channel where the Company lost market share. Defendants acknowledged that its sales force realignment and expansion strategies were "disruptive" and had caused eroding relationships with the Company's DME channel partners. On this news, DexCom's stock price **dropped $43.85, or 40.7 percent**, to close at $64.00 per share on July 26, 2024.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities Oakland County and the Class have suffered significant damages.

## III.   ARGUMENT

### A.   The Related Actions Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the

motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The Court may consolidate actions if they "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  Here, the Related Actions assert substantially similar claims on behalf of nearly the same putative class against the same defendants.  Accordingly, the Court should consolidate the Related Actions.  15 U.S.C. § 78u-4 (a)(3)(B)(ii); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) (noting that the existence of slight differences in class periods, parties, or damages does not preclude consolidation).

### B.      Oakland County Is the "Most Adequate Plaintiff"

Oakland County respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria.").  As set forth below, Oakland County believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.      The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-

oriented publication or wire service, a notice advising members of the purported plaintiff class --

(I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

(II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff.  Specifically, the PSLRA provides that a court:

shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30 (discussing three-step competitive process for selecting a lead plaintiff).  This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730.

### 2.    Oakland County's Motion Is Timely

Oakland County filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed of the Related Actions caused notice to be published on *Globe Newswire*, a widely-

circulated, national, business-oriented news wire service, on August 21, 2024. *See* Notice of the First-Filed Action, Gilmore Decl., Ex. C. Similarly, plaintiffs in the second and third-filed of the Related Actions published notices reiterating the October 21, 2024 deadline. *See* Notice of the Second-Filed Action, Gilmore Decl., Ex. D; Notice of the Third-Filed Action, Gilmore., Ex. E. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff on or before October 21, 2024. Oakland County filed this motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### 3. Oakland County Has the Largest Financial Interest in the Outcome of the Action

Oakland County should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Oakland County suffered LIFO losses of approximately ***$316,583*** on its relevant transactions in DexCom securities during the Class Period. *See* Gilmore Decl., Exs. A & B. *See Peters v. Twist Bioscience Corp.*, 2023 WL 4849431, at *3-4 (N.D. Cal. July 28, 2023) (determining movants' financial interest primarily by considering losses suffered).

To the best of Oakland County's knowledge, there is no other applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Accordingly, Oakland County has the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u4(a)(3)(B)(iii)(I).

### 4. Oakland County Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, Oakland County satisfies the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant

"need only make a *prima facie* showing of its typicality and adequacy." *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at \*6 (S.D. Cal. Sept. 6, 2018) (citation omitted); *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (same).

### (a)   Oakland County's Claims Are Typical of Those of the Class

"The putative lead plaintiff satisfies the typicality requirement when it has suffered the same injuries as absent class members, as a result of the same conduct by the defendants." *In re Extreme Networks Inc. Sec. Litig.*, 2016 WL 3519283, at \*3 (N.D. Cal. June 28, 2016) (citation omitted).   The claims need not be "substantially identical" to support a finding of typicality. *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at \*5 (C.D. Cal. Jan. 21, 2011) (citation omitted).   Instead, "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citation omitted).

Here, the claims that Oakland County asserts are typical of the claims of the other members of the putative Class because, like all other Class members, Oakland County: (i) purchased or otherwise acquired DexCom securities during the Class Period; (ii) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (iii) suffered damages as a result. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at \*4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed Lead Plaintiff "purchased [defendant corporation] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged suffered damages as a result").   Thus, Oakland County satisfies the typicality requirement of Rule 23.

### (b)    Oakland County Will Fairly and Adequately Protect the Interests of the Class

Oakland County will fairly and adequately represent the interests of the proposed Class.  Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class."  Fed. R. Civ. P. 23(a)(4).  The thrust of the adequacy inquiry is: "(1) whether there are conflicts of interest between the proposed lead plaintiff and the class and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class."  *Hardy*, 2018 WL 4252345, at *7 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)).

Here, no antagonism exists between Oakland County's interests and those of the absent Class members; rather, the interests of Oakland County, and Class members are squarely aligned.  In addition, Oakland County has demonstrated its adequacy through its selection of Labaton as Lead Counsel to represent the Class in this Action.  As discussed more fully herein, Labaton is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted this Motion to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).  Accordingly, Oakland County satisfies the adequacy requirement.

### C.    The Court Should Approve Oakland County's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S. District Court*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734

("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, Oakland County has selected Labaton, highly-qualified counsel, to serve as Lead Counsel for the proposed Class.  Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors.  Labaton served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.).  Labaton presently serves as lead and co-lead counsel in several significant investor class actions.  *See* Labaton Keller Sucharow Firm Resume, Gilmore Decl., Ex. F.

Likewise, Hagens Berman is well qualified to represent the Class as Liaison Counsel.  Hagens Berman maintains an office in San Diego, California, and is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases.  *See* Hagens Berman Firm Resume, Gilmore Decl., Ex. G.

Thus, the firm is well qualified to represent the Class as Liaison Counsel. *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court").

Thus, the Court may be assured that by granting this motion and approving Oakland County's selection of counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Oakland County respectfully requests that the Court: (i) consolidate the Related Actions (ii) appoint Oakland County as Lead Plaintiff; (iii) approve the selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

DATED:  October 21, 2024

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Lucas E. Gilmore*
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
Guillaume Buell (*pro hac vice* forthcoming*)*
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com
gbuell@labaton.com

*Counsel for Proposed Lead Plaintiff
and Proposed Lead Counsel for the Class*

**VANOVERBEKE MICHAUD &
TIMMONY P.C.**
Aaron L. Castle (*pro hac vice* forthcoming*)*
79 Alfred Street
Detroit, MI 48201
Tel: (313) 578-1200
Fax: (313) 578-1201
acastle@vmtlaw.com

*Additional Counsel for Plaintiffs*