**BLEICHMAR FONTI & AULD LLP**

Lesley E. Weaver (SBN 191305)

lweaver@bfalaw.com

1330 Broadway, Suite 630

Oakland, California 94612

Telephone: (415) 445-4003

Facsimile: (415) 445-4020

**LEVI & KORSINSKY, LLP**

Adam M. Apton (SBN 316506)

aapton@zlk.com

445 South Figueroa Street, 31st Floor

Los Angeles, CA 90071

Telephone: (213) 985-7290

*Counsel for Proposed Lead Plaintiff DexCom Investor Group,*
*and Proposed Co-Lead Counsel for the Class*

[*Additional Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE ALONZO, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>          v.<br><br>DEXCOM INC., KEVIN R. SAYER, and JEREME M. SYLVAIN,<br><br>                         Defendants. | Case No. 3:24-cv-01485-RSH-VET<br><br>CLASS ACTION<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE DEXCOM INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL, AND CONSOLIDATION OF THE RELATED ACTIONS**<br><br>DATE: November 25, 2024<br>TIME:  Per Chambers Rules, No Oral Argument Unless Separately Ordered By The Court<br>COURTROOM: 3B<br>JUDGE: Hon. Robert S. Huie |

*[caption continues on next page]*

| | |
|---|---|
| OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM and OAKLAND COUNTY VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>DEXCOM, INC., KEVIN R. SAYER, JEREME M. SYLVAIN, and SEAN CHRISTENSEN,<br><br>                Defendants. | Case No. 3:24-cv-01804-AJB-BLM<br><br><u>CLASS ACTION</u> |
| MATTHEW CARNES, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>DEXCOM INC., KEVIN R. SAYER, and JEREME M. SYLVAIN,<br><br>                Defendants. | Case No. 3:24-cv-01809-RBM-DDL<br><br><u>CLASS ACTION</u> |

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................... 1

II.   FACTUAL BACKGROUND........................................................................ 3

III.  ARGUMENT............................................................................................. 5

      A.    The DexCom Investor Group Should Be Appointed Lead Plaintiff... 5

           1.    The DexCom Investor Group Satisfied The PSLRA's Procedural Requirements ........................................................... 5

           2.    The DexCom Investor Group Believes It Has The Largest Financial Interest In The Relief Sought By The Class ............ 6

           3.    The DexCom Investor Group Otherwise Satisfies The Requirements Of Rule 23........................................................ 7

           4.    The DexCom Investor Group Constitutes An Appropriate Group Under The PSLRA........................................................ 8

      B.    The DexCom Investor Group Selected Well Qualified Counsel ...... 11

      C.    The Related Actions Should Be Consolidated ................................. 13

IV.  CONCLUSION........................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brown v. Acutus Med., Inc.*,
　No. 22-cv-206-RSH-KSC, 2022 WL 2820557 (S.D. Cal. July 19,
　2022) (Huie, J.) ..................................................................................................7

*Bruce v. Suntech Power Holdings Co.*,
　No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13,
　2012) ...................................................................................................................11

*In re Cavanaugh*,
　306 F.3d 726 (9th Cir. 2002) ........................................................................2, 11

*Jaszczyszyn v. SunPower Corp.*,
　2022 WL 10208559 (N.D. Cal. Oct. 13, 2022) ................................................6

*In re Mersho*,
　6 F.4th 891 (9th Cir. 2021) .............................................................................2, 3

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
　No. 13-cv-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10,
　2014) ....................................................................................................................2

*Moradpour v. Velodyne Lidar, Inc.*,
　2021 WL 2778533 (N.D. Cal. July 2, 2021) .....................................................13

*Perrin v. Sw. Water Co.*,
　No. 2:08-CV-7844-FMC-AGRX, 2009 WL 10654690 (C.D. Cal.
　Feb. 13, 2009) .....................................................................................................9

*Robb v. Fitbit Inc.*,
　No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10,
　2016) .................................................................................................................9, 11

