ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE ALONZO, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>   vs.<br><br>DEXCOM INC., et al.,<br><br>                      Defendants. | Case No. 3:24-cv-01485-RSH-VET<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:     November 25, 2024<br>JUDGE:   Hon. Robert S. Huie<br>CTRM:    3B, 3rd Floor<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

4882-0744-6513.v1

## I.    INTRODUCTION

Pending before this Court are three related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers or acquirers of DexCom Inc. ("DexCom" or the "Company") securities: *Alonzo v. DexCom Inc.*, No. 3:24-cv-01485 (S.D. Cal.); *Oakland Cnty. Emps.' Ret. Sys. v. DexCom Inc.*, No. 3:24-cv-01804 (S.D. Cal.); and *Carnes v. DexCom Inc.*, No. 3:24-cv-01809 (S.D. Cal.) (the "Related Actions"). In securities class actions, the PSLRA dictates that the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The National Elevator Industry Pension Fund should be appointed lead plaintiff because it: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Fund's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

Accordingly, this Court should grant the Pension Fund's motion for consolidation, appointment as lead plaintiff, and approval of its selection of lead counsel.

4882-0744-6513.v1

## II.    STATEMENT OF FACTS

DexCom is a medical device company based in San Diego that focuses on the design, development, and commercialization of continuous glucose monitoring systems.  DexCom stock trades on the NASDAQ under the ticker symbol DXCM.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) DexCom's sales force expansion strategy was causing slow customer growth; (ii) the Company's sales force expansion strategy was undermining relationships with durable medical equipment ("DME") distributors, leading to lower-margin revenue; (iii) DexCom's deteriorating relationships with DME distributors were causing the Company to lose significant market share to competitors; and (d) as a result of the foregoing, Dexcom's Class Period statements about its business, operations, and prospects were false and misleading.

On April 25, 2024, defendants revealed that DexCom was "taking steps to optimize the structure of our sales team."  *Oakland Cnty.*, Doc. No. 1 at 11 of 30. Despite this revelation, DexCom increased its 2024 sales forecast to $4.20 to $4.35 billion.  On this news, the price of DexCom stock fell nearly 10%.

Then, on July 25, 2024, DexCom announced its financial results for the second quarter of fiscal year 2024 and reduced its revenue guidance for the full fiscal year 2024, attributing its results and lowered guidance on their execution of "several key strategic initiatives" which "did not meet [their] high standards."  *Alonzo* Doc. No. 1 at 3 of 25.  On this news, the price of DexCom stock fell nearly 41%.

As a result of defendants' alleged wrongful acts and omissions, and the declines in the market value of the Company's securities, the Pension Fund and other putative class members have suffered significant losses and damages.

- 2 -                                3:24-cv-01485-RSH-VET

4882-0744-6513.v1

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

The Related Actions present similar factual and legal issues, alleging the same violations of the Exchange Act against overlapping defendants during overlapping Class Periods.[1] Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both cases. Thus, consolidation is appropriate here. *See Brown v. Acutus Med., Inc.*, 2022 WL 2820557, at *1 (S.D. Cal. July 19, 2022) (Huie, J.) ("Given the similar factual and legal issues, consolidation of the two cases would promote judicial economy.").

### B.    The Pension Fund Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the member or members of the purported plaintiff class that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

[1]    Two of the three complaints appear nearly identical. *Compare Alonzo*, Doc. No. 1 at 2 of 25 (alleging January 8, 2024 to July 25, 2024 class period with single corrective disclosure on July 25, 2024) *with Carnes*, Doc. No. 1 at 2 of 25 (same). The *Oakland County* complaint alleges a class period of April 28, 2023 to July 25, 2024, and alleges an additional corrective disclosure on April 25, 2024. *See Oakland Cnty.*, Doc. No. 1 at 2 of 30, 11-12 of 30.

- 3 -        3:24-cv-01485-RSH-VET

4882-0744-6513.v1

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Pension Fund satisfies each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    The Pension Fund's Motion Is Timely

On August 21, 2024, counsel for the plaintiff in the first-filed *Alonzo* Action published notice via *Globe Newswire* advising class members of the pendency of the action, the claims asserted, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff no later than October 21, 2024. *See* Declaration of Danielle S. Myers in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. A. Because the Pension Fund's motion is being filed by October 21, 2024, it is timely and the Pension Fund is entitled to be considered for appointment as lead plaintiff.

### 2.    The Pension Fund Possesses the Largest Financial Interest in the Relief Sought by the Class

As indicated in its Certification and loss chart, the Pension Fund purchased 68,527 shares of DexCom securities during the Class Period alleged in the longer *Oakland Cnty.* Class Period and suffered more than $2.6 million in losses as a result of defendants' alleged wrongdoing. *See* Myers Decl., Exs. B, C.[2] To the Pension Fund's counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

---

[2] The Pension Fund also suffered significant losses in the shorter Class Period alleged in the *Alonzo* and *Carnes* Actions. *See id.*

4882-0744-6513.v1

### 3.    The Pension Fund Satisfies the Rule 23 Requirements

In addition to the largest financial interest requirement, the PSLRA also directs that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"Representative claims are 'typical' if they are 'reasonably co-extensive with those of absent class members,' although 'they need not be substantially identical.'" *Acutus Med.*, 2022 WL 2820557, at *2 (citation omitted).  "In analyzing 'adequacy,' the Court must ask whether the proposed lead plaintiff and his counsel 'have any conflicts of interest with other class members' and whether they will 'prosecute the action vigorously on behalf of the class.'" *Id.* (citation omitted).

Here, the Pension Fund's claims are typical of those of the class because – like all class members – it purchased DexCom securities during the Class Period at artificially inflated prices and recognized substantial losses as a result of defendants' alleged misconduct.  The Pension Fund is also adequate because its interests in the action are aligned with the interests of the other members of the class, and it is incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing.

Based in Newtown Square, Pennsylvania, the Pension Fund is a multiemployer defined benefit pension plan managing more than $4 billion in assets for the purpose of paying benefits to eligible participants and beneficiaries under the terms of the National Elevator Industry Plan of Pension Benefits.  As a sophisticated institutional investor with experience serving as lead plaintiff and obtaining significant recoveries on behalf of harmed shareholders, the Pension Fund is precisely the type of movant whose participation in securities class actions Congress sought to encourage through

4882-0744-6513.v1

the enactment of the PSLRA.  *See In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.) (the Pension Fund with Robbins Geller as counsel (along with others) obtained a $809.5 million recovery on behalf of a class of harmed shareholders); *Cavanaugh*, 306 F.3d at 738 (discussing legislative history of PSLRA, which aimed to "promote the goal of attracting institutional investors, and discourage opportunistic lawsuits by shareholders with a tiny position in the security"); *see also* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  And as set forth in more detail below, the Pension Fund has retained Robbins Geller as lead counsel, a law firm with extensive experience prosecuting securities class actions.

Accordingly, the Pension Fund satisfies the Rule 23 requirements for the purposes of this motion.

### C.    This Court Should Approve the Pension Fund's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  The Pension Fund has selected Robbins Geller as lead counsel in this case.[3]

Robbins Geller, a 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the

---

[3]  For a detailed description of Robbins Geller's track record, resources, and attorneys, please visit: https://www.rgrdlaw.com/.  An electronic or paper version of Robbins Geller's resume is available upon the Court's request, if preferred.

4882-0744-6513.v1

prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See Dicker v. TuSimple Holdings, Inc.*, No. 3:22-cv-01300-BEN-MSB, Doc. No. 235 (S.D. Cal. Sept. 5, 2024) (order preliminarily approving $189 million settlement where Robbins Geller is serving as lead counsel, which, if finally approved, would represent the largest securities class action recovery ever in this District).

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Pension Fund's selection of Robbins Geller as Lead Counsel is reasonable and should be approved.

## IV. CONCLUSION

The Pension Fund meets all of the PSLRA's lead plaintiff requirements and respectfully requests that the Court consolidate the Related Actions, appoint the

---

[4] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -    3:24-cv-01485-RSH-VET

4882-0744-6513.v1

Pension Fund as Lead Plaintiff, and approve its selection of Robbins Geller as Lead Counsel.

DATED:  October 21, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

O'DONOGHUE & O'DONOGHUE LLP
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
imcintire@odonoghuelaw.com

Additional Counsel

4882-0744-6513.v1

3:24-cv-01485-RSH-VET