**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 985-7290

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (SBN 191305)
lweaver@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Proposed Lead Plaintiff DexCom Investor Group,*
*and Proposed Co-Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE ALONZO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM INC., KEVIN R. SAYER, and JEREME M. SYLVAIN,<br><br>Defendants. | No.: 3:24-cv-01485-RSH-VET<br><br>**THE DEXCOM INVESTOR GROUP'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS**<br><br>Judge: Hon. Robert S. Huie<br>Date: November 25, 2024<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

| | |
|---|---|
| OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM and OAKLAND COUNTY VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC., KEVIN R. SAYER, JEREME M. SYLVAIN, and SEAN CHRISTENSEN,<br><br>Defendants. | No.: 3:24-cv-01804-AJB-BLM |
| MATTHEW CARNES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM INC., KEVIN R. SAYER, and JEREME M. SYLVAIN,<br><br>Defendants. | No.: 3:24-cv-01809-RBM-DDL |

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................... 1

II.    ARGUMENT .............................................................................................. 4

    A.    The PSLRA Process for Selecting a Lead Plaintiff. ................................ 4

    B.    The DexCom Investor Group Is the "Most Adequate" Lead Plaintiff. .... 5

        1.  The DexCom Investor Group Possesses the "Largest Financial Interest" ................................................................................................ 5

        2.  The DexCom Investor Group Satisfies Rule 23's Typicality and Adequacy Requirements .................................................................... 6

    C.    No Movant Can Rebut the Strong Presumption in Favor of Appointing the DexCom Investor Group as Lead Plaintiff. .................... 9

    D.    National Elevator's Submission is Replete with Errors. ........................ 10

III.    CONCLUSION ........................................................................................ 11

# TABLE OF AUHTORITIES

**Cases**

*Brown v. Acutus Med., Inc.*,
   No. 22-cv-206-RSH-KSC, 2022 WL 2820557
   (S.D. Cal. July 19, 2022)............................................................................2, 3, 6, 7

*Camp v. Qualcomm Inc.*,
   Case No.: 18-cv-1208-AJB-BLM, 2019 WL 277360
   (S.D. Cal. Jan. 22, 2019) ......................................................................................4, 12

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)...................................................................................6, 10

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018) .................................................................................................9

*Hirtenstein v. Cempra, Inc.*,
   1:16cv1303, et. al., 2017 WL 2874588 (M.D.N.C. Jul. 5, 2017) .....................12

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...........................................................2

*Lechner v. InfuSystem Holdings, Inc.*,
   No. 2:16-cv-08295-ODW(AGRx), 2017 WL 5640523 (C.D. Cal. Feb. 17, 2017)....................................................................................................6

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021)................................................................2, 5, 6, 9

*Mustafin v. Greensky, Inc.*,
   No. 18-11071, 2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019)........................10

*Perrin v. Sw. Water Co.*,
   No. 2:08-cv-7844-FMC-AGRx, 2009 WL 10654690
   (C.D. Cal. Feb. 12, 2009) ...............................................................................9

*In re Snap Inc. Sec. Litig.*,
   No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800

(C.D. Cal. Apr. 1, 2019)..............................................................................................3, 9

**Statutes**

15 U.S.C. §78u-4 ....................................................................................................*passim*

The DexCom Investor Group respectfully submits this memorandum of points and authorities in opposition to the competing motions for appointment as Lead Plaintiff. *See* ECF Nos. 8-9, 11.[1]

## I.  PRELIMINARY STATEMENT

The PSLRA requires courts to appoint a Lead Plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934 ("Exchange Act"), as here. More specifically, the PSLRA states that courts are to appoint as Lead Plaintiff the movant with the "largest financial interest" in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B).

Under that framework, the DexCom Investor Group is entitled to Lead Plaintiff appointment. Having incurred a loss of roughly $3.1 million on its investments in DexCom securities, it possesses, by far, the largest financial interest in this litigation. *See* ECF No. 10-7. Further, as a small and cohesive partnership of two sophisticated investors and their associated entities, the DexCom Investor Group has demonstrated its adequacy to prosecute this case. *See* ECF No. 10-3.

In addition to the DexCom Investor Group, three other movants filed motions seeking Lead Plaintiff appointment: (1) K. George Thampy ("Thampy") (ECF No. 8); (2) Oakland County Voluntary Employees' Beneficiary Association and Oakland County Employees' Retirement System (together "Oakland County") (ECF No. 9); and (3) National Elevator Industry Pension Fund ("National Elevator") (ECF No. 11).

Of these movants, the DexCom Investor Group unquestionably possesses the largest financial interest. As set forth in the table below, its loss is roughly ***$700,000, or nearly 25%, greater*** than the next closest movant, National Elevator. In fact, the DexCom Investor Group's loss is larger than the loss of all other

---

[1] All capitalized terms are defined in the DexCom Investor Group's opening brief, unless otherwise indicated. *See* ECF No. 10-1.

movants **combined**. Consistent with the Ninth Circuit Court of Appeals, this Court and others in the Ninth Circuit have considered approximate loss suffered to be determinative when assessing a movant's financial interest. *See, e.g., In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("the district court must identify which movant has the largest alleged losses"); *Brown v. Acutus Med., Inc.*, No. 22-cv-206-RSH-KSC, 2022 WL 2820557, at *2 (S.D. Cal. July 19, 2022) (Huie, J.) (finding movant had "the largest financial interest in the relief sought" based on "total losses of $29,943.10" which "far exceed[ed]" others' "alleged losses"); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (emphasizing approximate loss in assessing a lead plaintiff movant's financial interest).

| Movant | Loss |
|---|---|
| DexCom Investor Group | $3,050,439.66 |
| National Elevator | $2,365,766.88[2] |
| Oakland County | $316,582.66 |
| Thampy | $221,400.00 |

*See* ECF Nos. 8-6; 9-4; 10-7.

Moreover, the DexCom Investor Group has made a "preliminary showing" that it is a typical and adequate class representative under Rule 23, which is all that is required at this stage in the litigation. *Acutus*, 2022 WL 2820557, at *2. As explained in the Joint Declaration submitted with its motion, the DexCom Investor Group possesses the capability, experience, and commitment to oversee this litigation as a collaborative partnership and is driven to ensure the zealous prosecution of this action in the best interests of the Class. *See* ECF No. 10-3; *see also In re Snap Inc. Sec. Litig.,* No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *4 (C.D. Cal. Apr. 1, 2019) (appointing as lead plaintiff a group of

---

[2] Please see attached as Exhibit A, the Corrected Loss Chart of National Elevator prepared by counsel for the DexCom Investor Group.

five investors that "submitted a joint declaration, which establishes the members' commitment to vigorously pursue the litigation, to oversee counsel to ensure the case is efficiently litigated in the class's best interests, to work collaboratively, and to proceed quickly").

What's more, the DexCom Investor Group is typical of the other class members insofar as each of its members invested in DexCom securities during the Class Period and was damaged as a result. *See Acutus*, 2022 WL 2820557, at *2. The DexCom Investor Group fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is more than willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. *See Id.* Its interests are squarely aligned with those of the putative Class, and has selected BFA and L&K—law firms with extensive experience prosecuting securities class actions—as proposed Lead Counsel for the Class. *Id.*

With the largest financial interest in the outcome of this litigation and having made the preliminary showing of typicality and adequacy, the DexCom Investor Group is entitled to a strong presumption that it is the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B). Because the other movants cannot rebut this presumption with "proof" that the DexCom Investor Group is somehow atypical or inadequate, it is entitled to be appointed as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

On the other hand, in addition to lacking the largest financial interest, National Elevator's submission suffers from serious errors and discrepancies, which casts doubt on its ability to lead this case. More specifically, while National Elevator claims a loss of roughly $2.6 million (ECF No. 11-5), its analysis does not correctly tabulate sales of DexCom stock that are listed on its PSLRA certification. *Compare* ECF Nos. 11-4 and 11-5. When correctly calculated to account for these sales, National Elevator's loss decreases by about 10% to roughly $2.3 million, as compared to the DexCom Investor Group's $3.1 million. *See*

Exhibit A- National Elevator's Corrected Loss Chart; *see also Camp v. Qualcomm Inc.*, Case No.: 18-cv-1208-AJB-BLM, 2019 WL 277360, at *1-4 (S.D. Cal. Jan. 22, 2019) (although the court determined that movant Singh had the "largest financial interest," he was not an adequate lead plaintiff because there were several errors in his submission, including his certification and the loss calculations accompanying his motion). Accordingly, for these reasons, the DexCom Investor Group respectfully requests that the Court grant its motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.    The PSLRA Process for Selecting a Lead Plaintiff.

Under the PSLRA, this Court is to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit articulated a clear process for selecting a Lead Plaintiff. First, "the district court must identify which movant has the largest alleged losses and then determine whether that movant has made a prima facie showing of adequacy and typicality." *In re Mersho*, 6 F.4th at 899. Then, "[o]nce the district court has determined that the movant with the largest stake has made a prima facie showing of adequacy and typicality, that movant 'becomes the presumptively most adequate plaintiff.'" *Id.* At that time, the opposing movants may attempt to rebut the presumption. *Id.* However, "[t]he presumption may be rebutted 'only upon ***proof*** . . . that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render such plaintiff incapable of adequately

representing the class." *Id.* (emphasis added). "If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff." *Id.*

Here, the DexCom Investor Group is the presumptive Lead Plaintiff and no "proof" exists to rebut that presumption. Accordingly, the DexCom Investor Group is entitled to appointment as Lead Plaintiff.

**B.    The DexCom Investor Group Is the "Most Adequate" Lead Plaintiff.**

**1.    The DexCom Investor Group Possesses the "Largest Financial Interest"**

The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The DexCom Investor Group is entitled to that presumption because, relative to the other movants, its losses are far greater. Indeed, the Ninth Circuit Cout of Appeals has instructed that "the district court must identify which movant has the largest alleged losses," when assessing which movant asserts the largest financial interest and is entitled to the presumption. *In re Mersho*, 6 F.4th at 899; *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status"). Accordingly, courts in the Ninth Circuit have tended to give the approximate loss suffered the most emphasis. *See e.g., Shi v. Ampio Pharms., Inc.*, Case No.: CV 18-07476 SJO (RAOx)2019 WL 13149926, at *2 (C.D. Cal. Sept. 27, 2019) ("The approximate loss suffered is considered the most important or best measure for determining who has the largest financial interest"); *Lechner v. InfuSystem Holdings, Inc.*, No. 2:16-cv-08295-ODW(AGRx), 2017 WL 5640523, at *3 (C.D. Cal. Feb. 17, 2017) (comparing movants' claimed losses in evaluating movants' respective financial interest).

As set forth in the table above, the DexCom Investor Group incurred a loss

of approximately \$3.1 million, which is roughly ***\$700,000, or nearly 25%, greater*** than the next closest movant, National Elevator, and larger than ***all other movants combined.*** *See supra,* at 1-2. Accordingly, the DexCom Investor Group has the largest financial interest in this matter.

**2.      The DexCom Investor Group Satisfies Rule 23's Typicality and Adequacy Requirements**

Not only does the DexCom Investor Group possess the largest financial interest, but it also satisfies the typicality and adequacy prongs of Rule 23. At the Lead Plaintiff stage, a movant need only make a "preliminary showing" that it satisfies Rule 23's typicality and adequacy requirements. *Acutus*, 2022 WL 2820557, at *2.

"Representative claims are 'typical' if they are 'reasonably co-extensive with those of absent class members,' although 'they need not be substantially identical.'" *Id.* The DexCom Investor Group's claims are typical of those of other Class members because, like other Class members, it invested in DexCom securities during the Class Period at prices artificially distorted by Defendants' misrepresentations and/or omissions that form the basis of the litigation. Moreover, the DexCom Investor Group's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Id.* (typicality satisfied when movant "suffered losses from those transactions due to the artificial inflation of that stock, and makes typical allegations that Defendants violated the federal securities laws by making material misstatements concerning [company's] operations and financial prospects").

The DexCom Investor Group also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). The DexCom Investor Group has no conflicts with other Class members, nor is there evidence of any antagonism between the DexCom Investor Group's interests and those of the Class. *See* ECF

MEMORANDUM OF POINTS AND AUTHORITIES OF THE DEXCOM INVESTOR GROUP
Case Nos. 3:24-cv-01485-RSH-VET, 3:24-cv-01804-AJB-BLM, & 3:24-cv-01809-RBM-DDL

6

No. 10-1 at 7. To the contrary, the interests of the DexCom Investor Group and other Class members are directly aligned because all suffered damages from their investments in DexCom securities at prices that were artificially distorted by Defendants' alleged misconduct. As discussed above, the DexCom Investor Group clearly has a substantial financial interest that provides it with the incentive to ensure the vigorous prosecution of this litigation, and has the experience to prosecute this action efficiently and in the best interests of the Class.

In fact, the Dexcom Investor Group has already submitted evidence as to its adequacy to represent the Class in this case. As set forth in the sworn Joint Declaration submitted with its initial motion, the DexCom Investor Group is a small, cohesive group of two sophisticated investors and their associated entities that is committed to directing this litigation jointly and in the best interests of the Class. *See* ECF No. 10-3. Mr. Sautter has a background in finance, is a Partner of a European private equity fund, and gained significant experience overseeing counsel with respect to business litigation matters during his career, demonstrating that he is more than capable of doing the same in this case. *Id*. ¶3. Likewise, Mr. Bao has a Master of Business Administration degree, owns his own business, has approximately eight years of investing experience, and affirmed that he is intent on overseeing counsel and this litigation to achieve the best possible result. *Id*. ¶¶4-6.

The members of the DexCom Investor Group came together of their own volition after each followed their own deliberative processes and independently determined that working together with other likeminded investors would allow them to maximize the recovery for the Class through the sharing of experience and resources, and by providing for a diversity of representation and viewpoints. *Id*. ¶¶5-9.

Prior to filing their motion, Mr. Bao and Mr. Sautter participated in a joint conference call to discuss their commitment to jointly oversee counsel and prosecute this litigation in the best interest of the Class; the facts at issue in this

case; the strength of the claims against Defendants, the size of their respective losses; the strategy for prosecuting the Actions; the benefits that the Class would receive from the leadership of a small coordinated group of investors; their interests in prosecuting the case in a collaborative and likeminded manner; and the actions they have taken and will continue to take to continue to ensure that the Class's claims will be zealously and efficiently litigated. *See* ECF No. 10-3 at ¶ 10. They also discussed that serving as part of a lead plaintiff group can have a positive effect on representation provided to absent Class members through the sharing of experience and resources. *Id*. They understand the importance of joint decision-making informed by their own perspectives, free and open communication, and have the ability to discuss this matter both with and without counsel so that they are able to make timely decisions on short notice. *Id*. at ¶ 11. They intend to communicate with counsel, and with each other separately from counsel, as often as necessary to discuss major litigation developments and to ensure the vigorous and efficient prosecution of the Actions. *Id*.

As courts within this Circuit and throughout the country have recognized, the PSLRA expressly endorses the appointment of a group of class members as Lead Plaintiff where, as here, the group is small and therefore presumptively cohesive and when there has been a showing of a willingness and ability to manage the litigation. 15 U.S.C. §78u-4(a)(3)(B)(i)-(iii); *See, e.g., China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups[.]"); *In re Mersho*, 6 F. 4th 891, 899 (9th Cir. 2021) ("The statute expressly allows a 'group of persons' to move for appointment."); *Perrin v. Sw. Water Co.,* No. 2:08-cv-7844-FMC-AGRx, 2009 WL 10654690, at *3 (C.D. Cal. Feb. 12, 2009) (appointing as lead plaintiff a group of four investors and finding "courts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation"); *Snap,* 2019 WL

MEMORANDUM OF POINTS AND AUTHORITIES OF THE DEXCOM INVESTOR GROUP
Case Nos. 3:24-cv-01485-RSH-VET, 3:24-cv-01804-AJB-BLM, & 3:24-cv-01809-RBM-DDL

8

2223800, at \*4 (appointing as lead plaintiff a group of five investors that "submitted a joint declaration, which establishes the members' commitment to vigorously pursue the litigation, to oversee counsel to ensure the case is efficiently litigated in the class's best interests, to work collaboratively, and to proceed quickly"); *Mustafin v. Greensky, Inc.*, No. 18-11071, 2019 WL 1428594, at \*5 (S.D.N.Y. Mar. 29, 2019) ("[T]he PLSRA...expressly permits 'a group of persons' to be appointed lead plaintiff").

The DexCom Investor Group has further demonstrated its adequacy through its selection of BFA and L&K—law firms with significant experience prosecuting securities class actions and highly capable of managing complex litigation effectively—to serve as Lead Counsel for the Class. *See* ECF No. 10 at 11-12. Accordingly, the DexCom Investor Group has made the requisite preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### C.    No Movant Can Rebut the Strong Presumption in Favor of Appointing the DexCom Investor Group as Lead Plaintiff.

By having timely filed a motion for appointment as Lead Plaintiff, possessing the largest financial interest in the relief sought by the Class, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, the DexCom Investor Group has fulfilled the PSLRA's requirements to become the presumptive "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii). This presumption may only be rebutted upon ***"proof"*** that the DexCom Investor Group "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C §78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. No such proof exists in this case, and the Class would be well served by the DexCom Investor Group's leadership.

**D.     National Elevator's Submission is Replete with Errors.**

In addition to lacking the largest financial interest, National Elevator's motion is rife with inconsistencies and errors. National Elevator's PSLRA certification that lists its transactions in DexCom securities, and its accompanying loss chart that purports to calculate its financial interest based off those transactions, simply do not match up. *See* ECF Nos. 11-4 and 11-5, and Exhibit A attached. The PSLRA certification lists five different dates where National Elevator sold 11,833 shares of DexCom stock. *See* ECF No. 11-4. However, National Elevator did not account for these sales in its loss calculation chart; specifically, National Elevator misrepresents the number of shares it retained at the end of the Class Period when stating it "held" 33,886 shares instead of 22,053 shares. *See* ECF No. 11-5. The following excerpts from National Elevator's certification and loss calculation chart illustrate the error.

| Date Disposed | Amount of Shares Disposed | Price |
|---|---|---|
| 09/25/2023 | 338 | $86.06 |
| 09/29/2023 | 94 | $94.74 |
| 09/29/2023 | 106 | $94.74 |
| 09/29/2023 | 108 | $94.78 |
| 10/06/2023 | 586 | $82.78 |
| 10/06/2023 | 6,087 | $82.93 |
| 10/09/2023 | 1,817 | $82.39 |
| 02/27/2024 | 2,697 | $115.75 |

11,833 shares sold during the Class Period

ECF No. 11-4 at 2. Despite having sold 11,833 shares during the Class Period, National Elevator claims to have retained them, as follows:

| Date** | Shares Disposed | Price | Total Proceeds | Total Gain (Loss)* |
|---|---|---|---|---|
| 07/29/2024 | 34,183 | $66.27 | $2,265,358.68 | |
| 08/08/2024 | 188 | $71.38 | $13,420.12 | |
| held | 33,886 | $69.98 | $2,371,342.28 | |
| | 68,257 | | $4,650,121.08 | ($2,612,043.96) |

Shares "held" does not subtract the 11,833 shares sold during Class Period

MEMORANDUM OF POINTS AND AUTHORITIES OF THE DEXCOM INVESTOR GROUP
Case Nos. 3:24-cv-01485-RSH-VET, 3:24-cv-01804-AJB-BLM, & 3:24-cv-01809-RBM-DDL
10

National Elevator's error had the effect of inflating its claimed loss by approximately 10%, as discussed above. The discrepancies show that either National Elevator provided the wrong trade information, or was careless in the preparation of its opening brief. *See Qualcomm,* 2019 WL 277360, at *1-4; *see also Hirtenstein v. Cempra, Inc.*, 1:16cv1303, et. al., 2017 WL 2874588, at *3 n.5 (M.D.N.C. Jul. 5, 2017) (warning that errors in exhibits to sworn declarations, including loss calculations, have detrimental effects on securities litigation, and the submission of erroneous loss calculations demonstrates carelessness and undermines the adequacy of a proposed lead plaintiff). As such, even if National Elevator was the presumptive Lead Plaintiff, serious concerns exist about its ability to lead this complex litigation.

## III.    CONCLUSION

For the foregoing reasons, the DexCom Investor Group respectfully requests that the Court grant its Motion and enter an order: (1) appointing the DexCom Investor Group as Lead Plaintiff; (2) approving its selection of Bleichmar Fonti & Auld LLP and Levi & Korsinsky, LLP as Co-Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: November 8, 2024                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

-and-

**BLEICHMAR FONTI & AULD LLP**

*/s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
lweaver@bfalaw.com
Adam C. McCall (SBN 302130)
amccall@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

-and-

Javier Bleichmar (*pro hac vice* forthcoming)
jbleichmar@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

-and-

Ross Shikowitz (*pro hac vice* forthcoming)
rshikowitz@bfalaw.com
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960

*Counsel for Proposed Lead Plaintiff DexCom Investor Group, and Proposed Co-Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On November 8, 2024, I electronically filed the following **THE DEXCOM INVESTOR GROUP'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on November 8, 2024.

/s/ *Adam M. Apton*
Adam M. Apton