# EXHIBIT B

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN (PP8416)
JEFFREY W. HERRMANN (JH5706)
Park 80 Plaza West-One
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA
  GELLER RUDMAN
  & ROBBINS LLP
SAMUEL H. RUDMAN (SR7957)
DAVID A. ROSENFELD (DR7564)
MARIO ALBA, JR.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA
  GELLER RUDMAN
  & ROBBINS LLP
ARTHUR C. LEAHY
MATTHEW P. SIBEN
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
*"DOCUMENT ELECTRONICALLY FILED"*

| | |
|---|---|
| HOWARD CHARATZ, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>AVAYA, INC., et al.,<br><br>                Defendants. | No. 3:05-cv-02319-SRC-TJB<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF THE INSTITUTIONAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS |

[Captions continued on following page.]

| | | |
|---|---|---|
| WILLIAM AND INGRID GILLILLAND, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 3:05-cv-02328-SRC-JJH |
| | ) | CLASS ACTION |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| vs. | ) ) | |
| | ) | |
| AVAYA, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |
| ADAM LEVITT, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 3:05-cv-02432-SRC-JJH |
| | ) | |
| Plaintiff, | ) ) | CLASS ACTION |
| | ) | |
| vs. | ) ) | |
| | ) | |
| AVAYA, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |
| DAVID PINE, Individually and On Behalf of All Others Similarly Situated, | ) ) | |
| | ) | No. 3:05-cv-02475-SRC-TJB |
| Plaintiff, | ) ) | |
| | ) | CLASS ACTION |
| vs. | ) ) | |
| | ) | |
| AVAYA, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

[Caption continued on following page.]

BEVERLY J. WEIMAN, On Behalf of Herself )   No. 3:05-cv-02477-SRC-TJB
and All Others Similarly Situated,          )
                                            )   <u>CLASS ACTION</u>
                         Plaintiff,         )
                                            )
        vs.                                 )
                                            )
AVAYA, INC., et al.,                        )
                                            )
                         Defendants.        )
                                            )
_____)

Lead Plaintiff movants District No. 9, I.A. of M. & A.W. Pension Trust, National Elevator Industry Pension Fund, UFCW Local 880 - Retail Food Employers Joint Pension Fund, UFCW Local 880 Union-Employer Pension Fund and City of Livonia Employees' Retirement System (collectively, the "Institutional Investor Group") respectfully submit this memorandum of law in further support of their motion for consolidation, appointment as Lead Plaintiffs and for approval of their selection of Lead and Liaison Counsel and in opposition to the competing motions.

## I.    PRELIMINARY STATEMENT

Presently pending before this Court are four competing motions, each of which was filed on or about June 28, 2005.[1]    These motions were made on behalf of various investors seeking consolidation of the above-referenced actions, appointment as Lead Plaintiff and approval of their respective selection of Lead and Liaison Counsel.    The four movants are as follows:    (1) the Institutional Investor Group; (2) Jack Christie, Walter Duerr, Joseph Leopold, Joel Mandel, and Rickey Fitzpatrick (the "Christie Group"); (3) the Steamship Trade Association/International Longshoremen's Association ("STA/ILA"); and (4) Ernest C. Castelli, George M. Newhall, and David C. Seiferth (the "Castelli Group").

A review of the motions demonstrates that the Institutional Investor Group – a grouping of five sophisticated institutional investors with losses in excess of $2.6 million – has sustained the largest loss of any other movant by far. *See Laborers Local 1298 Pension Fund v. Campbell Soup Co., 2000 U.S. Dist. LEXIS 5481, \*11 (D.N.J. Apr. 24, 2000)* (appointing as lead plaintiffs a group of investors that represented the largest financial interest of all competing movants).    Indeed, the *individual* losses of National Elevator Industry Pension Fund ($1,620,447), a member of the

---

[1]    A motion was also timely filed by the New Jersey Building Laborers Pension Fund, but was subsequently withdrawn on July 11, 2005.

1

Institutional Investor Group, are substantially larger than the *collective* losses of all other movants. As the movants with the largest financial interest, and since they otherwise satisfy the adequacy and typicality requirements of Federal Rule of Civil Procedure 23, the Institutional Investor Group should be appointed Lead Plaintiffs and their choice of Lead and Liaison Counsel should be approved.

For the reasons set forth herein, it is respectfully submitted that the motion of the Institutional Investor Group be granted in all respects and that the Court appoint it as Lead Plaintiff and approve its selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as Lead Counsel and Cohn Lifland Pearlman Herrmann & Knopf LLP ("Cohn Lifland") as Liaison Counsel.

## II.    ARGUMENT

### A.    THE INSTITUTIONAL INVESTOR GROUP HAS THE LARGEST FINANCIAL INTEREST IN THIS LITIGATION AND IS OTHERWISE ADEQUATE AND TYPICAL AND SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D of the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that in securities class actions, "courts shall appoint as lead plaintiff(s) the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or *group of persons* that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, *has the largest financial interest in the relief sought by the class*; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

2

Here, the Institutional Investor Group has suffered the largest loss of any movant –

collectively, in excess of $2.6 million. Indeed, the losses of National Elevator Industry Pension

Fund alone are substantially larger than the losses of any other movant or movant group seeking

appointment as lead plaintiff here. The following chart sets forth the losses of all of the movants:

| MOVANT | REPORTED LOSSES |
|---|---|
| The Institutional Investor Group | $2,660,024.34 (National Elevator Industry Pension Fund reporting losses of $1,620,447) |
| Christie Group | $621,589 |
| STA/ILA | $218,474 |
| Castelli Group | $118,970 |

Under the PSLRA, once a court finds that a movant has the largest financial interest in the

litigation and is otherwise adequate and typical, as is the case with the Institutional Investor Group

here, the court must appoint that plaintiff as lead plaintiff unless the court finds that the movant has

not made a *prima facie* showing of adequacy and typicality. *See In re Cendant Corp. Litig.*, 264

F.3d 201 (3d Cir. 2001) ("Once the court has identified the movant with 'the largest financial interest

in the relief sought by the class,' it should then turn to the question whether that movant 'otherwise

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,' and is thus the

presumptively most adequate plaintiff"); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). In

this regard, the court in *Cavanaugh* stated:

> [A] straightforward application of the statutory scheme, as outlined above, provides
> no occasion for comparing plaintiffs with each other on any basis other than their
> financial stake in the case. Once that comparison is made and the court identifies the
> plaintiff with the largest stake in the litigation, further inquiry must focus on that
> plaintiff alone and [should] be limited to determining whether he satisfies the other
> statutory requirements.

306 F.3d at 732.

3

Here, the Institutional Investor Group also satisfies the typicality and adequacy requirements of Rule 23. *See Cendant*, 264 F.3d at 264 ("Moreover, both the statutory and the legislative history suggest that the court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive."). The claims of the members of the Institutional Investor Group are typical of the claims of the rest of the class and the members of the Institutional Investor Group are also adequate representatives of the class. Accordingly, the Institutional Investor Group should be appointed lead plaintiff because its losses are larger than any other lead plaintiff movant, and it is adequate and typical for the purposes of this motion.

**B.      THE INSTITUTIONAL INVESTOR GROUP IS A SMALL, COHESIVE GROUPING OF INSTITUTIONAL INVESTORS WITH THE LARGEST FINANCIAL INTEREST WHO WILL VIGOROUSLY PURSUE THIS ACTION ON BEHALF OF THE CLASS**

The Institutional Investor Group is a small, cohesive grouping of five sophisticated institutional investors who have sustained the largest loss of any other movant or movant group and who will vigorously pursue this action on behalf of the class. The PSLRA plainly states that the Court should appoint as lead plaintiff the "member or members" of the class most capable of adequately representing the interests of the class. 15 U.S.C. §78u 4(a)(3)(B)(i) and (iii).

Indeed, courts have long recognized that a group of up to five investors is manageable and will adequately represent the interests of all class members. *See Cendant*, 264 F.3d at 267 ("Like many of the district courts that have considered this question, we do not establish a hard-and-fast rule....We do, however, agree with the Securities and Exchange Commission that courts should generally presume that groups with more than five members are too large to work effectively"). By appointing more than one single investor as lead plaintiff, while at the same time limiting the size of the group, courts are able to ensure vigorous representation of the class, while maintaining the manageability of the litigation. Moreover, the appointment of more than one investor to serve as

4

lead plaintiff has the added benefit of eliminating unnecessary delays in the litigation should a single lead plaintiff be later found inadequate or seek to withdraw for reasons unrelated to the action. *See Malasky v. IAC/InteractiveCorp*, 2004 U.S. Dist. LEXIS 25832, *14 (S.D.N.Y. Dec. 20, 2004).[2]

The Institutional Investor Group is thus an appropriate grouping of investors with the largest financial interest in this litigation who are committed to vigorously representing the interests of the class. Accordingly, its motion should be granted.

## C. THE INSTITUTIONAL INVESTOR GROUP IS PRECISELY THE TYPE OF LEAD PLAINTIFF CONGRESS ENVISIONED WHEN IT PASSED THE PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. The Institutional Investor Group, as a group of institutional investors, is precisely the

---

[2] Recognizing as much, courts in this District routinely appoint small groups of investors with no pre-existing relationship as lead plaintiffs. *See A.F.I.K. Holding SPRL v. Fass,* 216 F.R.D. 567, 572 (D.N.J. 2003) ("A 'group of persons' is explicitly allowed to serve as lead plaintiff…This group of persons need not be related in some manner."); *Cendant,* 264 F.3d at 266 ("We note at this juncture that we disagree with those courts that have held that the statute invariably precludes a group of 'unrelated individuals' from serving as a lead plaintiff….The statute contains no requirement mandating that the members of a proper group be 'related' in some manner.").

type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id.* ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."). Indeed, courts in this Circuit have followed Congress's objective in appointing institutional investors as lead plaintiff. *See Cendant*, 264 F.3d at 243-244. ("The plaintiff with the largest stake in a given securities class action will almost invariably be a large institutional investor, and the PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs").

Therefore, the Institutional Investor Group should be appointed lead plaintiff because it is an accurate depiction of what Congress envisioned as a class representative.

## D.    THE REMAINING MOTIONS SHOULD BE DENIED

All of the remaining movants and movant groups have reported losses that are significantly smaller than individual losses sustained by members of the Institutional Investor Group.[3] Indeed, National Elevator Industry Pension Fund alone, with losses of $1,620,477, has a larger loss than all of the competing movants combined. Moreover, as demonstrated herein, the claims of the Institutional Investor Group are typical of the rest of the Class and the members of the Institutional Investor Group are adequate representatives of the class. Accordingly, there is no need to consider

---

[3]    Aside from its smaller claimed financial interest, the motion of STA/ILA should further be denied because it appears to have included the losses of an individual named Marc Arenstein on its loss chart (although STA/ILA did not include the value of these losses in reporting their financial interest) without providing any additional information about him. *See* Declaration of Christopher J. Keller, dated June 28, 2005, filed in support of the motion of STA/ILA, at Exhibit C. Curiously, Arenstein is not mentioned in STA/ILA's motion or any supporting documentation filed in support of its motion (except, as previously stated, on its loss chart). Who is Marc Arenstein? What is his relationship with STA/ILA? Why are his losses listed on STA/ILA's loss chart? What is his proposed role in this action? All of these unanswered questions raise serious concerns as to STA/ILA's adequacy to serve as lead plaintiff in this action.

the other motions any further. *See Cavanaugh*, 306 F.3d at 732. ("Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone . . . .").

## III.    CONCLUSION

For all the foregoing reasons, the Institutional Investor Group respectfully requests that the Court: (i) consolidate the related Actions; (ii) appoint the members of the Institutional Investor Group as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other such relief as the Court may deem just and proper.

DATED:  July 18, 2005

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN (PP8416)
JEFFREY W. HERRMANN (JH5706)


_/s/ Peter S. Pearlman_
PETER S. PEARLMAN

Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR7957)
DAVID A. ROSENFELD (DR7564)
MARIO ALBA, JR.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
MATTHEW P. SIBEN
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs