ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE ALONZO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DEXCOM INC., et al., <br><br> Defendants. | Case No. 3:24-cv-01485-RSH-VET <br><br> <u>CLASS ACTION</u> <br><br> NATIONAL ELEVATOR INDUSTRY PENSION FUND'S REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION <br><br> DATE:        November 25, 2024 <br> JUDGE:      Hon. Robert S. Huie <br> CTRM:       3B, 3rd Floor <br><br> PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

4865-8038-3737.v1

At the final stage of the PSLRA process, other movants have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."[1]  But just because "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient." *Id.* at 729 n.2.  "The statute requires ***proof*** that the presumptive lead plaintiff is not adequate." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)-(bb)).  "[S]peculation and innuendo" do not suffice.[2]

Here, the DexCom Investor Group devotes a single page of their 11-page "opposition" brief attempting to rebut the presumption in the National Elevator Industry Pension Fund's favor by characterizing the Pension Fund's submission as one that "suffers from serious errors and discrepancies" ostensibly because the loss "analysis does not correctly tabulate sales of DexCom stock that are listed on its PSLRA certification."  Doc. No. 14 at PageID.517.  The DexCom Investor Group's feigned ignorance of one of the two accounting methodologies used to calculate approximate losses could not be more insincere.[3]

The DexCom Investor Group is well aware that the Pension Fund's $2.6 million loss estimate was accurately calculated pursuant to one of the two well-accepted loss accounting methodologies used in securities cases (first-in, first-out, or FIFO) ***that their own motion and loss chart reference***.  *See* Doc. No. 10-1 at PageID.291 (referencing both the FIFO and LIFO methods); Doc. No. 10-7 (same).  Indeed, the $2.3 million estimate proffered by the DexCom Investor Group was calculated pursuant to the ***other*** well-accepted loss accounting methodology (last-in, first-out, or

---

[1]   *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  Unless otherwise noted, all emphasis is added and citations are omitted.

[2]   *Sanchez v. Arrival SA*, 2022 WL 20539729, at *7 (E.D.N.Y. Apr. 15, 2022).

[3]   *See generally Peters v. Twist Bioscience Corp.*, 2023 WL 4849431, at *2 (N.D. Cal. July 28, 2023) (the FIFO accounting method "assumes that the first stocks to be sold were the ones bought first" and the LIFO method "assumes that the first stocks to be sold are those purchased most recently").

3:24-cv-01485-RSH-VET

4865-8038-3737.v1

LIFO). *See* Doc. No. 14-2. As such, the DexCom Investor Group's assertion that the Pension Fund's "submission suffers from serious errors" is duplicitous. Doc. No. 14 at PageID.517.

To be clear, there is no "error[]" or "discrepanc[y]." *Id*. The Pension Fund's Certification indicated an opening position of 41,481 shares. *See* Doc. No. 11-4 at PageID.501. Pursuant to the FIFO methodology, the 11,833 shares sold during the Class Period were matched to the opening position. As such, the Pension Fund's properly calculated FIFO loss estimate was not "inflat[ed]," nor are there any "discrepancies," "wrong trade information," or "careless[ness]" as the DexCom Investor Group baselessly suggests. Doc. No. 14 at PageID.525.

The DexCom Investor Group's unsupported assertion that the Pension Fund committed a disqualifying error is all the more perplexing considering that the accounting method used is not outcome determinative. Indeed, the Pension Fund's FIFO and LIFO loss estimates are each larger than the loss suffered by any member of the DexCom Investor Group (which is, in fact, inadequate, atypical, and subject to unique defenses (*see* Doc. No. 15)):

| Entity | FIFO Loss | LIFO Loss |
|---|---|---|
| **National Elevator Industry Pension Fund** | **$2,612,043** | **$2,365,766** |
| CUROS Vermögensverwaltungs GmbH | $1,336,633 | $1,336,633 |
| Thilo Sautter | $302,351 | $302,351 |
| Total: | $1,638,984 | $1,638,984 |
| Gang Bao | $1,036,575 | $1,036,575 |
| C-Liu Irrevocable Trust | $284,928 | $284,928 |
| Sunway Trading USA Inc. | $89,951 | $89,951 |
| Total: | $1,411,454 | $1,411,454 |

At best, it was misleading for the DexCom Investor Group to contend that the Pension Fund's submission "is rife with inconsistencies and errors." Doc. No. 14 at PageID.524. No court has ever concluded that a movant was unable to lead a

4865-8038-3737.v1

securities case simply because it presented its loss estimate using a FIFO analysis instead of a LIFO analysis. Consequently, the DexCom Investor Group's rank speculation falls far short of the proof necessary to rebut the presumption in the Pension Fund's favor.

The Pension Fund's motion for appointment as lead plaintiff and for approval of its selection of lead counsel should be granted.

DATED: November 18, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

O'DONOGHUE & O'DONOGHUE LLP
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
Telephone: 202/362-0041
imcintire@odonoghuelaw.com

Additional Counsel

4865-8038-3737.v1