COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
DYLAN K. SCOTT (332796)
(dscott@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:  +1 858 550 6420

*Attorneys for Defendants Dexcom Inc., Kevin
Sayer, Jereme Sylvain, and Teri Lawver*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-01485-RSH-VET |
| | **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | Ctrm:      3B, 3rd Floor |
| | Judge:     Honorable Robert S. Huie |
| | Hearing:   April 17, 2025 |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

RJN IN SUPPORT OF MTD
CASE NO. 24-CV-1485-RSH-VET

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   DOCUMENTS SUBJECT TO THIS REQUEST ............................................ 1

III.  ARGUMENT ..................................................................................... 4

    A.    Exhibits 1, 4-6, 10-16, 20, 22-23, 25, and 27-29 Are Incorporated by Reference into the Complaint. ...................................... 4

    B.    Exhibits 1-29 Are Subject to Judicial Notice. ........................................ 5

IV.  CONCLUSION .................................................................................. 6

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

- i -

**RJN IN SUPPORT OF MTD**
**CASE NO. 24-CV-1485-RSH-VET**

**Cases**

*In re Century Aluminum Co. Securities Litigation*,
    749 F.Supp.2d 964 (N.D. Cal. 2010)...................................................................6

*In re Copper Mountain Securities Litigation*,
    311 F.Supp.2d 857 (N.D. Cal. 2004).................................................................6

*In re Eventbrite, Inc. Securities Litigation*,
    2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ...................................................4

*Hampton v. Aqua Metals, Inc.*,
    2020 WL 6710096 (N.D. Cal. Nov. 16, 2020)................................................5, 6

*Heliotrope General, Inc. v. Ford Motor Co.*,
    189 F.3d 971 (9th Cir. 1999)..............................................................................6

*Kang v. Paypal Holdings*,
    620 F.Supp.3d 884 (N.D. Cal. 2022)..................................................................5

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018).........................................................................1, 4

*Metzler Investment GMBH v. Corinthian Colleges, Inc.*,
    540 F.3d 1049 (9th Cir. 2008) ...........................................................................6

*In re NVIDIA Corp. Securities Litigation*,
    768 F.3d 1046 (9th Cir. 2014) ...........................................................................4

*Park v. GoPro, Inc.*,
    2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ..................................................5

*Petersen v. TriplePoint Venture Growth BDC Corp.*,
    2024 WL 5384678 (N.D. Cal. Aug. 7, 2024).....................................................5

*Plevy v. Haggerty*,
    38 F.Supp.2d 816 (C.D. Cal. 1998)....................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ...........................................................................................1

*von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010)..............................................................................5

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii

**RJN IN SUPPORT OF MTD
CASE NO. 24-CV-1485-RSH-VET**

*Waterford Township Police v. Mattel, Inc.*,
    321 F.Supp.3d 1133 (C.D. Cal. 2018)......................................................................6

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009).................................................................................1

**Other Authorities**

Federal Rule of Evidence
    201(b)....................................................................................................................5
    201(c)(2) ................................................................................................................5

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Dexcom Inc. ("Dexcom"), Kevin Sayer, Jereme Sylvain, and Teri Lawver (collectively "Defendants") respectfully request that the Court consider the documents identified below in conjunction with Defendants' Motion to Dismiss the Consolidated Complaint for Violations of Federal Securities Laws (the "Motion to Dismiss"). The documents subject to this request are attached as Exhibits 1-29 to the concurrently filed Declaration of Heather Speers in Support of Defendants' Motion to Dismiss ("Speers Declaration").[1]

## I.    INTRODUCTION

The Court should consider Exhibits 1-29 when resolving the Motion to Dismiss because, as detailed below, they are incorporated by reference, subject to judicial notice, or both. Incorporation by reference and judicial notice are "exceptions" to the general rule that courts may not consider "matters outside the pleading[s]" when ruling on a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018). According to binding Supreme Court and Ninth Circuit precedent, when evaluating securities fraud complaints, courts "***must*** consider the complaint in its entirety, as well as…documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs v. Makor Issues & Rights*, 551 U.S. 308, 322 (2007); *see Zucco Partners v. Digimarc*, 552 F.3d 981, 991 (9th Cir. 2009) (same).

## II.    DOCUMENTS SUBJECT TO THIS REQUEST

| Ex. | Description | ¶¶ |
|---|---|---|
| 1 | J.P. Morgan analyst report titled, *Dexcom, Understanding 2Q Results and Management's Path Forward*, published on July 31, 2024. | 68, 70, 74, 78, 80, 82, 88, 90, 92, 100 |
| 2 | Transcript of Dexcom's Fourth Quarter 2019 Earnings Call, held on February 13, 2020. | -- |

---

[1] Unless otherwise noted, "¶" refers to paragraphs of the Complaint, emphasis is added, and internal citations, quotation marks, and alterations are omitted.

| Ex. | Description | ¶¶ |
|---|---|---|
| 3 | Transcript of Dexcom's presentation at the Canaccord Genuity 42nd Annual Growth Conference, held on August 10, 2022. | -- |
| 4 | Transcript of Dexcom's First Quarter 2023 Earnings Call, held on April 27, 2023. | 7, 46-47, 67-70, 107, 109-110, 130 |
| 5 | Transcript of Dexcom's Fourth Quarter 2020 Earnings Call, held on February 11, 2021. | 68, 78 |
| 6 | Transcript of Dexcom's Fourth Quarter 2022 Earnings Call, held on February 9, 2023. | 107, 108 |
| 7 | Transcript of Dexcom's Second Quarter 2023 Earnings Call, held on July 27, 2023. | 107 |
| 8 | Transcript of Dexcom's presentation at the Wells Fargo Healthcare Conference, held on September 7, 2022. | -- |
| 9 | Dexcom's Form 10-K for the fiscal year ended December 31, 2022, filed with the SEC on February 9, 2023. | -- |
| 10 | Transcript of Dexcom's presentation at the 43rd Annual William Blair Growth Stock Conference, held on June 7, 2023. | 71-72, 108 |
| 11 | Wolfe Research analyst report titled, *DXCM: A Lot of Damage Done – Assessing Number & Valuation Fresh Post the Carnage*, published on July 28, 2024. | 66, 70, 74, 99 |
| 12 | Transcript of Dexcom's Fourth Quarter 2023 Earnings Call, held on February 8, 2024. | 55, 87-88, 115, 134 |
| 13 | Transcript of Dexcom's First Quarter 2024 Earnings Call, held on April 25, 2024. | 57-58, 60-61, 89-92, 116, 119, 125, 148, 151, 157 |
| 14 | Transcript of Dexcom's Second Quarter 2024 Earnings Call, held on July 25, 2024. | 12, 53, 63-65, 68, 70, 72, 74, 76, 78, 82, 84, 86, 88, 90, 92, 94-96, 99-100, 119-121, 126, 128, 152, 157 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

- 2 -

RJN IN SUPPORT OF MTD
CASE NO. 24-CV-01485-RSH-VET

| Ex. | Description | ¶¶ |
|---|---|---|
| 15 | Transcript of Dexcom's Investor Day Conference Call, held on June 23, 2023. | 46, 51-52, 73-78, 107 |
| 16 | Transcript of Dexcom's presentation at the William Blair 44th Annual Growth Stock Conference, held on June 5, 2024. | 11, 62, 93-94, 125, 134 |
| 17 | Slide deck accompanying Dexcom's presentation at the William Blair 44th Annual Growth Stock Conference, held on June 5, 2024. | -- |
| 18 | Dexcom's Form 10-K for the fiscal year ended December 31, 2023, filed with the SEC on February 8, 2024. | -- |
| 19 | Transcript of Dexcom's presentation at the Piper Sandler 35th Annual Healthcare Conference, held on November 29, 2023. | 114 |
| 20 | Research Paper in Advanced Sensor Research titled, *Diabetes Management in Transition: Market Insights and Technological Advancements in CGM and Insulin Delivery*, published on July 11, 2024. | 68 |
| 21 | Transcript of Dexcom's presentation at the Raymond James 44th Annual Institutional Investors Conference, held on March 7, 2023. | -- |
| 22 | Teri Lawver's Form 4 filed with the SEC on March 14, 2024. | 135 |
| 23 | Jereme Sylvain's Forms 4 for all stock sales made between April 28, 2023 and July 25, 2024. | 133-134 |
| 24 | Jereme Sylvain's Forms 4 filed with the SEC made between June 1, 2020 through April 27, 2023. | -- |
| 25 | Kevin Sayer's Forms 4 for all stock sales made between April 28, 2023 and July 25, 2024. | 132 |
| 26 | Kevin Sayer's Forms 4 for all stock sales between January 1, 2023 and April 27, 2023. | -- |
| 27 | MedTech Dive article titled, *Dexcom, Abbott ramp up DTC marketing amid fight for share of growing diabetes market*, published on August 17, 2023. | 68 |
| 28 | Bank of America analyst report titled, *Dexcom, Resetting DME expectations – what it means for DXCM model*, published on August 5, 2024. | 70, 74, 92, 101 |
| 29 | William Blair analyst report titled, *Medical Technology, Takeaways From the 17th Annual West Coast Field Trip: Meetings With DexCom and iRhythm*, published on August 28, 2024. | 70, 74, 92, 101 |

Cooley LLP
Attorneys at Law
San Diego

RJN in Support of MTD
Case No. 24-CV-01485-RSH-VET

## III.    ARGUMENT

In deciding the Motion to Dismiss, the Court may consider **Exhibits 1, 4-6, 10-16, 20, 22-23, 25, and 27-29** under the incorporation by reference doctrine, and take judicial notice of **Exhibits 1-29**.

### A.    Exhibits 1, 4-6, 10-16, 20, 22-23, 25, and 27-29 Are Incorporated by Reference into the Complaint.

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A document is incorporated by reference "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id*. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). While an incorporated document may not be used "to dispute or create a defense to a *well-pled* fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).

Importantly, *Khoja* does not "eradicate the rule that alleged false statements must be analyzed in context." *Id*. Thus, to the extent a document incorporated by reference contains alleged misstatements, it is appropriate for Defendants and the Court to refer to and consider other portions of the document. *Id*. After all, as *Khoja* recognized, the incorporation by reference doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at 1002. Thus, to the extent Plaintiff relies on a document to support its claims, it cannot oppose the Court's consideration of the *entire* document. *See id*.

Here, Exhibits 1, 4-6, 10-16, 20, 22-23, 25, and 27-29 are incorporated by

reference because Plaintiff challenges statements they contain, or otherwise relies on or refers to them to support its claims. These documents are therefore incorporated by reference. *See, e.g.*, *Kang v. Paypal Holdings*, 620 F.Supp.3d 884, 896 (N.D. Cal. 2022) ("incorporation by reference…is necessary to assess the veracity of the challenged statement in context"); *Hampton v. Aqua Metals*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (considering Forms 4 when deciding motion to dismiss because "they necessarily form the basis for Plaintiffs' allegations regarding [defendant]'s stock sales"); *Petersen v. TriplePoint Venture Growth BDC*, 2024 WL 5384678, at *2 (N.D. Cal. Aug. 7, 2024) (treating Forms 4 as incorporated by reference where "Plaintiff relies upon [them], quotes them, or refers to them in the [] Complaint").

## B.    Exhibits 1-29 Are Subject to Judicial Notice.

Distinct from the doctrine of incorporation by reference, judicial notice extends to "matters of public record outside the pleadings." *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820-21 (C.D. Cal. 1998). Courts "***must*** take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2), showing such facts are "not subject to reasonable dispute" because they are "generally known" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b); *see, e.g.*, *Park v. GoPro*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (taking judicial notice of SEC Forms 4 "to show that Defendants [] sold their shares pursuant to a 10b5-1 plan"); *Aqua Metals*, 2020 WL 6710096, at *4 ("The Form 4's are properly judicially noticed for their truth because they contain relevant information required for an assessment of the [complaint's] scienter allegations, and their authenticity is not in question.").

Judicial notice may be also used to "indicate what was in the public realm at the time." *von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Courts routinely take judicial notice of SEC filings, conference call

transcripts and presentations, analyst reports, and news articles for this purpose. *See, e.g.*, *Metzler Inv. v. Corinthian Colls.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *In re Copper Mountain Sec. Litig.*, 311 F.Supp.2d 857, 863-64 (N.D. Cal. 2004) (SEC filings, press releases, and conference call transcripts); *Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (SEC Forms 4); *Waterford Twp. Police v. Mattel*, 321 F.Supp.3d 1133, 1143-44 (C.D. Cal. 2018) (SEC filings, earnings call transcripts, analyst reports, and corporate presentations); *In re Century Aluminum Sec. Litig.*, 749 F.Supp.2d 964, 979-80 (N.D. Cal. 2010) (presentations, and conference calls with analysts); *Heliotrope Gen. v. Ford Motor*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (information in news articles).

Exhibits 1-29 fall into the following categories and are, therefore, proper subjects of judicial notice:

- ***SEC Filings***: Exhibits 9, 18, 22-26
- ***Investor Call Transcripts***: Exhibits 2-8, 10, 12-16, 19, and 21
- ***Investor Presentations***: Exhibit 17
- ***Analyst Reports***: Exhibits 1, 11, and 28-29
- ***Articles***: Exhibits 20 and 27

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1, 4-6, 10-16, 20, 22-23, 25, and 27-29 under the incorporation by reference doctrine and take judicial notice of Exhibits 1-29 to establish what information was in the public realm and when.

Dated:        March 13, 2025                    COOLEY LLP


                                                By: */s/ Koji F. Fukumura*
                                                     Koji F. Fukumura

                                                *Attorneys for Defendants Dexcom Inc., Kevin Sayer, Jereme Sylvain, and Teri Lawver*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

- 6 -

RJN IN SUPPORT OF MTD
CASE NO. 24-CV-01485-RSH-VET