ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (200643)
W. MARK CONOVER (236090)
SARAH A. FALLON (345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
ddrosman@rgrdlaw.com
mconover@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-1485-RSH-VET |
| | LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE |
| | DATE:       April 17, 2025 |
| | CTRM:      3B, 3rd Floor |
| | JUDGE:     Honorable Robert S. Huie |

4935-7456-6454.v2

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  LEGAL STANDARDS ....................................................................................... 2

III.  ARGUMENT ..................................................................................................... 3

    A.  Defendants' Request Should Be Denied .................................................. 3

    B.  Defendants' Request for Incorporation by Reference Should Be Denied ...................................................................................................... 8

    C.  The Court Should Disregard Defendants' Appendices ........................... 10

IV.  CONCLUSION ................................................................................................. 12

24-cv-1485-RSH-VET

4935-7456-6454.v2

# TABLE OF AUTHORITIES

**Page**

## CASES

*ArubaWater Corp. v. Wells Fargo Bank, N.A.*,
703 F. Supp. 3d 995 (D. Ariz. 2023)................................................................. 10

*Bargetto v. Walgreen Co.*,
2022 WL 18539360 (N.D. Cal. 2022)................................................................. 7

*Cohen v. Apple Inc.*,
2020 WL 619790 (N.D. Cal. 2023)................................................................. 2

*Cota v. Aveda Corp.*,
2020 WL 6083423 (S.D. Cal. 2020) ................................................................. 4

*Das v. Unity Software Inc.*,
2024 WL 1141733 (N.D. Cal. 2024)................................................................. 10

*Felipe v. Playstudios Inc.*,
2024 WL 1380802 (D. Nev. 2024)................................................................. 5

*Fluor Corp. v. Resolute Mgmt., Inc.*,
2022 WL 2101891 (C.D. Cal. 2022) ................................................................. 4

*Haideri v. Jumei Int'l Holding Ltd.*,
2021 WL 4170791 (N.D. Cal. 2021)................................................................. 8

*Holley v. Tripp*,
2024 WL 3966444 (D. Idaho 2024) ................................................................. 7

*Hsu v. Puma Biotechnology, Inc.*,
213 F. Supp. 3d 1275 (C.D. Cal. 2016)................................................................. 2

*In re Acadia Pharms. Inc. Sec. Litig.*,
2020 WL 2838686 (S.D. Cal. 2020) ................................................................. 10, 11

*In re Amgen Inc. Sec. Litig.*,
2014 WL 12585809 (C.D. Cal. 2014) ................................................................. 5

*In re CV Therapeutics, Inc.*,
2004 WL 1753251 (N.D. Cal. 2004)................................................................. 12

24-cv-1485-RSH-VET

4935-7456-6454.v2

**Page**

*In re Green Dot Corp. Sec. Litig.*,
2024 WL 1356253 (C.D. Cal. 2024) .............................................................................. 4, 9

*In re Obalon Therapeutics, Inc.*,
2019 WL 4729461 (S.D. Cal. 2019) ...................................................................................... 6

*In re Snap Inc. Sec. Litig.*,
2018 WL 2972528 (C.D. Cal. 2018) ...................................................................................... 6

*In re Thoratec Corp. Sec. Litig.*,
2006 WL 1305226 (N.D. Cal. 2006) ...................................................................................... 6

*In re Zillow Grp, Inc. Sec. Litig.*,
2018 WL 4735711 (W.D. Wash. 2018) ............................................................................... 6

*Jiangchen v. Rentech, Inc.*,
2017 WL 10363990 (C.D. Cal. 2017) ................................................................................. 11

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ..................................................................................... *passim*

*Lake v. Zogenix, Inc.*,
2020 WL 3820424 (N.D. Cal. 2020) ...................................................................................... 9

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ..................................................................................... 3, 6, 7

*Luo v. Spectrum Pharms., Inc.*,
2024 WL 4443323 (D. Nev. 2024) ......................................................................................... 7

*Maiman v. Talbott*,
2010 WL 11421950 (C.D. Cal. 2010) .................................................................................. 3

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008) ............................................................................................. 4

*Park v. GoPro, Inc.*,
2019 WL 1231175 (N.D. Cal. 2019) ...................................................................................... 7

24-cv-1485-RSH-VET

4935-7456-6454.v2

**Page**

*Petersen v. TriplePoint Venture Growth BDC Corp.*,
  2024 WL 5384678 (N.D. Cal. 2024) ................................................................... 7

*SEB Inv. Mgmt. AB v. Wells Fargo & Co.*,
  742 F. Supp. 3d 1003 (N.D. Cal. 2024) ............................................................. 9

*Turner v. Nuance Commc'ns, Inc.*,
  735 F. Supp. 3d 1169 (N.D. Cal. 2024) ............................................................. 4

*United States v. Mariscal*,
  285 F.3d 1127 (9th Cir. 2002) ........................................................................... 6

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ............................................................................. 3

*Unlockd Media, Inc. Liquidation Tr. v. Google LLC*,
  2023 WL 6226379 (N.D. Cal. 2023) ................................................................. 10

*von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010) .......................................................................... 6, 7

*W. Pac. Elec. Co. v. Dragados/Flatiron*,
  534 F. Supp. 3d 1209 (E.D. Cal. 2021) ............................................................. 8

*Waterford Twp. Police v. Mattel, Inc.*,
  321 F. Supp. 3d 1133 (C.D. Cal. 2018) ............................................................. 4

*Weston v. DocuSign, Inc.*,
  669 F. Supp. 3d 849 (N.D. Cal. 2023) ......................................................... 10, 12

*Yaron v. Intersect ENT, Inc.*,
  2020 WL 6750568 (N.D. Cal. 2020) ................................................................. 9

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
  Rule 12(b)(6) ................................................................................................ 2, 7
  Rule 12(d) ......................................................................................................... 2

4935-7456-6454.v2

**Page**

Federal Rules of Evidence
    Rule 201 ................................................................................................................ 4, 6
    Rule 201(b) ........................................................................................................ 2, 3, 4

Local Rules
    Rule 7.1(h) ............................................................................................................. 10

17 C.F.R.
    §240.10b5-1 .............................................................................................................. 7

24-cv-1485-RSH-VET

4935-7456-6454.v2

Lead Plaintiff National Elevator Industry Pension Fund ("Plaintiff") hereby files this opposition to Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Motion to Dismiss Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (Doc. No. 30) ("Request").[1]

## I.    INTRODUCTION

As a basis for their Motion to Dismiss, Defendants submit a declaration attaching 29 exhibits, comprising 446 pages of material, as well as two appendices containing charts that mischaracterize the allegations in the CC and serve as an extension of Defendants' legal arguments.  The purpose of all these materials is to raise factual disputes to the CC's well-pleaded allegations.  However, the Ninth Circuit has repudiated efforts by securities fraud defendants "to pile on numerous documents to their motions to dismiss to undermine the complaint[s]," warning that the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  "This risk ***is especially significant in SEC fraud matters***, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.*

Defendants claim that the doctrines of incorporation by reference and judicial notice justify their extensive use of materials outside the CC.  But the Ninth Circuit has made clear that "undermining of the usual pleading burdens" is not the purpose of these doctrines (*id.* at 999), and neither doctrine permits Defendants to submit documents for

---

[1]    Capitalized terms not defined herein have the meaning ascribed in the Consolidated Complaint for Violations of the Federal Securities Laws (Doc. No. 27) ("CC"). Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (Doc. No. 29-1) is referred to herein as "Motion to Dismiss."  Plaintiff's Opposition to Defendants' Motion to Dismiss the Consolidated Complaint for Violations of the Federal Securities Laws, filed herewith, is referred to as "MTD Opp."  Unless otherwise noted, all "¶_" or "¶¶_" references are to the CC, citations are omitted, and emphasis is added.

4935-7456-6454.v2

their truth to dispute the CC's well-pleaded facts.  Nor do they permit Defendants to use extraneous materials to launch a fact-bound affirmative defense at the pleading stage.

By relying on their exhibits, Defendants essentially ask for summary judgment, though Plaintiff has not had an opportunity to conduct discovery.  Accordingly, the Court should deny Defendants' Request.  In the alternative, if the Court wishes to consider the materials for the improper purposes for which Defendants offer them, then the Court should convert Defendants' Motion to Dismiss into one for summary judgment and allow Plaintiff the opportunity to conduct meaningful discovery.  *See* Fed. R. Civ. P. 12(d); *Cohen v. Apple Inc.*, 2020 WL 619790, at *1, *3 (N.D. Cal. 2023) (converting motion to dismiss that included a "vast array of material presented outside of the pleadings" into a motion for summary judgment and allowing "immediate discovery").

## II.    LEGAL STANDARDS

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Khoja*, 899 F.3d at 998.  There are two narrow, distinct exceptions to this rule: (1) judicial notice; and (2) the incorporation-by-reference doctrine.  *See id.*  The Ninth Circuit cautions that these doctrines should not be overused to allow defendants to create their own counter-narrative:

> If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief.

*Id.* at 998-99; *see also Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281-82 (C.D. Cal. 2016) (describing the "practical reality" of "inappropriate efforts by defendants" in securities matters to "expand courts' consideration of extrinsic evidence at the motion to dismiss stage," which is "particularly troubling . . . where a defendant starts off with sole possession of the information about the alleged wrongdoing").

Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the

4935-7456-6454.v2

trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Courts may take judicial notice of '***undisputed*** matters of public record,' but generally may not take judicial notice of '***disputed*** facts stated in public records.'" *Maiman v. Talbott*, 2010 WL 11421950, at \*7 (C.D. Cal. 2010) (emphasis in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. The Court may properly consider a document under this doctrine "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, the "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id.*; *Khoja*, 899 F.3d at 1002. And incorporation by reference is improper "if the document merely creates a defense to the well-pled allegations in the complaint"; otherwise, "defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002. Moreover, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

III.    ARGUMENT

A.    Defendants' Request Should Be Denied

Defendants' Request is both procedurally and substantively flawed. Defendants do not specifically identify the facts of which they seek notice, and they request judicial notice of documents that they never cite in their brief. And while Defendants state that judicial notice is appropriate to "'indicate what was in the public realm at the time'" (Doc. No. 30 at 10), their Motion to Dismiss makes clear that this is not the true purpose for

- 3 -    24-cv-1485-RSH-VET

4935-7456-6454.v2

which Defendants advance their exhibits.[2]   Rather, Defendants seek to use these documents for their truth, with inferences drawn in their favor, to resolve key factual disputes between the parties and launch a fact-bound truth-on-the-market defense.   As detailed below, this is wholly improper, and their Request should be rejected.

***Defendants fail to demonstrate notice is appropriate***.  As a threshold matter, Rule 201(b) requires courts to "consider – and identify – which fact or facts it is noticing." *Khoja*, 899 F.3d at 999.  Additionally, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.*; *Turner v. Nuance Commc'ns, Inc.*, 735 F. Supp. 3d 1169, 1179 (N.D. Cal. 2024) ("If a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document.").  Yet, Defendants fail to clearly identify which "specific fact[s]" within the 446 pages of their additional materials are the subject of their Request.  This alone dooms their Request.  *See, e.g.*, *Cota v. Aveda Corp.*, 2020 WL 6083423, at \*10 (S.D. Cal. 2020) ("Due to Defendant's failure to specify of which facts it would like the Court to take judicial notice, the Court denies Defendant's request for judicial notice as vague and ambiguous."); *In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at \*3 (C.D. Cal. 2024) ("Although it is clear that Defendants want this Court to take judicial notice of the contents, and not merely the existence, of these documents, Defendants' RJN does not identify any particular facts.

---

[2]   In many of the cases upon which Defendants rely, the plaintiffs did not object to judicial notice of several of the documents; that authority is therefore inapposite. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) ("Defendants sought judicial notice for Corinthian's reported stock price history and other publicly available financial documents, including a number of Corinthian's SEC filings.  In its dismissal order, the court granted Defendants' ***unopposed*** requests for judicial notice."); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1144 (C.D. Cal. 2018) (***plaintiff did not object*** to judicial notice of various earnings call transcripts and excerpts of SEC filings, but did object to certain analyst reports, which the court "agree[d] that it would be improper to take judicial notice . . . for the truth of the matters discussed therein at this stage of the litigation" but only "to consider whether and when certain information became available to investors").

- 4 -                    24-cv-1485-RSH-VET

This Court cannot, therefore, conduct the analysis required under Rule 201."); *Fluor Corp. v. Resolute Mgmt., Inc.*, 2022 WL 2101891, at *2 (C.D. Cal. 2022) (declining to take judicial notice because the request was "not specific" and "made no effort to identify specific facts" within "242 pages from various SEC filings"); *Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *6 (D. Nev. 2024) (declining request for judicial notice because "[d]efendants do not identify which fact or facts they seek to have the Court notice").[3]

***Defendants improperly rely on their exhibits to support a premature affirmative defense***. Defendants also submit a number of documents to support their premature truth-on-the-market defense, arguing that the omissions – as Defendants reimagine them, not as alleged in the CC – were public information prior to the Class Period.[4] *See* Doc. No. 29-1 at 23-27. This argument ignores: (1) that the coverage expansion for continuous glucose monitors ("CGMs") revolutionized the basal segment, rendering prior disclosures about the state of that segment outdated; and (2) these documents clearly did not cure the material misimpression Defendants conveyed. *See* MTD Opp., §§III.A.-B.

Regardless, the truth-on-the-market defense is a fact-bound defense that is not properly resolved at the motion to dismiss stage. *See id.*, §III.B.1.; *see also In re Amgen Inc. Sec. Litig.*, 2014 WL 12585809, at *15 (C.D. Cal. 2014) (rejecting truth-on-the-market defense because "even assuming, *arguendo*, that the Court took judicial notice of the exhibits that Defendants rely on, a dispute of fact precludes" a finding that the truth "was transmitted to the public with a degree of 'intensity and credibility sufficient to effectively counterbalance any misleading impression'"). And requesting judicial notice

---

[3]  While Defendants highlight portions of their exhibits, it is not clear whether these are the facts of which they seek notice. Some highlighting reflects language Defendants quote in their brief or appendices, as well as the surrounding language; other highlights reflect quotes from the CC. They also highlight generic cautionary language added to a call transcript after the fact by Refinitiv, the transcript provider – a fact that has absolutely no relevance to this case and is not a proper subject for judicial notice. *See* Doc. No. 29-20 at 30.

[4]  Many of these documents pre-date the Class Period – by years, in some cases. *See, e.g.*, Doc. No. 29-7 (transcript of Dexcom's fourth quarter 2019 earnings call); *see also* Doc. Nos. 29-8, 29-13, 29-14.

4935-7456-6454.v2

of a host of documents, including some that predate the Class Period by years, for this purpose is inappropriate. *See In re Thoratec Corp. Sec. Litig.*, 2006 WL 1305226, at \*4 (N.D. Cal. 2006) (declining to take judicial notice of documents supporting a truth-on-the-market defense because "[t]his would constitute an impermissible use of a judicially noticed fact"); *see also In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at \*4 (S.D. Cal. 2019) ("[J]udicial notice would not be proper given the existence of 'reasonable dispute' as to what was established in these SSED reports, and the effect of the SSED report on investors."); *In re Snap Inc. Sec. Litig.*, 2018 WL 2972528, at \*4 n.12 (C.D. Cal. 2018) (denying request for judicial notice of "11 news articles" submitted to show that "'the market understood' the full extent" of the omitted information because such "analysis is improper at this stage of litigation" and defendants' argument relied on "inferences, the truth of the documents' contents, and factual disputes arising from their proffered exhibits").

**Defendants improperly rely on their exhibits for their truth**. It is well-settled that publicly available documents may be considered only for the purpose of determining what statements the documents contain, not to prove the truth of those contents. *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002) (judicial notice only appropriate as to undisputed matters). Courts may judicially notice "***undisputed*** matters of public record," but not "***disputed*** facts stated in public records." *Lee*, 250 F.3d at 690 (emphasis in original); *von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (the existence of publicly available documents may be judicially noticed, but "'not whether the contents of those articles were in fact true'"); *In re Zillow Grp, Inc. Sec. Litig.*, 2018 WL 4735711, at \*3 (W.D. Wash. 2018) ("While the Court can take judicial notice of the fact that a document was filed with the SEC, and of the contents of such a filing, '[t]he truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201.'").

Defendants violate this principle by advancing exhibits for their truth, combined with their preferred interpretations of the documents. For example, Defendants offer

- 6 -                                    24-cv-1485-RSH-VET

4935-7456-6454.v2

Sayer's statement in Exhibit 14 that "'[w]e saw things getting better towards the end'" to show that things were, in fact, getting better – which, they argue, undermines post-Class Period admissions supporting scienter. Doc. No. 29-1 at 28 (quoting Doc. No. 29-19 at 9). This goes beyond the scope of judicial notice. *See, e.g.*, *Bargetto v. Walgreen Co.*, 2022 WL 18539360, at *2 (N.D. Cal. 2022) ("Judicial notice may be taken of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'").

Likewise, Defendants rely on their Forms 4 (Doc. Nos. 29-27, 29-28, 29-29, 29-30, 29-31) to demonstrate that the insider sales alleged in the CC were made pursuant to "nondiscretionary" "'tax withholding obligations'" or Rule 10b5-1 "trading plan[s]." Doc. No. 29-1 at 31-32.[5] In Defendants' view, these assertions immunize them from any inference of scienter arising from the sales because the truth of these forms is "'not subject to reasonable dispute.'" Doc. No. 30 at 9.[6] However, Defendants' self-serving assertions as to their motivations for their sales are ***disputed facts*** that cannot be accepted as true. *von Saher*, 592 F.3d at 960; *see, e.g.*, *Luo v. Spectrum Pharms., Inc.*, 2024 WL 4443323, at *5 (D. Nev. 2024) (emphasis in original) (finding Forms 4 ineligible for judicial notice of the truth of the matters asserted therein where plaintiff "disputes the truth of the forms'

---

[5]  Defendants also submitted a declaration from counsel stating that the stock sales "were made either (i) pursuant to a 10b5-1 plan, or (ii) to cover tax withholding obligations on the vesting of restricted stock units and performance stock units." Doc. No. 29-2, ¶¶28-29, 31. But it is improper for the Court to credit a declaration from counsel on a disputed factual issue – the rationale for Defendants' insider selling – at the motion to dismiss stage. *Lee*, 250 F.3d at 688-90 (holding that district court erred in relying on extrinsic declarations submitted by defendants to dismiss plaintiff's claims); *Holley v. Tripp*, 2024 WL 3966444, at *4 (D. Idaho 2024) ("A party's own declarations, however, do not constitute a 'source[ ] whose accuracy cannot reasonably be questioned.'") (alterations in original). After all, it is black-letter law that a motion under Federal Rule of Civil Procedure 12(b)(6) is limited to the pleadings. *Khoja*, 899 at 988.

[6]  Notably, Defendants cite inapplicable authority (Doc. No. 30 at 9-10) in which the incorporation by reference or truth of the Forms 4 was uncontested. *See Petersen v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at *2 & nn.1-2 (N.D. Cal. 2024) (plaintiff did not oppose incorporation by reference of Forms 4 belonging to former defendant); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. 2019) ("Plaintiffs do not contest that the stock sales were pursuant to a 10b5-1 plan.").

- 7 -                    24-cv-1485-RSH-VET
4935-7456-6454.v2

content in which defendants ***themselves*** made the assertion regarding whether their transactions were pursuant to 'tax withholding obligations' or 10b5-1 'trading plan[s]'").

***Defendants misconstrue their own documents***.  Defendants also abuse the judicial notice doctrine by misconstruing the documents to support their misleading narrative.   For example, Defendants attempt to minimize the significance of the opportunity presented to Dexcom's business by the basal coverage expansion, stating that "Dexcom predicted its core segment (intensive insulin users) would drive growth, while Basal remained 'relatively nominal.'"  Doc. No. 29-1 at 12 (quoting Doc. No. 29-12 at 12).   But the "relatively nominal" comment Defendants quote was in response to a question about how much of the ***past*** quarter's growth (*i.e.*, second quarter 2023 ("Q2 2023")) was driven by basal.  It is wholly unsurprising that the basal segment was not a leading driver of Q2 2023 growth – the market had always expected the basal opportunity to "drive upside in 2024 and 2025."  ¶56 (quoting an analyst report).  The two words Defendants cherry-pick from Exhibit 7 (Doc. No. 29-12) cannot justify the broad, implausible inference they make – that the basal segment would "remain[] 'relatively nominal.'" *See Haideri v. Jumei Int'l Holding Ltd.*, 2021 WL 4170791, at *13 (N.D. Cal. 2021) (declining, under *Khoja*, to take notice of document for purposes of "establishing any fact which is subject to any reasonably disputed inferences"); *see also W. Pac. Elec. Co. v. Dragados/Flatiron*, 534 F. Supp. 3d 1209, 1224 (E.D. Cal. 2021) (declining to take judicial notice of "the parties' interpretations of . . . documents").

**B.      Defendants' Request for Incorporation by Reference Should Be Denied**

Defendants also assert that Exhibits 1, 4-6, 10-16, 20, 22-23, 25, and 27-29 should be considered by the Court under the doctrine of incorporation by reference.  Doc. No. 30 at 8.  But Defendants attempt to apply the doctrine to many documents that do not even meet the threshold requirements for incorporation by reference.  The Ninth Circuit has explained that incorporation by reference is appropriate only when: (1) the complaint "'refers extensively to the document'"; or (2) the document "'forms the basis of the

- 8 -                    24-cv-1485-RSH-VET

plaintiff's claim.'" *Khoja*, 899 F.3d at 1002. But even according to their Request, many of the documents they seek to incorporate are cited only in passing.[7] Such brief references are not enough. *See, e.g.*, *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *3 (N.D. Cal. 2020) (finding single reference to an analyst report did not qualify); *Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. 2020) (analyst reports cited twice in the complaint were cited only "in passing . . . to convey plaintiff's interpretation of analyst sentiments").

Further, Defendants misapply the doctrine because they frequently use the documents to dispute well-pleaded facts and draw factual inferences in their favor (*see, e.g.*, *supra* at 5-8) – tactics proscribed by Ninth Circuit precedent. *See Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."); *see also SEB Inv. Mgmt. AB v. Wells Fargo & Co.*, 742 F. Supp. 3d 1003, 1017 (N.D. Cal. 2024) (finding report was incorporated by reference, but "it would be improper for the Court to assume the truth of the ultimate finding" because it "would only serve to dispute the [complaint's] factual allegation").

Despite *Khoja*'s clear admonition, Defendants assert that they may use incorporation by reference to "'create factual disputes with a plaintiff's **conclusory** allegations.'" Doc. No. 30 at 8. This is nothing more than an attempt to avoid *Khoja* by mischaracterizing the CC's specific allegations as conclusory. Defendants' tactics should not be condoned. *See Green Dot*, 2024 WL 1356253, at *3 (denying request and rejecting argument that *Khoja* permits courts to consider the truth of incorporated documents to "'create factual disputes with a plaintiff's conclusory allegations'"). As discussed above, it is inappropriate to accept these documents as true; at the pleading stage, incorporated documents cannot be used to dispute well-pleaded facts. *See, e.g.*,

---

[7] *See, e.g.*, Doc. No. 30 at 6-7 (citing, *e.g.*, Doc. Nos. 29-10, 29-11, 29-25, 29-32).

- 9 -                                    24-cv-1485-RSH-VET

4935-7456-6454.v2

*Das v. Unity Software Inc.*, 2024 WL 1141733, at *6 (N.D. Cal. 2024) (declining to rely on incorporated documents to resolve factual disputes about whether defendants' statements about the strength of a platform were false); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, 2023 WL 6226379, at *3 (N.D. Cal. 2023) (declining request to find exhibits incorporated, "at least for the purpose advanced," which was to dispute the "substantive meaning of . . . communications"); *ArubaWater Corp. v. Wells Fargo Bank, N.A.*, 703 F. Supp. 3d 995, 1001-02 (D. Ariz. 2023) (declining to "accept the truth of the document's contents under the doctrine of incorporation" because defendants were attempting to resolve a factual dispute as to the meaning of the document).

### C.    The Court Should Disregard Defendants' Appendices

Finally, the Court should decline to consider Defendants' Appendices A and B for both procedural and substantive reasons.  Defendants do not suggest that these appendices are subject to judicial notice or incorporated by reference.  Nor can they.  *See, e.g.*, *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (declining to take judicial notice of chart "compiled by [defendant's] counsel," noting "[i]t cannot be judicially noticed because it is subject to reasonable dispute (as evidenced by the plaintiffs' objections)").  In their declaration, Defendants claim that the attorney-created submissions were "submitted solely for the Court's convenience."  Doc. No. 29-2, ¶¶2-3.  In reality, Defendants use these charts for their own ends – to extend their legal arguments beyond the page limitations and to misleadingly recast the CC's allegations in a manner that suits them.

Both appendices clearly contain legal argument – Defendants themselves describe Appendix A as "mapping arguments . . . to each challenged statement" (Doc. No. 29-1 at 14) – and therefore circumvent the 25-page limit for memoranda in support of motions.[8]  *See* CivLR 7.1(h); *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686,

---

[8]    Notably, Appendix B contains material from three exhibits that Defendants contend are incorporated by reference and subject to judicial notice, but which they do not cite in

4935-7456-6454.v2

at *3 (S.D. Cal. 2020) (striking defendants' chart of alleged statements because it was an extension of their arguments against falsity and by submitting it, defendants had exceeded the page limit for their briefs); *Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. 2017) (same).

Even aside from the page-limit violation, the appendices distort the CC's actual content and are, thus, unhelpful. In Appendix A, Defendants set forth their own version of the alleged statements, both: (1) omitting the analyst questions prompting the statements, which strips context essential to understanding why those statements were misleading; and (2) recasting the statements by altering the emphases to highlight their own preferred portions while downplaying the surrounding language that Plaintiff challenges – which is particularly misleading given Defendants' repeated assertion that only the italicized portions of the statements are at issue. *See* Doc. No. 29-1 at 18-22 (insisting in 12 separate instances that only italicized phrases are at issue); Doc. No. 29-4 at 1 n.2 (noting the CC "contains other emphasis from Plaintiff not reflected here"). Defendants then assign these contorted statements to the reasons they believe each should be dismissed, identifying language they contend is relevant to their arguments for dismissal. *See generally* Doc. No. 29-4. This is impermissible. *See Acadia Pharms.*, 2020 WL 2838686, at *3 (S.D. Cal. 2020) (rejecting defendants' argument that a "chart to identify 108 statements encompassing 38 paragraphs of the complaint" was "simply a chart for the Court's convenience").

Likewise, Appendix B serves no legitimate purpose. Defendants describe Appendix B as "cataloguing allegations by categories." Doc. No. 29-1 at 23. To the extent Defendants intend for Appendix B to serve as an organizational tool for the allegations, it fails miserably. Appendix B both excludes alleged omissions in the CC and includes new, unalleged material – rendering it useless in assessing whether the

_____

their Motion to Dismiss. *See* Doc. No. 29-5 at 2, 10 (citing Doc. Nos. 29-32, 29-33, 29-34).

- 11 -                                    24-cv-1485-RSH-VET

actual allegations state a claim.  This is nothing but a strawman, and the Court should reject it.  *See DocuSign*, 669 F. Supp. 3d at 872 (rejecting attorney-created chart as it "veers toward an attempt by [defendant] to insert its 'own version of events into the complaint,' which is impermissible").  Further, Appendix B contains a patchwork of statements made by Defendants, Abbott, analysts, media, and other third parties over a wide time span and in various contexts – woven together and organized to dovetail with Defendants' legal arguments and invented narrative.  Finally, to the extent that Defendants proffer Appendix B to support their fact-bound truth-on-the-market defense, this is also improper at this stage of the proceedings.  *See supra* at 5-6; MTD Opp., §III.B.1.

In sum, for both substantive and procedural reasons, the Court should refuse to consider the appendices – "the Court is capable of synthesizing information." *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. 2004).

## IV.    CONCLUSION

Defendants' Request should be denied, their appendices should not be considered, and their improper factual assertions and arguments premised on these exhibits and appendices should be rejected.  In the alternative, the Court should treat Defendants' Request as one for summary judgment and allow Plaintiff to conduct meaningful discovery.

DATED:  April 14, 2025            Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
W. MARK CONOVER
SARAH A. FALLON

s/ Daniel S. Drosman
DANIEL S. DROSMAN

4935-7456-6454.v2

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
ddrosman@rgrdlaw.com
mconover@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELIZABETH A. SHONSON
(admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
eshonson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

O'DONOGHUE & O'DONOGHUE LLP
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
Telephone: 202/362-0041
imcintire@odonoghuelaw.com

Additional Counsel

- 13 -                    24-cv-1485-RSH-VET

4935-7456-6454.v2