COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
DYLAN K. SCOTT (332796)
(dscott@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420

*Attorneys for Defendants Dexcom Inc., Kevin Sayer, Jereme Sylvain, and Teri Lawver*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-01485-RSH-VET |
| | **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Ctrm:      3B, 3rd Floor<br>Judge:     Honorable Robert S. Huie<br>Hearing:   April 17, 2025 |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     ARGUMENT ................................................................................................. 2

    A.   The Court May Properly Consider Exhibits 1, 4-6, 10-16, 20, 22-23, 25, and 27-29 Because They Are Incorporated by Reference .......................................................................................... 2

    B.   The Court May Properly Consider Exhibits 1-29 Because They Are Subject to Judicial Notice. ............................................................. 5

    C.   The Court May Properly Consider the Appendices. ........................... 8

III.    CONCLUSION .............................................................................................. 8

**DEFS' RJN REPLY**
**CASE NO. 24-CV-01485-RSH-VET**

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadilla v. Precigen, Inc.*,
    2022 WL 1750033 (N.D. Cal. May 31, 2022) ..................................................... 5

*In re Apple Inc. Securities Litigation*,
    2020 WL 2857397 (N.D. Cal. June 2, 2020) ....................................................... 2

*In re Aqua Metals, Inc. Securities Litigation*,
    2019 WL 3817849 (N.D. Cal. Aug. 14, 2019) .................................................... 8

*Biotechnology Value Fund, L.P. v. Celera Corp.*,
    12 F. Supp. 3d 1194 (N.D. Cal. 2013) ................................................................ 3

*Cota v. Aveda Corp.*,
    2020 WL 6083423 (S.D. Cal. Oct. 14, 2020) .................................................. 5, 6

*Curry v. Yelp Inc.*,
    2015 WL 1849037 (N.D. Cal. Apr. 21, 2015) ..................................................... 6

*In re Eventbrite, Inc. Securities Litigation*,
    2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ................................................. 2, 5

*Felipe v. Playstudios Inc.*,
    2024 WL 1380802 (D. Nev. Mar. 31, 2024) ....................................................... 6

*Fluor Corp. v. Resolute Management, Inc.*
    2022 WL 2101891 (C.D. Cal. May 4, 2022) ....................................................... 6

*Garcia v. California Supreme Court*,
    2014 WL 309000 (N.D. Cal. Jan. 21, 2014) ....................................................... 8

*In re Green Dot Corp. Securities Litigation*,
    2024 WL 1356253 (C.D. Cal. Mar. 29, 2024) ................................................. 4, 6

*In re Hansen Natural Corp. Securities Litigation*,
    527 F. Supp. 2d 1142 (C.D. Cal. 2007) .............................................................. 6

*Lake v. Zogenix, Inc.*,
    2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) ................................................. 3, 7

*Jaszczyszyn v. SunPower Corp.*,
    2024 WL 3463348 (N.D. Cal. July 17, 2024) ..................................................... 4

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFS' RJN REPLY**
**CASE NO. 24-CV-01485-RSH-VET**

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018) ...................................................................... 1, 2, 7

*Ng v. Berkeley Lights, Inc.*,
 2024 WL 695699 (N.D. Cal. Feb. 20, 2024) ............................................... 2, 3, 4

*Omnicare, Inc. v. Laborers District Council Construction Industry
 Pension Fund*,
 575 U.S. 175 (2015) ................................................................................................ 2

*In re Palo Alto Networks, Inc. Securities Litigation*,
 2025 WL 1093247 (N.D. Cal. Apr. 11, 2025) ....................................................... 6

*Park v. GoPro, Inc.*,
 2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ....................................................... 7

*In re Sentinelone, Inc. Securities Litigation*,
 2024 WL 3297150 (N.D. Cal. July 2, 2024) .......................................................... 4

*Smith v. NetApp, Inc.*,
 2021 WL 1233354 (N.D. Cal. Feb. 1, 2021) .......................................................... 4

*Studen v. Funko, Inc.*,
 2024 WL 2209686 (W.D. Wash. May 16, 2024) .................................................... 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007) ................................................................................................ 5

*United States v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) .................................................................................. 2

*In re Violin Memory Securities Litigation*,
 2014 WL 5525946 (N.D. Cal. Oct. 31, 2014) ....................................................... 8

*Waswick v. Torrid Holdings, Inc.*,
 2023 WL 9197563 (C.D. Cal. Dec. 1, 2023) ......................................................... 8

*Lu v. Align Technology, Inc.*,
 417 F. Supp. 3d 1266 (N.D. Cal. 2019) ................................................................. 7

*Yaron v. Intersect ENT, Inc.*,
 2020 WL 6750568 (N.D. Cal. June 19, 2020) ....................................................... 3

Cooley LLP
Attorneys at Law
San Diego

iii

**DEFS' RJN REPLY**
**Case No. 24-cv-01485-RSH-VET**

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

**Other Authorities**

Fed. R. Civ. P.
  Rule 12(b)(6) ...............................................................................................5, 7

Fed. R. Evid.
  Rule 201(b) ......................................................................................................5

Defendants submit this reply in further support of their Request for Judicial Notice, ECF 30 ("RJN"), and in response to Plaintiff's Response to Defendants' Request for Judicial Notice, ECF 33 ("RJN Opposition").[1]

## I.    INTRODUCTION

Plaintiff touts that its Complaint "is based on," among other things:

- "U.S. Securities and Exchange Commission ('SEC') filings by DexCom";

- "transcripts of Dexcom's public conference calls";

- "press releases, and other publications issued by the Company";

- "analyst reports about Dexcom"; and

- "transcripts of Dexcom senior management's conferences with investors and analysts."

Compl. at 1 n.1. Even a cursory review of the Complaint confirms it is chockfull of quotes taken from documents dating as far back as January 2021, and as far forward as January 2025—*i.e.*, well beyond the alleged class period.

Plaintiff, however, did not attach those documents to the Complaint or clearly identify which allegations are derived from which source—leaving Defendants (and the Court) to sort it out. Now that Defendants have done that work and prepared Appendices to aid the Court in its review, Plaintiff claims the Court should disregard all of it and every argument Defendants make based on those materials. It should not.

Plaintiff's own authority confirms that judicial notice and incorporation by reference "have roles to play at the pleading stage." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018). The "incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs" by preventing them "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002-03. This safeguard is especially crucial in securities fraud cases, where "an alleged

---

[1] Unless otherwise noted, all defined terms have the same meaning as in Defendants' RJN, all emphasis is added, and internal quotation marks and alterations are omitted.

misstatement must be read 'in light of its surrounding text, including hedges, disclaimers, and apparently conflicting information.'" *In re Eventbrite Sec. Litig.*, 2020 WL 2042078, at *11 (N.D. Cal. Apr. 28, 2020) (quoting *Omnicare v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015)). And contrary to Plaintiff's contentions, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Id.* at *7 (emphasis in original). "*Khoja* holds that an incorporated or noticed document's truth may not be assumed if the only purpose is to dispute or create a defense to a *well-pled* fact in a complaint." *Id.* (emphasis in original).

As a result, courts routinely consider dozens of documents—even 40 or more—under the judicial notice and incorporation by reference doctrines, including in cases decided since *Khoja*. *E.g.*, *In re Apple Sec. Litig.*, 2020 WL 2857397, at *5, 8 n.4 (N.D. Cal. June 2, 2020) (taking notice of 64 exhibits); *Ng v. Berkeley Lights*, 2024 WL 695699, at *3-5 (N.D. Cal. Feb. 20, 2024) (taking notice of 28 exhibits).

Here, Defendants seek consideration of 29 exhibits: 18 are incorporated by reference, and all 29 are subject to judicial notice.

## II.   ARGUMENT

The Court can, and should, consider each of the Exhibits and Appendices in deciding Defendants' Motion to Dismiss, as all are properly before the Court.

### A.   The Court May Properly Consider Exhibits 1, 4-6, 10-16, 20, 22-23, 25, and 27-29 Because They Are Incorporated by Reference.

A document is incorporated into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the

Court—are free to refer to any of its contents." *Berkeley Lights*, 2024 WL 695699, at *3.

Plaintiff advances two arguments against incorporation by reference. RJN Opp. 8-10. Neither has merit.

**First**, Plaintiff claims **Exhibits 5, 6, 20, and 27** are not incorporated by reference because they are purportedly "cited only in passing." RJN Opp. 9 & n.7. Not so.

The Complaint quotes **Exhibit 5** (Dexcom's February 11, 2021 earnings call) three times to support allegations that Statement Nos. 1, 3, and 6 were false or misleading when made. ¶¶68(b), 72(a), 78(a).[2] Both the quantity and reason for including this document in the Complaint demonstrate it is not cited only in passing. *See Berkeley Lights*, 2024 WL 695699, at *4 ("Given Plaintiffs' reliance on a portion of this document to detail a basis for the alleged falsity in Defendants' statements, the Court finds it incorporated by reference.").

Plaintiff quotes **Exhibit 6** (Dexcom's February 9, 2023 earnings call) in *both* its Complaint *and* Opposition to support scienter. ¶¶107-108; Opp. 18-19. As such, it is plainly incorporated by reference. *See Biotech. Value Fund v. Celera*, 12 F. Supp. 3d 1194, 1201 (N.D. Cal. 2013) (document incorporated where "plaintiffs discussed [it] in their opposition").[3]

Plaintiff identifies **Exhibit 20** (July 2024 research paper) as support for its claim that Abbott's CGM had a "cost advantage" over Dexcom's. ¶68(e). Plaintiff then uses this "cost advantage" argument to allege that Statement Nos. 1, 3, and 5 were false or misleading when made. ¶68(e), 72(c), 76(a)(iii). Thus, although

---

[2] Defendants' RJN inadvertently omitted ¶72, underscoring the difficulty of matching the quotes in the Complaint to specific time periods and sources.

[3] Plaintiff's cases do not compel a different result, as each found analyst reports not incorporated by reference when the complaint cited them only to discuss analysts' reactions. *Yaron v. Intersect ENT*, 2020 WL 6750568, at *3 (N.D. Cal. June 19, 2020); *Lake v. Zogenix*, 2020 WL 3820424, at *4-5 (N.D. Cal. Jan. 27, 2020).

Plaintiff cites this document only once, it relies on it to support falsity for multiple statements. *See Berkeley Lights*, 2024 WL 695699, at *4.

Plaintiff quotes from **Exhibit 27** (August 2023 MedTech article) as support for its claim that Statement No. 1 was false or misleading when made. ¶68(d). It is therefore "properly incorporated by reference because Plaintiff uses [it] to demonstrate falsity." *Smith v. NetApp*, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021); *see Jaszczyszyn v. SunPower*, 2024 WL 3463348, at *4 (N.D. Cal. July 17, 2024) (exhibits incorporated by reference where plaintiff "quot[ed] from them to allege falsity").

**Second**, Plaintiff insists Defendants improperly use exhibits incorporated by reference to "dispute-well pled facts and draw factual inferences in their favor." RJN Opp. 9. That is wrong in every respect.

To start, Plaintiff does not cite a single example of Defendants using an exhibit incorporated by reference to dispute a well-pled fact—not one. RJN Opp. 9-10.[4]

Next, Plaintiff suggests Defendants cannot use documents incorporated by reference to dispute *any* allegation—well-pled or not. RJN Opp. 9.[5] That is plainly not the law: "Although the truth of an incorporated document may not be considered *solely* to dispute **well-pled facts**, the Court need not accept as true conclusory allegations that are contradicted by documents referenced in the complaint." *In re Sentinelone Sec. Litig.*, 2024 WL 3297150, at *2 (N.D. Cal. July 2, 2024) (emphasis in original).

Finally, Plaintiff objects to Defendants' purported use of documents incorporated by reference to "draw factual inferences." RJN Opp. 9. But Plaintiff

---

[4] The RJN Opposition purports to distinguish Defendants' cases as inapplicable because the requests were unopposed but cites no authority for that proposition. RJN Opp. 4 & n. 2.

[5] Plaintiff's own case—*In re Green Dot Sec. Litig.*, 2024 WL 1356253, at *3 (C.D. Cal. Mar. 29, 2024)—does not advance its argument. That court merely reiterated that conclusory allegations are "not entitled to the assumption of truth in the first instance." *Id.*

cites no case suggesting that use in improper. Indeed, that very notion is contrary to the purpose of incorporation by reference: "to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Eventbrite*, 2020 WL 2042078, at *7. Nor does it comport with binding Supreme Court authority that "courts *must* consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" and "take into account plausible opposing inferences." *Tellabs v. Makor Issues & Rts.*, 551 U.S. 308, 322-23 (2007).

### B. The Court May Properly Consider Exhibits 1-29 Because They Are Subject to Judicial Notice.

In contrast to incorporation by reference, judicial notice extends to documents not cited in the Complaint, such as matters of public record, if they are "not subject to reasonable dispute." Fed. R. Evid. 201(b).

Plaintiff advances four arguments against judicial notice. RJN Opp. 3-8. None has merit.

**First**, Plaintiff feigns confusion as to "which specific facts…are the subject of [Defendants'] Request." RJN Opp. 4. That argument is disingenuous at best. Defendants' Motion to Dismiss quotes and provides pin cites to the referred text, and Defendants highlighted the relevant portions of each exhibit referenced in the Motion to Dismiss. Plaintiff does not specify what more Defendants should have done to make their request clearer. *See Eventbrite*, 2020 WL 2042078, at *7 (approving of highlighting to illustrate which facts subject to judicial notice). *Cf. Abadilla v. Precigen*, 2022 WL 1750033, at *11 (N.D. Cal. May 31, 2022) (ordering defendant to highlight exhibits). The cases Plaintiff cites are readily distinguishable. In *Cota v. Aveda*, the defendant submitted nine legal opinions without specifying whether it sought judicial notice of the facts of the cases, the holdings, or something else

entirely. 2020 WL 6083423, at *10 (S.D. Cal. Oct. 14, 2020). In *Green Dot*, the defendant requested judicial notice of over 1,100 pages of documents but did not identify a single fact for which it sought judicial notice. 2024 WL 1356253, at *3. The same is true for *Felipe v. Playstudios*, 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024). In *Fluor  v. Resolute Management*, it was the *plaintiff* who sought judicial notice, and the court denied it not only because the plaintiff "made no effort to identify specific facts in support of their request," but also because "it appear[ed] that [plaintiff's] RJN primarily aims to compensate for the deficiency of the FAC," which "is not the proper use of a request for judicial notice." 2022 WL 2101891, at *2-3 (C.D. Cal. May 4, 2022).

**Second**, Plaintiff insists Defendants "submit a number of documents to support their premature truth-on-the-market defense." RJN Opp. 5.[6] Although Plaintiff fails to identify *which* documents are purportedly used for such purposes, it appears to reference the very same documents that it quoted in the Complaint to support its alleged reasons for falsity. *Id.* As discussed above, §II.A, those documents are incorporated by reference. Moreover, as discussed in Defendants' MTD Reply, Defendants are not asserting truth-on-the-market. MTD Reply 5-6.

**Third**, Plaintiff argues Defendants "improperly rely on their exhibits for their truth." RJN Opp. 6. In support, Plaintiff cites only two examples, neither of which proves its point. Plaintiff claims Defendants use **Exhibit 14** (Dexcom's July 25, 2024 earnings call that ***Plaintiff alleges revealed the truth***) for the truth of Sayer's statement that "[w]e saw things getting better towards the end." *Id.* Given Plaintiff's

---

[6] Plaintiff cites no authority for its claim that pre-class period documents are not judicially noticeable and ignores overwhelming authority to the contrary. *E.g., In re Hansen Nat. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 n.2 (C.D. Cal. 2007) (considering Forms 10-K filed outside the class period because they contained potentially relevant risk disclosures); *In re Palo Alto Networks Sec. Litig.*, 2025 WL 1093247, at *2 n.1, 10 n.7 (N.D. Cal. Apr. 11, 2025) (noticing and considering Forms 4 from prior to class period); *Curry v. Yelp*, 2015 WL 1849037, at *4 (N.D. Cal. Apr. 21, 2015) (same). Moreover, Plaintiff relies on pre-class period documents in both its Complaint and Opposition. *E.g.,* Opp. 5 (citing ¶68(c)); ¶78(a) (citing 2021 Dexcom earnings call).

own use of this document, if Defendants *had* relied on it for the truth, that would be fair. *Zogenix*, 2020 WL 3820424, at *3-4 (finding document incorporated by reference because it "served as a corrective disclosure" and noting that the court "may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6)"). However, Plaintiff is wrong; Defendants cite it to provide context to other statements Sayer made that day, which Plaintiff claims were inconsistent with challenged statements and support scienter. There is no question *that* use—to provide omitted context—is eminently proper. *Khoja*, 899 F.3d at 1002 ("[I]ncorporation-by-reference…prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

Plaintiff also complains that Defendants rely on **Exhibits 23-26** (SEC Forms 4) to demonstrate the alleged class period stock sales were made to cover taxes and pursuant to 10b5-1 trading plans. RJN Opp. 7. Plaintiff claims this use is improper because Defendants "motivations for their sales are disputed facts." *Id.* But Plaintiff affirmatively alleges the existence of Sylvain's and Sayer's 10b5-1 plans, including the dates of adoption, ¶136, which comes from the Forms 4. Plaintiff cannot turn now and claim it disputes their existence. *Park v. GoPro*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (taking judicial notice of Forms 4 and finding no dispute where "an email referencing the 10b5-1 plan [was] in the Amended Complaint.") To the extent Plaintiff disputes that sales pursuant to a 10b5-1 plan refute an inference of scienter, that is an argument for its MTD Opposition, not a basis to refuse judicial notice. *Lu v. Align Tech.*, 417 F. Supp. 3d 1266, 1272 (N.D. Cal. 2019) (granting judicial notice where plaintiff only "contest[ed] what facts or inferences the Court may draw from [the] documents").

**Finally**, Plaintiff contends that Defendants "misconstrue their own documents…to support their misleading narrative." RJN Opp. 8. But Defendants do not ask the Court to take judicial notice of their interpretations of the documents. The

request is limited to the fact that each statement was made publicly on a certain date; the Court is free to draw whatever inferences it deems appropriate. *In re Aqua Metals Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (judicial notice to show "what was disclosed to the market" is proper). Plaintiff's dispute as to the implications of such disclosures is wholly irrelevant to the question of judicial notice. *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *17 n.8 (N.D. Cal. Oct. 31, 2014) ("[T]he inclusion of such argument in a brief purporting to address only whether the Court should take judicial notice of certain documents is improper."); *Garcia v. Cal. Sup. Ct.*, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014) ("A request for judicial notice is not a proper vehicle for legal argument.").

### C.     The Court May Properly Consider the Appendices.

Plaintiff objects that Appendices A and B are not subject to incorporation by reference or judicial notice. RJN Opp. 10. Defendants never claimed they were. Speers Decl. ¶¶2-3. Rather, the appendices compile allegations and information from documents incorporated into the Complaint and are submitted as an organizational tool for the Court's convenience. *Id.* They contain no extraneous information. *Waswick v. Torrid Holdings*, 2023 WL 9197563, at *3 (C.D. Cal. Dec. 1, 2023) (considering appendices over objection "because they provide organizational work that the Court would otherwise have to take upon itself"); *Studen v. Funko*, 2024 WL 2209686, at *6 (W.D. Wash. May 16, 2024) (considering appendix identifying the "fraudulent statements at issue" and citing to "Defendants' arguments, as set forth in their motion to dismiss, with respect to each challenged statement").

### III.    CONCLUSION

For the foregoing reasons and those in the RJN, Defendants respectfully request that the Court consider **Exhibits 1-29** under the incorporation by reference and/or judicial notice doctrines for the purposes cited in Defendants' Motion to Dismiss.

Cooley LLP
Attorneys at Law
San Diego

8

**DEFS' RJN REPLY**
**Case No. 24-cv-01485-RSH-VET**

Dated:      May 5, 2025

COOLEY LLP


By: */s/ Koji F. Fukumura*
    Koji F. Fukumura

*Attorneys for Defendants Dexcom Inc., Kevin Sayer, Jereme Sylvain, and Teri Lawver*