ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (200643)
W. MARK CONOVER (236090)
SARAH A. FALLON (345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
ddrosman@rgrdlaw.com
mconover@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-1485-RSH-VET |
| | LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE |
| | DATE:      July 16, 2025 |
| | CTRM:    3B, 3rd Floor |
| | JUDGE:    Honorable Robert S. Huie |

4926-2095-4962.v1

Lead Plaintiff National Elevator Industry Pension Fund ("Plaintiff") respectfully submits this opposition to the Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Motion to Dismiss Lead Plaintiff's First Amended Consolidated Complaint for Violations of the Federal Securities Laws (Doc. No. 40) ("Request").[1]

## I. The Court Should Reject Defendants' Attempt to Use Their Exhibits for an Improper Purpose

As a basis for their Motion to Dismiss, Defendants have submitted 28 exhibits – a document dump totaling nearly 400 pages – plus two improper and argumentative counsel-generated charts (the "Appendices").  They now ask the Court to treat this mountain of self-serving, extrinsic material as undisputed fact.  Defendants' Request is a transparent attempt to improperly litigate the facts of the case by creating a counter-narrative to the well-pleaded FAC.  This is a textbook example of abusive litigation that the Ninth Circuit has condemned.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  While two narrow exceptions exist (judicial notice and incorporation by reference), they are not a license for defendants to dispute a complaint's allegations.  First, under Federal Rule of Evidence 201(b), a court may only take judicial notice of a fact that is "not subject to reasonable dispute."  Fed. R. Evid. 201(b); *see In re Zillow Grp., Inc. Sec. Litig.*, 2018 WL 4735711, at *3 (W.D. Wash. 2018) ("While the Court can take judicial notice of the fact that a document was filed with the SEC, and of the contents of such a filing, '[t]he

---

[1] Capitalized terms not defined herein have the meaning ascribed in Lead Plaintiff's First Amended Consolidated Complaint for Violations of the Federal Securities Laws (Doc. No. 37) ("FAC").  The Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Lead Plaintiff's First Amended Consolidated Complaint for Violations of the Federal Securities Laws (Doc. No. 39-1) is referred to herein as "Motion to Dismiss" or "MTD."  In accordance with the Court's Civil Pretrial and Trial Procedures, pinpoint cites to the MTD are to the ECF-generated page number.  Lead Plaintiff's Opposition to Defendants' Motion to Dismiss the First Amended Consolidated Complaint for Violations of the Federal Securities Laws, filed herewith, is referred to as the "MTD Opp."  Unless otherwise noted, all "¶_" or "¶¶_" references are to the FAC, citations are omitted, and emphasis is added.

- 1 -                    24-cv-1485-RSH-VET

truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201.'").

Second, pursuant to the incorporation by reference doctrine, a court may consider a document only "'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja*, 899 F.3d at 1002 ("'[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document.'"). However, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003; *see also AliveCor, Inc. v. Apple Inc.*, 592 F. Supp. 3d 904, 912 (N.D. Cal. 2022) ("[C]ourts must be cautious when drawing inferences from incorporated documents.").

Recognizing the same type of gamesmanship that Defendants engage in here, *Khoja* noted the "concerning pattern in securities cases" of defendants "exploiting" these doctrines "improperly to defeat what would otherwise constitute [an] adequately stated claim[] at the pleading stage." 899 F.3d at 998. As such, the Ninth Circuit cautioned:

> Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access. . . . If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief.

*Id.* at 998-99.[2]

---

[2] Plaintiff does not oppose the judicial notice of undisputed facts contained in exhibits that are the proper subjects of judicial notice under Federal Rule of Evidence 201(b) and used for a proper purpose – *i.e.*, the filing date of a government application. *Khoja*, 899 F.3d at 1001. Nor does Plaintiff oppose the incorporation by reference of exhibits that are extensively relied upon by the FAC so long as they are not used for the improper purpose of prematurely resolving factual disputes in Defendants' favor at the pleadings stage. But, as detailed below, this is not how Defendants use most of their exhibits.

- 2 -                                                                24-cv-1485-RSH-VET

4926-2095-4962.v1

Flying in the face of this clear mandate, Defendants' Request does precisely what *Khoja* forbids. In their "Statement of Facts," Defendants improperly marshal their hand-picked exhibits – many of which are not even cited in the FAC – to stitch together a fictionalized counter-narrative.[3] This is a blatant attempt to supplant the FAC with their own self-serving version of events and engage in premature fact-finding. *See Khoja*, 899 F.3d at 999 (noting the "standard for 'plausible' claim for relief at pleading stage" and explaining that "undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine"). Defendants also use their exhibits for the improper purposes detailed below:

***To Fabricate a False Narrative Regarding the Sales Force (Exhibits 5 and 8-9)***: Defendants pluck selective, out-of-context snippets from extraneous documents to argue that the market was supposedly aware of their sales force's limitations. MTD at 12 (citing Doc. No. 39-10 at 7); *id.* at 20 (citing Doc. No. 39-10 at 11; Doc. No. 39-13 at 16). But the snippets are actually part of paragraphs, or even sentences, that either praise their sales force or simply do not address it at all. *See, e.g.*, Doc. No. 39-10 at 7 (Exhibit 5: "We . . . believe our direct, highly specialized and focused sales organization . . . [is] sufficient for us to support our sales efforts for at least the next twelve months.").[4] Thus, judicial notice of these documents for the purposes used should be denied. *See, e.g.*, *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *2 (C.D. Cal. 2020) ("Because defendants appear to use these documents for their truth and because plaintiffs dispute defendants' interpretation of the documents, the court declines to take judicial notice . . . ."); *see also Khoja*, 899 F.3d at

---

[3] Defendants acknowledge Exhibits 1, 3, 5, 8-9, 12, 15, and 24-25 are not incorporated by reference.

[4] *See also* MTD Opp., §II.B.4 (explaining Defendants' mischaracterizations of, *inter alia*, Exhibits 8-9).

- 3 -                                                  24-cv-1485-RSH-VET

1000 (denying notice where "[r]easonable people could debate what exactly this conference call disclosed").[5]

***To Ask the Court to Accept Self-Serving and Misleading Statements as True*** (***Exhibit 18***): Defendants ask the Court to accept as true Sayer's and Sylvain's own self-serving and misleading justifications for their guidance reduction. They point to their own statements claiming that they only "became aware" of problems late in the quarter, as if these statements are beyond dispute. MTD at 12-13, 22 n.4, 29-30 (citing to Ex. 18 11 times). These self-serving claims are the very definition of ***disputed facts*** and cannot be assumed as true to dispute the FAC's detailed allegations. *See Khoja*, 899 F.3d at 1003.

***To Whitewash Their Suspicious Insider Trading (Exhibits 24-28)***: Defendants point to uncorroborated, self-serving boilerplate language in their own Forms 4 to argue that their insider sales were innocuous tax payments. MTD at 31-32. But the reason for a stock sale is a classic question of fact. The Court should not simply accept Defendants' preferred explanation as true when the FAC pleads a strong inference that their sales were motivated by inside information. *See, e.g.*, *Luo v. Spectrum Pharms., Inc.*, 2024 WL 4443323, at *5 (D. Nev. 2024) (emphasis in original) (finding Forms 4 ineligible for judicial notice of the truth of the matters asserted therein where plaintiff "disputes the truth of the forms' content in which defendants ***themselves*** made the assertion regarding whether their transactions were pursuant to 'tax withholding obligations'").

***To Credit Inadmissible Testimony from Their Own Lawyers***: Most egregiously, Defendants submit a declaration from their own counsel to create "facts" about their stock sales and trading plans. *See* Doc. No. 39-2, ¶¶31-35. For example, relying on Defendants' counsel's declaration, Defendants argue that "Sylvain set up 10b5-1 plans nearly once a

---

[5] In some cases, Defendants do not even cite their exhibits in their brief (*see* Exs. 10, 16, 21-23), but only list them in Appendix B – which, as detailed below is itself improper.

4926-2095-4962.v1

year to sell shares on a quarterly basis." MTD at 32.[6] It is black-letter law that a lawyer's declaration is not permissible to dispute facts on a Federal Rule of Civil Procedure 12(b)(6) motion. *Holley v. Tripp*, 2024 WL 3966444, at \*3 (D. Idaho 2024) (a party's declarations "do not constitute a 'source[] whose accuracy cannot reasonably be questioned'" and are "inappropriate for consideration at the motion-to-dismiss stage"). This is an improper attempt to have counsel testify – without being subject to cross-examination – to resolve a disputed factual issue.

In sum, Defendants' exploitation of judicial notice and incorporation by reference should not be countenanced. Accordingly, the Court should decline Defendants' invitation to notice disputed facts, assume the truth of any noticed facts or incorporated documents to dispute well-pleaded allegations, or draw factual inferences in Defendants' favor based on the documents. *See Khoja*, 899 F.3d at 998-1003. This attempt to try the case on a paper record curated by the defense warrants rejection. *See Cohen v. Apple Inc.*, 2020 WL 619790, at \*1, \*3 (N.D. Cal. 2023) (converting motion to dismiss that included a "vast array of material presented outside of the pleadings" into a motion for summary judgment and allowing "immediate discovery").[7]

## II. The Court Should Disregard Defendants' Argumentative and Misleading Appendices

The Court should also summarily reject Defendants' Appendices. Defendants do not suggest that these Appendices are subject to judicial notice or incorporated by reference – nor can they. *See, e.g.*, *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal.

---

[6] Defendants' counsel's declaration also represents that their stock sales "were made either (i) pursuant to a 10b5-1 plan, or (ii) to cover tax withholding obligations" to further their narrative. Doc. No. 39-2, ¶¶31-35.

[7] Defendants' argument that they may rely on extrinsic documents to "create factual disputes with a plaintiff's conclusory allegations" (Request at 9) is a desperate misreading of *Khoja*. It is nothing more than a thinly-veiled attempt to bypass the pleading standard by relabeling the FAC's well-pleaded factual allegations as "conclusory." Other courts have flatly rejected this exact tactic. *See In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at \*3 (C.D. Cal. 2024) (rejecting the argument that *Khoja* permits using the truth of incorporated documents "'to create factual disputes with a plaintiff's **conclusory** allegations'") (emphasis in original).

- 5 -                    24-cv-1485-RSH-VET

2023) (declining to take judicial notice of chart "compiled by [defendant's] counsel," noting "[i]t cannot be judicially noticed because it is subject to reasonable dispute (as evidenced by the plaintiffs' objections)"). These counsel-generated charts are not evidence; they are improper supplemental briefs masquerading as "convenience" for the Court. Doc. No. 39-2, ¶¶2-3.

In reality, Defendants use these charts to misleadingly recast the FAC's allegations in a manner that suits them. They deliberately distort the FAC by omitting critical context, such as the analyst questions that prompted Defendants' misleading statements. They attempt to scramble the FAC's allegations into self-serving categories designed to confuse the issues and align with Defendants' Motion to Dismiss.

Defendants themselves describe Appendix A as "mapping falsity arguments . . . to each challenged statement[]" (MTD at 14). In Appendix A, Defendants set forth their own version of the alleged statements by omitting the analyst questions prompting the statements, which strips context essential to understanding why those statements were misleading.[8] Appendix A also assigns the statements to reasons Defendants believe each should be dismissed, identifying excerpts they contend are relevant to their arguments. *See generally* Doc. No. 39-4. This is impermissible. *See In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. 2020) (rejecting defendants' argument that a "chart to identify 108 statements encompassing 38 paragraphs of the complaint" was "simply a chart for the Court's convenience").

Likewise, Appendix B serves no legitimate purpose. Defendants describe Appendix B as "cataloguing the allegations supporting the alleged reasons for falsity, grouped into topical categories outlined in Section IV.A.3 of the Motion to Dismiss." Doc. No. 39-2, ¶3. But "cataloguing" is a pretext; Defendants use this chart to present a self-serving,

---

[8] Furthermore, in Appendix B, Defendants remove contextual language alleged in ¶276 from Statement L (*see* Doc. No. 39-4 at 4), while arguing in the Motion to Dismiss that Plaintiff removed context from this same statement and "misleadingly implie[d]" its meaning. MTD at 27. In another instance, Defendants add unalleged language to Statement E that does not appear in ¶134. *See* Doc. No. 39-4 at 10.

4926-2095-4962.v1

pared-down version of the FAC's falsity allegations. Indeed, Appendix B excludes much of the FAC's well-pleaded falsity allegations and includes new, unalleged material, rendering it an inaccurate portrayal of the allegations. Appendix B also fails as an organizational tool and is unnecessary to the Court's analysis. The FAC is clearly organized, providing the challenged statement, the passage from which it is derived, prompting analyst questions, and the reasons why the challenged statements are false. *See* Doc. No. 36 at 10 ("Plaintiff should clearly 'specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading . . . .'"). Appendix B attempts to unravel that organization by divorcing the reasons for falsity from the challenged statements entirely and stripping certain portions of the reasons for falsity from their whole. In scrambling the FAC's falsity allegations in a self-serving manner, Appendix B is both inaccurate and confusing. The Court should reject it.[9] *See DocuSign*, 669 F. Supp. 3d at 872 (rejecting counsel-generated chart as it "veers toward an attempt by [defendant] to insert its 'own version of events into the complaint,' which is impermissible").

This thinly-veiled attempt to rewrite the FAC in a light more favorable to the defense is impermissible. The FAC is clearly organized, and the Court is more than capable of understanding it without Defendants' biased and argumentative roadmap. *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. 2004) ("[T]he Court is capable of synthesizing information.").

**III.    Conclusion**

For the foregoing reasons, Defendants' Request should be denied. The Court should refuse to consider exhibits used for the improper purposes detailed herein, Defendants' improper factual assertions and arguments premised on these exhibits, and their misleading and argumentative Appendices. The merits of this case should be decided on a fully

---

[9] Finally, to the extent that Defendants proffer Appendix B to support their fact-bound truth-on-the-market defense, this is also improper at this stage of the proceedings. *See* MTD Opp., §II.B.4.

4926-2095-4962.v1

- 7 -                                                    24-cv-1485-RSH-VET

developed factual record, not on the basis of Defendants' self-serving and misleading document dump.

DATED:  July 2, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
W. MARK CONOVER
SARAH A. FALLON

s/ Daniel S. Drosman

DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
ddrosman@rgrdlaw.com
mconover@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELIZABETH A. SHONSON
(admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
eshonson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

O'DONOGHUE & O'DONOGHUE LLP
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
imcintire@odonoghuelaw.com

Additional Counsel

4926-2095-4962.v1

- 8 -

24-cv-1485-RSH-VET