COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
DYLAN K. SCOTT (332796)
(dscott@cooley.com)
CRISTINA M. FERRUOLO (339442)
(cferruolo@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420

*Attorneys for Defendants Dexcom, Inc., Kevin Sayer, Jereme Sylvain, and Teri Lawver*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-01485-RSH-VET |
| | **REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE** |
| | Ctrm:      3B, 3rd Floor<br>Judge:     Honorable Robert S. Huie<br>Hearing:   July 16, 2025 |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

## TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ........................................................................................... 1

II.   ARGUMENT .................................................................................................. 2

    A.   The Court May Properly Consider Exhibits 5, 8, and 9 Because They Are Subject to Judicial Notice. ...................................................... 2

    B.   The Court May Properly Consider Exhibit 18 Because It Is Incorporated by Reference. ................................................................... 4

    C.   The Court May Properly Consider Exhibits 24-28 Because They Are Subject to Judicial Notice and Incorporated by Reference. ............ 5

    D.   The Court May Properly Consider the Appendices. ............................. 6

III.  CONCLUSION ................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

*Ajaxo, Inc. v. Bank of America Technology & Operations, Inc.*,
2007 WL 4180361 (E.D. Cal. Nov. 21, 2007) ...................................................3

*In re Aqua Metals, Inc. Securities Litigation*,
2019 WL 3817849 (N.D. Cal. Aug. 14, 2019)..................................................3

*Borrego Community Health Foundation v. Hebets*,
2025 WL 934451 (S.D. Cal. Mar. 27, 2025)....................................................3

*City of Royal Oak Retirement System v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012)........................................................2, 5

*In re Eventbrite, Inc. Securities Litigation*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ...................................................2

*Greenspan v. Qazi*,
2021 WL 3173205 (N.D. Cal. July 27, 2021) ...................................................6

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ...................................................................1, 4, 5

*Lake v. Zogenix, Inc.*,
2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) ...................................................5

*Lu v. Align Technology, Inc.*,
417 F. Supp. 3d 1266 (N.D. Cal. 2019)..............................................................5

*Ng v. Berkeley Lights, Inc.*,
2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ...............................................2, 4

*Park v. GoPro, Inc.*,
2024 WL 695699 (N.D. Cal. Feb. 20, 2024)....................................................5, 6

*Studen v. Funko, Inc.*,
2024 WL 2209686 (W.D. Wash. May 16, 2024) ...............................................6

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010)........................................................................3

*Waswick v. Torrid Holdings, Inc.*,
2023 WL 9197563 (C.D. Cal. Dec. 1, 2023) ....................................................6

Defendants submit this reply in further support of their Request for Judicial Notice and Incorporation by Reference, Doc. No. 40 ("RJN"), and in response to Plaintiff's Opposition to Defendants' Request for Judicial Notice, Doc. No. 42 ("RJN Opposition").[1]

## I.    INTRODUCTION

Plaintiff touts that the AC is "based on," among other things:

- "U.S. Securities and Exchange Commission ('SEC') filings by DexCom";
- "transcripts of Dexcom's public conference calls";
- "press releases, and other publications issued by the Company";
- "analyst reports about Dexcom"; and
- "transcripts of Dexcom senior management's conferences with investors and analysts."

Doc. No. 37 at 5 n.1.

Plaintiff, however, did not attach those documents to the AC or clearly identify which allegations are derived from which source—leaving Defendants (and the Court) to sort it out. Now that Defendants have done that work and prepared Appendices to aid the Court in its review, Plaintiff claims the Court should disregard all of it and every argument Defendants make based on those materials. It should not.

Plaintiff's own authority confirms that judicial notice and incorporation by reference "have roles to play at the pleading stage." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018). The "incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs" by preventing them "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002-03. This safeguard is especially crucial in securities fraud cases, where "an alleged

---

[1] Unless otherwise noted, all defined terms have the same meaning as in Defendants' RJN, all emphasis is added, and internal quotation marks and alterations are omitted.

misstatement must be read in light of its surrounding text, including hedges, disclaimers, and apparently conflicting information." *In re Eventbrite Sec. Litig.*, 2020 WL 2042078, at *11 (N.D. Cal. Apr. 28, 2020) (quoting *Omnicare v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015)). And contrary to Plaintiff's contentions, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Id.* at *7 (emphasis in original). "*Khoja* holds that an incorporated or noticed document's truth may not be assumed if the only purpose is to dispute or create a defense to a *well-pled* fact in a complaint." *Id.* (emphasis in original).

As a result, courts routinely consider dozens of documents—even 40 or more—under the judicial notice and incorporation by reference doctrines, including in cases decided since *Khoja*. *E.g.*, *City of Royal Oak Ret. Sys. v. Juniper Networks*, 880 F. Supp. 2d 1045, 1058-60 (N.D. Cal. 2012) (taking notice of 41 exhibits); *Ng v. Berkeley Lights*, 2024 WL 695699, at *3-5 (N.D. Cal. Feb. 20, 2024) (taking notice of 28 exhibits).

Here, Defendants seek consideration of 28 exhibits: 19 are incorporated by reference, and all 28 are subject to judicial notice

## II.    ARGUMENT

Despite broad rhetoric purporting to challenge every exhibit submitted, Plaintiff's arguments are limited to Exhibits 5, 8, 9, 18, and 24-28, as well as Defendants' two Appendices. All are properly before the Court.

### A.    The Court May Properly Consider Exhibits 5, 8, and 9 Because They Are Subject to Judicial Notice.

Plaintiff does not dispute that Exhibit 5 (an SEC filing), Exhibit 8 (an earnings call transcript), and Exhibit 9 (an analyst conference transcript) are the ***type*** of documents that are subject to judicial notice. *See* Doc. No. 40 at 10 (providing case law supporting judicial notice of such documents).

Instead, Plaintiff argues that Defendants improperly *use* these three exhibits for their truth. Doc. No. 42 at 4-5. Plaintiff is wrong. Defendants cite these exhibits for the sole purpose of showing Defendants' public disclosures about Dexcom's salesforce, insurance coverage, and projections. *See* Doc. No. 39-1 at 12, 20 (citing Ex. 5 to show disclosures about Dexcom's sales force); *id.* at 11 (citing Ex. 8 to show disclosure about private insurers); *id.* at 12 (citing Ex. 8 to show disclosure about Dexcom's projections and its sales force); *id.* at 20-21 (citing Exs. 8 and 9 to show disclosures about sales force). That limited use—to show "what was in the public realm at the time"—is unquestionably proper. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also In re Aqua Metals Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (considering "SEC filings, press releases, and conference call transcripts…for the purpose of determining what was disclosed to the market."). Defendants do not ask the Court to accept the truth of any of these disclosures.

Plaintiff's real complaint with these exhibits seems to be that the documents show that Dexcom publicly disclosed limitations of its sales force. But simply because a public disclosure undermines Plaintiff's theory of liability is not a basis to deny judicial notice and ignore that the disclosure was made. Indeed, "a court may take judicial notice of such a fact even when the complaint makes an express allegation to the contrary." *Ajaxo, Inc. v. Bank of Am. Tech. & Operations*, 2007 WL 4180361, at *1 (E.D. Cal. Nov. 21, 2007); *see also Borrego Cmty. Health Found. v. Hebets*, 2025 WL 934451, at *3 (S.D. Cal. Mar. 27, 2025) (same).

This is particularly true where, as here, Plaintiff affirmatively put these disclosures at issue by citing them in the AC. *See* ¶314 (quoting Ex. 8); ¶322[2] (quoting Ex. 9). Given Plaintiff's limited citation of these documents, Defendants did not argue they were incorporated by reference. But the same logic applies: Plaintiffs cannot "select[] only portions of documents that support their claims, while omitting

---

[2] Defendants' RJN inadvertently refers to ¶332. Doc. No. 40 at 11.

portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Plaintiff's authorities do not suggest otherwise. In *Khoja*, defendants included as an exhibit a transcript that purportedly showed the company had already told investors that "the Light Study would not serve as the definitive trial." *Id.* at 1000. But the court found the actual language in the transcript did not necessarily support that interpretation, so it was not judicially noticeable for the requested purpose. *Id.* And in *Longo v. OSI Systems*, the defendants relied on documents from the Albanian government "for their truth," which plaintiffs disputed. 2020 WL 3124221, at *2 (C.D. Cal. Mar. 11, 2020). Here, conversely, Defendants do not ask the Court to accept the truth of any of these disclosures, merely that they were made.

## B.    The Court May Properly Consider Exhibit 18 Because It Is Incorporated by Reference.

Plaintiff does not dispute that Exhibit 18 (Dexcom's July 2024 earnings call transcript) is incorporated by reference. Nor could it, as the AC cites this document in over 50 paragraphs.[3] *See* Doc. No. 40 at 7.

Instead, Plaintiff complains that Defendants improperly rely on statements made in Exhibit 18 for their truth. *See* Doc. No. 42 at 5. But that is precisely the purpose for which Plaintiff cites this same document: for its truth. *E.g.*, ¶287(a) ("the truth was revealed on July 25, 2024"); ¶295(a) (same); ¶367; Doc. No. 41 at 11 (referring to the disclosures on July 25, 2024 as "the final revelation"). Moreover, "*[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss*, and both parties—and the Court—are free to refer to any of its contents." *Ng*, 2024 WL 695699, at *3.

Plaintiff cannot pick and choose which parts of Exhibit 18 the Court should accept as true and which it should not. Plaintiff relies on it for its truth, so it is proper

---

[3] Defendants' RJN contained a typo, citing ¶¶201-262, rather than ¶¶261-262. Doc. No. 40 at 7. The other citations are all accurate. *Id.*

for Defendants to do the same. *See Khoja*, 899 F.3d at 1002 ("[I]ncorporation-by-reference…prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."); *Lake v. Zogenix*, 2020 WL 3820424, at *3-4 (N.D. Cal. Jan. 27, 2020) (finding document incorporated by reference because it "served as a corrective disclosure" and noting the court "may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6)").

**C.    The Court May Properly Consider Exhibits 24-28 Because They Are Subject to Judicial Notice and Incorporated by Reference.**

Plaintiff objects to the Court's consideration of Exhibits 24-28 (Defendants' Forms 4) for the purpose of identifying the stated reasons for the stock sales. Doc. No. 42 at 5. But these documents are the source of Plaintiff's stock sale allegations, so they are incorporated by reference. ¶¶342-45. Further, Plaintiff relies on these documents for their truth to allege the amount, timing, and price of stock sales. *Id.* But then turns around and says the Court cannot consider the reasons for those sales—disclosed on the very same documents—for their truth. Doc. No. 42 at 5. That argument cannot be reconciled with *Khoja*. *See supra* §II.B (addressing similar argument for Exhibit 18).

Although courts are divided on this, the better view—*i.e.*, the one consistent with the longstanding principles of the incorporation by reference doctrine—is that it is proper to consider the reasons along with the amount, timing, and price of the stock sales. *See, e.g.*, *Park v. GoPro*, 2019 WL 1231175, at *7 (N.D. Cal. Feb. 20, 2024) (taking judicial notice of Forms 4 and finding no dispute where "an email referencing the 10b5-1 plan [was] in the Amended Complaint."); *Lu v. Align Tech.*, 417 F. Supp. 3d 1266, 1272 (N.D. Cal. 2019) (granting judicial notice where plaintiff only "contest[ed] what facts or inferences the Court may draw from [the] documents"); *Juniper Networks*, 880 F.Supp.2d at 1059 (Forms 4 incorporated by reference "even when not referenced in the pleading, to prove that stock sales were

made pursuant to a Rule 10b5-1 trading plan.").

Plaintiff further suggests the reason for the stock sales is a disputed fact. Doc. No. 42 at 5. But no well-pled fact is in dispute. The Forms 4 show that Defendants stock sales were made pursuant to 10b5-1 plans and to satisfy tax obligations. *See* Doc. No. 39-1 at 31-32. Plaintiff affirmatively alleges the existence of Sylvain's and Sayer's 10b5-1 plans, including the dates of adoption, ¶346, so there is no factual dispute there. *See GoPro*, 2019 WL 1231175, at *7. And the AC contains no allegation that the stock sales were ***not*** made to cover tax obligations, so there is no factual dispute there.

### D.     The Court May Properly Consider the Appendices.

Finally, Plaintiff argues that Appendices A and B are not subject to incorporation by reference or judicial notice. Defendants never claimed they were. *See* Speers Decl. ¶¶2-3. Rather, the appendices compile allegations and information from documents incorporated into the AC and are submitted as an organizational tool for the Court's convenience. *Id.* Courts routinely rely on—and even request—similar organizational tools in securities cases. *E.g., Waswick v. Torrid Holdings*, 2023 WL 9197563, at *3 (C.D. Cal. Dec. 1, 2023) (considering appendices over objection "because they provide organizational work that the Court would otherwise have to take upon itself"); *Studen v. Funko*, 2024 WL 2209686, at *6 (W.D. Wash. May 16, 2024) (considering appendix identifying the "fraudulent statements at issue" and citing to "Defendants' arguments, as set forth in their motion to dismiss, with respect to each challenged statement"); *Greenspan v. Qazi*, 2021 WL 3173205, at *2 (N.D. Cal. July 27, 2021) (ordering plaintiffs to "prepare a chart…that specifically identifies: (1) each statement alleged to have been false or misleading, (2) the reason(s) the statement was false or misleading when made, and (3) if an allegation regarding the statement or omission is made on information and belief, all facts on which the belief is formed").

The Appendices contain no argument that is not contained in Defendants'

Motion to Dismiss. The purpose of Appendix A is solely to show the Court that each challenged statement can be dismissed for multiple reasons, all of which are fully detailed in the Motion to Dismiss. The purpose of Appendix B is to identify the sources supporting each of Plaintiffs' three alleged reasons for falsity, and (if relevant) provide context omitted from the AC. The Court is free to disregard both Appendices if it does not find them useful.

## III.   CONCLUSION

For the foregoing reasons and those in the RJN, Defendants respectfully request that the Court consider **Exhibits 1-28** under the incorporation by reference and/or judicial notice doctrines for the purposes cited in Defendants' Motion to Dismiss.

Dated:     July 9, 2025                    COOLEY LLP

                                           By: */s/ Koji F. Fukumura*
                                                Koji F. Fukumura

                                           *Attorneys for Defendants Dexcom Inc., Kevin Sayer, Jereme Sylvain, and Teri Lawver*