*In re Surebeam Corp. Sec. Litig.*,
　No. 03-CV-1721 JM(POR), 2004 WL 5159061 (S.D. Cal. Jan. 5,
　2004) ....................................................................................................................9

**Statutes**

15 U.S.C. § 78u-4(v)................................................................................................11

15 U.S.C. § 78u-4(a)(3)(A)(i) ...............................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................2, 5, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................2, 5, 6, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ....................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ....................................................................7

**Rules**

Fed. R. Civ. P. 23(a)(4) ........................................................................................7

**Other Authorities**

17 C.F.R. § 240.10b-5 ..........................................................................................1

TABLE OF AUTHORITIES
CASE NOS. 3:24-CV-01485-RSH-VET; 3:24-CV-01804-AJB-BLM; 3:24-CV-01809-RBM-DDL

Thilo Sautter, CUROS Vermögensverwaltungs GmbH ("CUROS"), Gang Bao, Sunway Trading USA Inc., and the C-Liu Irrevocable Trust (together, the "DexCom Investor Group") respectfully submits this memorandum of law in support of its motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) approval of its selection of Bleichmar Fonti & Auld LLP ("BFA") and Levi & Korsinsky, LLP ("L&K") to serve as Co-Lead Counsel for the putative Class; (3) consolidating the above-captioned securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (4) for any such further relief as the Court may deem just and proper.[1]

## I.     PRELIMINARY STATEMENT

The Related Actions allege that DexCom, Inc. ("DexCom" or the "Company") and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the Related Actions allege that from April 28, 2023 through July 25, 2024, inclusive (the "Class Period"), DexCom misrepresented that the Company's sales force expansion strategy had caused slower customer growth, undermined relationships

---

[1] This Court's Civil Pretrial and Trial Procedures requires a conference of counsel before filing noticed motions. However, it was not possible to confer with counsel for the competing movants in connection with this motion. The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within 60 days of the publication of the notice of pendency of the action. 15 U.S.C. § 78u-4(a)(3)(A)(i). No such motions were filed meaningfully in advance of the deadline, and so the DexCom Investor Group is unaware of the identities of the competing movants (if any) at this time. As such, the DexCom Investor Group respectfully requests that the conferral requirement be waived in this instance.

with durable medical equipment distributors, and caused the Company to lose significant market share to competitors.[2]

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the putative Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, the DexCom Investor Group is the "most adequate plaintiff" by virtue of, among other things, the approximately $3.1 million in losses as calculated under a first-in, first-out ("FIFO") basis and last-in, first-out ("LIFO") basis incurred on its investments in DexCom securities during the Class Period.

In addition to asserting the largest financial interest, the DexCom Investor Group readily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class.  As set forth in greater detail in the Joint Declaration submitted herewith, the DexCom Investor Group—which consists of two sophisticated investors and their associated entities—fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* Declaration of Lesley E. Weaver ("Weaver Decl."), Ex. A ¶¶3-4, 13; *In re Mersho*,

---

[2] The complaints in the Related Actions assert different class periods.  For purposes of appointing a lead plaintiff, the longest class period governs.  *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014).  The longest class period asserted in the Related Actions is April 28, 2023 to July 25, 2024, as alleged in *Oakland County Employees' Retirement System v. DexCom Inc.*, No. 3:24-cv-01804 (S.D. Cal.) ("*Oakland County*").

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NOS. 3:24-CV-01485-RSH-VET; 3:24-CV-01804-AJB-BLM; 3:24-CV-01809-RBM-DDL

6 F.4th 891, 903 n.4 (9th Cir. 2021) ("[It] is clear from the statutory language" that "groups can serve as lead plaintiff.").

Indeed, the DexCom Investor Group has already demonstrated its active oversight of this matter. Before seeking appointment as Lead Plaintiff, the DexCom Investor Group's Thilo Sautter and Gang Bao participated in a conference call to discuss, among other things, the merits of the claims against Defendants, their common goals and strategy for the prosecution of this litigation, and how the Class stands to benefit from the diversity of representation and viewpoints as well as the sharing of experience and resources provided by the DexCom Investor Group. *See* Weaver Decl. Ex. A ¶¶10-11. The DexCom Investor Group has conferred together and discussed how it will jointly prosecute this action, and otherwise ensure the vigorous, efficient prosecution of this litigation in the best interests of all Class members. *See id.*

The DexCom Investor Group has further demonstrated its adequacy by selecting BFA and L&K, law firms with substantial experience successfully prosecuting complex securities class actions, to serve as Co-Lead Counsel for the Class. Accordingly, the DexCom Investor Group respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## II.    FACTUAL BACKGROUND

The Related Actions allege that DexCom is a medical device company that manufactures continuous glucose monitoring systems ("CGMs") for diabetes management. ¶¶2, 20, 21.[3] DexCom primarily sells its CGMs through two sales channels, the traditionally larger one being through durable medical equipment ("DME") distributors. ¶20. Over the course of 2022 and in early 2023, DexCom commercially launched its "G7" CGM in Europe and in the United States. ¶¶2, 21. As the next generation of its key product line, DexCom's growth was premised on

---

[3] All citations to ¶__ refer to the complaint filed in *Oakland County*.

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NOS. 3:24-CV-01485-RSH-VET; 3:24-CV-01804-AJB-BLM; 3:24-CV-01809-RBM-DDL

a successful G7 roll-out. *Id.* To fuel this growth, the Company realigned and expanded its sales force. *Id.*

Throughout the Class Period, Defendants touted the success of its G7 launch, claiming that "the market's reception to [DexCom's latest CGM] has been exceptional" and "[w]e have a really incredible track record of efficient growth." ¶3. Defendants also touted that "[b]etween the ongoing success" of the Company's "G7 launch and significant expansion of coverage for Dexcom this year, our US business is really hitting its stride." ¶27. As alleged, these statements were materially false and misleading. In truth: (a) DexCom's sales force expansion strategy caused slower customer growth; (b) DexCom's sales force expansion strategy undermined relationships with DME distributors, its largest sales channel, leading to lower-margin revenue; and (c) DexCom's deteriorating relationships with DME distributors caused the Company to lose significant market share to competitors. ¶¶33, 39.

The truth was allegedly first revealed on April 25, 2024, when DexCom announced that it had to further realign its sales force, noting that the Company would be "taking steps to optimize the structure of our sales team" as the Company was "not [] paying enough attention to our high prescribers." ¶¶4, 34-35. On this news, DexCom's stock price declined $13.67 per share, or almost 10%, to close at $124.34 per share on April 26, 2024. ¶37. Despite these revelations, DexCom increased its 2024 sales forecast and, on June 5, 2024, reaffirmed the updated 2024 sales forecast, stating "we're happy with where we are. We're happy with our full year guidance." ¶38.

Then, on July 25, 2024, Dexcom reported disappointing sales for the second quarter of 2024 and cut its 2024 sales forecast, acknowledging operational problems and that "our execution did not meet our high standards." ¶¶5, 40-42. More specifically, Defendants attributed the results and reduced guidance to slower-than-expected new customer growth in the DME channel where the Company lost market

4

share. *Id.* Defendants acknowledged that their sales force realignment and expansion strategies were "disruptive" and had caused eroding relationships with the Company's DME channel partners. *Id.* On this news, DexCom's stock price dropped $43.85 per share, or almost 41%, to close at $64.00 per share on July 26, 2024. ¶43.

## III. ARGUMENT

### A. The DexCom Investor Group Should Be Appointed Lead Plaintiff

The DexCom Investor Group respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, the DexCom Investor Group believes that it is the presumptively "most adequate plaintiff" because it: (1) complied with the PSLRA's procedural requirements; (2) believes it asserts the largest financial interest in the relief sought by the putative Class; and (3) satisfies Rule 23's typicality and adequacy requirements.

#### 1. The DexCom Investor Group Satisfied The PSLRA's Procedural Requirements

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice of the pendency of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). On August 21, 2024, Plaintiff Charlene Alonzo filed the first of the Related Actions, which alleged that Defendants defrauded investors during the period of January 8, 2024 to July 25, 2024. On the same day, counsel for Alonzo published notice of the pendency of the action on *Globe Newswire*, setting the deadline to seek Lead Plaintiff status by October 21, 2024.

*See* Weaver Decl. Ex. B.

On October 8, 2024, Plaintiffs Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association filed the second of the Related Actions which alleged that Defendants defrauded investors during a broader period of April 28, 2023 through July 25, 2024. The same day, their counsel published a notice on *Business Wire* alerting investors to the expanded Class Period, and reminded them of the October 21, 2024 deadline. *See* Weaver Decl. Ex. C. As such, the DexCom Investor Group satisfies the PSLRA's 60-day requirement through the filing of this motion.

### 2. The DexCom Investor Group Believes It Has The Largest Financial Interest In The Relief Sought By The Class

The DexCom Investor Group believes that it has the "largest financial interest in the relief sought by the class" and thus should be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The DexCom Investor Group incurred a loss of approximately $3.1 million as calculated on a FIFO/LIFO basis on its investments in DexCom securities during the Class Period. *See* Weaver Decl. Exs. D-E.[4]

To the best of the DexCom Investor Group's knowledge, there is no other qualified applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, the DexCom Investor Group has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[4] Certain courts, including courts in this Circuit, look only to the portion of a movant's loss that is subject to recovery in the litigation. *See Jaszczyszyn v. SunPower Corp.*, 2022 WL 10208559, at *2 (N.D. Cal. Oct. 13, 2022). The DexCom Investor Group's PSLRA certifications and loss calculations provide all the trading information necessary to calculate its financial interests under all possible metrics, including recoverable losses, and does not presuppose that there is only one valid methodology. *See* Weaver Decl. Exs. D-E.

6

### 3.    The DexCom Investor Group Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, the DexCom Investor Group also otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant need only make a "preliminary showing" that it satisfies the typicality and adequacy requirements of Rule 23. *Brown v. Acutus Med., Inc.*, No. 22-cv-206-RSH-KSC, 2022 WL 2820557, at *2 (S.D. Cal. July 19, 2022) (Huie, J.) (citation omitted). The DexCom Investor Group satisfies both requirements.

The DexCom Investor Group's claims are typical of the claims of other investors of DexCom securities. "Representative claims are 'typical' if they are 'reasonably co-extensive with those of absent class members,' although 'they need not be substantially identical.'" *Id.* (citation omitted). Here, like all other Class members, the DexCom Investor Group: (1) invested in DexCom securities during the Class Period; (2) at prices artificially distorted by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged as a result. *See id.* As such, the DexCom Investor Group satisfies the typicality requirement.

The DexCom Investor Group also satisfies the adequacy requirement of Rule 23. The adequacy inquiry focuses on whether the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In analyzing 'adequacy,' the Court must ask whether the proposed lead plaintiff and his counsel 'have any conflicts of interest with other class members' and whether they will 'prosecute the action vigorously on behalf of the class.'" *Acutus Med.*, 2022 WL 2820557, at *2 (citation omitted). The DexCom Investor Group satisfies these elements because it has a substantial financial stake in the litigation which provides the ability and incentive to vigorously represent the Class's claims. The DexCom Investor Group's interests are aligned with those of the other putative class members and are not antagonistic in any way. There are no facts to suggest any

7

actual or potential conflict of interest or other antagonism between the DexCom Investor Group and other purported Class members.

To further demonstrate its ability to litigate this case in the best interests of the Class, the DexCom Investor Group submitted the Joint Declaration, which describes how and why it came to work together in this action. *See* Wever Decl., Ex. A ¶¶5-9. The Joint Declaration also affirms the DexCom Investor Group's understanding of the duties owed to the Class, discusses its constituent members' sophistication, backgrounds and experience, and that they are confident in their ability to oversee counsel in this matter. *See id.* ¶¶3-4, 13. Through the Joint Declaration and PSLRA Certifications, the DexCom Investor Group has demonstrated that it understands and accepts the fiduciary obligations it will assume if appointed Lead Plaintiff and will zealously represent the interests of all Class members. *See* Weaver Decl., Exs. A, D.

The DexCom Investor Group has further demonstrated its adequacy through its selection of BFA and L&K to serve as Co-Lead Counsel to represent the putative Class. As discussed more fully below, BFA and L&K are highly qualified in the area of securities litigation and have repeatedly demonstrated an ability to conduct complex securities actions effectively.

### 4. The DexCom Investor Group Constitutes An Appropriate Group Under The PSLRA

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, the DexCom Investor Group—comprised of two sophisticated investors and their associated entities—is precisely the type of group that courts routinely appoint to serve as Lead Plaintiff. The text of the PSLRA expressly permits the appointment of a group of class members to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id.* § 78u-4(a)(3)(B)(i). Accordingly, courts in the Ninth Circuit routinely appoint groups of class members as Lead Plaintiff when they are "small and manageable," as here. *Perrin v. Sw.*

*Water Co.*, No. 2:08-CV-7844-FMC-AGRX, 2009 WL 10654690, at *3 (C.D. Cal. Feb. 13, 2009) ("courts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *see also Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *In re Surebeam Corp. Sec. Litig.*, No. 03-CV-1721 JM(POR), 2004 WL 5159061, at *10 (S.D. Cal. Jan. 5, 2004) (appointing individual and entity investor group as lead plaintiff).

As set forth in the Joint Declaration, the DexCom Investor Group is a small and manageable group that has demonstrated its commitment and ability to work together cohesively in the prosecution of this action. *See generally* Weaver Decl., Ex. A. The Joint Declaration also sets forth the reasons why the DexCom Investor Group decided to collaborate in this litigation, describes how the group was formed, and establishes how the DexCom Investor Group intends to oversee counsel and this litigation. *See generally id.* As reflected in the Joint Declaration, prior to seeking appointment as Lead Plaintiff, the DexCom Investor Group consulted with its respective counsel regarding the merits of the claims against Defendants and the potential to seek a leadership role in this matter. *See id.* ¶8. As part of that consultation, the members of the DexCom Investor Group also considered whether there was an opportunity to work with other investors in seeking Lead Plaintiff appointment, and whether doing so would be in each of their respective interests and in the best interests of the Class. *See id.*

Given that the DexCom Investor Group consists of two sophisticated investors who have significant knowledge of financial markets, and their associated entities, the DexCom Investor Group believes that its partnership would benefit the representation of the Class through the sharing of experience and resources, as well as the diversity of representation and viewpoints. *See id.* ¶¶3-5. For instance, the DexCom Investor Group's Thilo Sautter is the Director of CUROS, a company

9

focused on providing financial guidance to private individuals and entrepreneurs, and also leads the team of a European private equity fund. *Id.* Mr. Bao, meanwhile, holds a Master of Business Administration degree and has a background in international trade. *Id*.

Based on the DexCom Investor Group's prior experience, the DexCom Investor Group believes that its partnership will add substantial value to the prosecution of this action and inure to the benefit of the Class. *See id.* ¶¶5-7. The DexCom Investor Group also decided to seek appointment as Lead Plaintiff because of its shared goals and interests in ensuring the Class's claims will be zealously and efficiently litigated, and achieving the best possible result for the Class. *See id.* ¶10.

The Joint Declaration also demonstrates that the DexCom Investor Group has already taken (and will continue to take) measures to ensure the vigorous prosecution of this action and oversee its counsel. Before seeking appointment as Lead Plaintiff, the DexCom Investor Group's Thilo Sautter and Gang Bao participated in a conference call in which they discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' alleged misconduct; the strategy for the prosecution of this litigation; their shared interest in serving jointly as Lead Plaintiff in this case and their commitment to take an active role in supervising the prosecution of the action; and the benefits that the Class would receive from their joint leadership of the case. *See id.* ¶10. Mr. Sautter and Mr. Bao also discussed the importance of joint decision-making and maintaining open lines of communication and have the ability to confer, with or without their counsel, to ensure that they are able to make timely decisions. *See id.* ¶11. Through these and other measures, the DexCom Investor Group has sought to ensure that the Class will receive the best possible representation.

The evidence submitted by the DexCom Investor Group establishing its commitment to zealously and efficiently represent the interests of the Class is more than sufficient to satisfy the adequacy and typicality requirements here. The

DexCom Investor Group has demonstrated that it has ample willingness and experience, and is committed to working closely with one another to supervise Lead Counsel and obtain the best possible recovery for the Class.  Courts routinely appoint groups of investors as Lead Plaintiff  under such circumstances. *See, e.g.*, *Fitbit*, 2016 WL 2654351, at *4 (appointing as lead plaintiff a group of five investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, [and] will stay in regular communication with counsel and with each other"); *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class").

**B.     The DexCom Investor Group Selected Well Qualified Counsel**

Under the PSLRA, the Lead Plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class."  15 U.S.C. § 78u-4(v). The Ninth Circuit has held that "the choice [of counsel] belongs to the lead plaintiff," and that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention."  *In re Cavanaugh*, 306 F.3d at 734 n.14.  Here, the DexCom Investor Group selected BFA and L&K as proposed Co-Lead Counsel to represent the putative Class.

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* Weaver Decl. Ex. F.  Recently, BFA achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva*

*Pharmaceuticals Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.). In this Circuit, BFA also secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.). BFA also secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Securities Litigation*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford International Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia.

The members of L&K have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. L&K has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. Moreover, L&K has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), L&K secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp. Securities Litigation*, No. 07-cv-8538 (S.D.N.Y.). L&K also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id. See* Weaver Decl. Ex. G. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

### C.    The Related Actions Should Be Consolidated

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions that "involve a common question of law or fact."  There are three Related Actions pending against DexCom in this District:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Alonzo v. DexCom Inc.* | 3:24-cv-01485-RSH-VET | August 21, 2024 |
| *Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association v. DexCom Inc.* | 3:24-cv-01809-RBM-DDL | October 8, 2024 |
| *Carnes v. DexCom Inc.* | 3:24-cv-01804-AJB-BLM | October 9, 2024 |

The Related Actions present substantially similar factual and legal issues because they allege the same legal claims against nearly the same defendants, arise out of a substantially similar course of conduct during overlapping periods of time, and allege similar types of misrepresentations.  Accordingly, consolidation of these actions, and any similarly related subsequently filed or transferred actions, is appropriate under Rule 42.  *See Moradpour v. Velodyne Lidar, Inc.*, 2021 WL 2778533, at *2 (N.D. Cal. July 2, 2021) (consolidating three securities class actions because "[a]ll three actions arise from the same factual scenario"—namely, whether the company's securities were artificially distorted during the class period as a result of defendant's alleged conduct and public statements).

## IV.    CONCLUSION

For the foregoing reasons, the DexCom Investor Group respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of BFA and L&K as Co-Lead Counsel; (3) consolidate the Related Actions; and (4) grant any such further relief as the Court may deem just and proper.

Dated: October 21, 2024    Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
lweaver@bfalaw.com
Adam C. McCall (SBN 302130)
amccall@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

-and-

Javier Bleichmar (*pro hac vice* forthcoming)
jbleichmar@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

-and-

Ross Shikowitz (*pro hac vice* forthcoming)
rshikowitz@bfalaw.com
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
aapton@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 985-7290

*Counsel for Proposed Lead Plaintiff*

14

*DexCom Investor Group, and Proposed Co-Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NOS. 3:24-CV-01485-RSH-VET; 3:24-CV-01804-AJB-BLM; 3:24-CV-01809-RBM-DDL

## **<u>CERTIFICATE OF SERVICE</u>**

I, Lesley E. Weaver, hereby certify that on October 21, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record registered in the CM/ECF system.

Executed on October 21, 2024, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver