1  COOLEY LLP
   KOJI F. FUKUMURA (189719)
2  (kfukumura@cooley.com)
   HEATHER M. SPEERS (305380)
3  (hspeers@cooley.com)
   10265 Science Center Drive
4  San Diego, CA 92121-1117
   Telephone:  +1 858 550 6000
5  Facsimile:   +1 858 550 6420

6  *Attorneys for Defendants Dexcom, Inc., Kevin*
   *Sayer, Jereme Sylvain, and Teri Lawver*
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10
   IN RE: DEXCOM, INC. CLASS        | Lead Case No. 24-cv-01485-RSH-VET
11 ACTION SECURITIES LITIGATION     |
                                    | **DEFENDANTS' ANSWER TO**
12                                  | **LEAD PLAINTIFF'S AMENDED**
                                    | **CONSOLIDATED COMPLAINT**
13                                  | **FOR VIOLATIONS OF THE**
                                    | **FEDERAL SECURITIES LAWS**
14
                                    | **Demand for Jury Trial**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

                                   DEFS' ANSWER TO AC
                                   CASE NO. 24-CV-1485-RSH-VET

Defendant Dexcom, Inc. ("Dexcom") and individual defendants Kevin R. Sayer, Jereme M. Sylvain, and Teri Lawver (the "Individual Defendants" and collectively with Dexcom, "Defendants"), by and through their counsel, hereby answer Lead Plaintiff's Amended Consolidated Complaint for Violations of the Federal Securities Laws ("AC").

To the extent that the paragraphs in the AC are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, Defendants deny any and all allegations in each and every heading and subheading in the AC.

Except as explicitly admitted herein, Defendants deny each and every allegation in the AC, including, without limitation, headings, subheadings, footnotes, and the prayer for relief. Defendants further answer the numbered paragraphs in the AC as follows.

## **ANSWER**

1.    Paragraph 1 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 1. Without limiting the foregoing denial, (i) Defendants further and specifically deny that Teri Lawver is a proper defendant following the Court's dismissal with prejudice of all but two challenged statements, neither of which Ms. Lawver "made" or "controlled"; and (ii) Defendants further and specifically deny that Dexcom was losing basal market share during the alleged class period.

2.    In response to paragraph 2, Defendants admit that Plaintiff purports to assert claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5. Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23. Defendants deny that Plaintiffs have suffered

any damages based on the allegations in the AC. The remainder of paragraph 2 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 2. Except as expressly admitted herein, Defendants deny the allegations in paragraph 2.

3. In response to paragraph 3, Defendants admit that Dexcom is a medical device company primarily focused on the design, development, and commercialization of continuous glucose monitoring, or CGM, systems for the management of diabetes and metabolic health by patients, caregivers, and clinicians around the world. The remainder of paragraph 3 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 3. Except as expressly admitted herein, Defendants deny the allegations in paragraph 3.

4. Paragraph 4 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 4.

5. In response to paragraph 5, Defendants admit that during the alleged class period Dexcom and Abbott had the largest market share in the CGM space but deny that Dexcom and Abbott are a duopoly. Defendants further admit that Dexcom's most current CGM system is known as the "G7" and Abbott's is known as "Freestyle Libre 3." Defendants further admit that prior to April 2023, Medicare and many private health insurance plans (though, not all), did not cover CGMs for Type 2 basal patients. The remainder of paragraph 5 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 5. Except as expressly admitted herein, Defendants deny the allegations in paragraph 5.

6. In response to paragraph 6, Defendants admit that Dexcom's core business was focused on people using intensive insulin therapy and that Dexcom had

expanded from the DME channel to also sell products through the pharmacy channel. Except as expressly admitted herein, Defendants deny the allegations in paragraph 6.

7.     Paragraph 7 contains allegations specific to Abbott, for which Defendants lack knowledge or information, and on that basis, deny them.

8.     Defendants admit the first sentence of paragraph 8. In response to the second sentence of paragraph 8, Defendants admit that Dexcom held a conference call on April 27, 2023. To the extent paragraph 8 purports to quote, summarize, or characterize that conference call, Defendants refer the Court and Plaintiff to the transcript of that conference call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 8 differ in any way from the contents of the conference call, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 8.

9.     Paragraph 9 contains Plaintiff's own characterizations, arguments, or legal conclusions—many of which concern allegations about alleged misstatements the Court dismissed with prejudice—to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 9.

10.     Paragraph 10 contains Plaintiff's own characterizations, arguments, or legal conclusions—many of which concern allegations about alleged misstatements the Court dismissed with prejudice—to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 10.

11.     Paragraph 11 contains Plaintiff's own characterizations, arguments, or legal conclusions—many of which concern allegations about alleged misstatements the Court dismissed with prejudice—to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 11.

12.     Paragraph 12 contains Plaintiff's own characterizations, arguments, or legal conclusions—many of which concern allegations about alleged misstatements the Court dismissed with prejudice—to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 12.

13.     Paragraph 13 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 13.

14.     Paragraph 14 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 14.

15.     Paragraph 15 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 15.

16.     In response to paragraph 16, Defendants admit that Plaintiff purports to assert claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 and that the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 27 of the Exchange Act. Except as expressly admitted herein, Defendants deny the allegations in paragraph 16.

17.     In response to paragraph 17, Defendants admit that venue is proper in this district and that Dexcom is headquartered and conducts business in this district. Except as expressly admitted herein, Defendants deny the allegations in paragraph 17.

18.     In response to paragraph 18, Defendants admit that shares of Dexcom's common stock traded under the symbol "DXCM" on the Nasdaq Global Select Market ("NASDAQ") during the purported Class Period. Except as expressly admitted herein, Defendants deny the allegations in paragraph 18.

19.     In response to paragraph 19, Defendants deny that the price of shares of Dexcom's common stock were artificially inflated during the purported Class Period. Paragraph 19 also contains allegations specific to Lead Plaintiff, for which Defendants lack knowledge or information and, on that basis, deny them.

20.     Defendants admit the allegations in paragraph 20.

21.     In response to paragraph 21, Defendants admit that Kevin Sayer served

as the Executive Chairman of the Board of Directors, CEO, and President of Dexcom during the alleged class period. Except as expressly admitted herein, Defendants deny the allegations in paragraph 21.

22.    In response to paragraph 22, Defendants admit that Jereme Sylvain served as Dexcom's Chief Accounting Officer and Executive Vice President and CFO of Dexcom during the alleged class period. Except as expressly admitted herein, Defendants deny the allegations in paragraph 22.

23.    In response to paragraph 23, Defendants admit that Teri Lawver served as Executive Vice President and CCO of Dexcom during the alleged class period. Defendants further admit that, on October 24, 2024, Dexcom announced that Ms. Lawver would retire at the end of the year and continue as a special advisor to Dexcom through early 2025. Except as expressly admitted herein, Defendants deny the allegations in paragraph 23.

24.    Paragraph 24 does not contain an allegation of fact and therefore requires no response.

25.    Paragraph 25 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 25.

26.    Paragraph 26 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 26.

27.    Defendants admit the allegations in paragraph 27.

28.    Defendants admit the allegations in paragraph 28.

29.    Defendants admit the allegations in paragraph 29.

30.    Defendants admit the allegations in paragraph 30.

31.    Defendants admit the allegations in paragraph 31.

32.    Defendants admit the allegations in paragraph 32.

33.    Defendants admit the allegations in paragraph 33.

34.    In response to paragraph 34, Defendants admit that during the alleged class period Dexcom and Abbott had the largest market share in the CGM space but deny that Dexcom and Abbott are a duopoly. Defendants further admit that Abbott's CGM system is known as "Freestyle Libre." The remainder of paragraph 34 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 34.

35.    Paragraph 35 contains allegations specific to Abbott, for which Defendants lack knowledge or information, and on that basis, deny them.

36.    Defendants admit the allegations in paragraph 36.

37.    Defendants admit the allegations in paragraph 37.

38.    Defendants admit the allegations in paragraph 38.

39.    In response to paragraph 39, Defendants admit that Dexcom was historically focused on DME but in response to demand from payors, doctors, and patients, Dexcom expanded to also offer its products through the pharmacy channel. Defendants further admit that the pharmacy channel afforded Dexcom greater reach than the DME channel alone. Defendants further admit that Dexcom focuses efforts on both the pharmacy and DME channel as they each offer unique features for patients and payors, and preference varies by individual doctor or user. The remainder of paragraph 39 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 39.

40.    Defendants admit the allegations in paragraph 40.

41.    In response to paragraph 41, Defendants admit the allegations as they concern Medicare Part B. Defendants deny that *all* Medicare patients were required to obtain their CGMs through the DME channel. To the contrary Medicare

Advantage patients (Medicare Type C), account for more than half (54%) of all Medicare eligible beneficiaries, and, by January 2024, the majority of lives in Medicare Advantage had CGM coverage available for pharmacy. Except as expressly admitted herein, Defendants deny the allegations in paragraph 41.

42.    Paragraph 42 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 42.

43.    Paragraph 43 contains allegations specific to Abbott, for which Defendants lack knowledge or information, and on that basis, deny them.

44.    Paragraph 44 contains allegations specific to Abbott, for which Defendants lack knowledge or information, and on that basis, deny them.

45.    Paragraph 45 and footnote 2 contain allegations specific to Abbott, for which Defendants lack knowledge or information, and on that basis, deny them.

46.    In response to paragraph 46 and footnote 3, Defendants admit that Dexcom held earnings calls on February 11, 2021, February 10, 2022, October 26, 2023, and February 8, 2024, and participated in an investor conference call on March 4, 2025. To the extent the allegations in paragraph 46 and footnote 3 purport to quote, summarize, or characterize statements made during those earnings calls or the investor conference call, Defendants refer the Court and Plaintiff to the transcripts of the earnings calls and investor conference call, which speak for themselves and are the best evidence of the statements made. The remainder of paragraph 46 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 46 and footnote 3.

47.    Paragraph 47 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 47. The remainder of

paragraph 47 and footnote 4 purport to contain findings and excerpts from a publication. Defendants refer the Court and Plaintiff to the publication, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 47 differ in any way from the contents of the publication, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 47 and footnote 4.

48.     In response to paragraph 48, Defendants admit the allegations, but deny that *all* Medicare patients were required to obtain their CGMs through the DME channel. To the contrary Medicare Advantage patients (Medicare Type C), account for more than half (54%) of all Medicare eligible beneficiaries, and, by January 2024, the majority of lives in Medicare Advantage had CGM coverage available for pharmacy.

49.     Paragraph 49 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49. Without limiting the foregoing denial, Defendants specifically deny that *all* Medicare patients were required to obtain their CGMs through the DME channel. To the contrary Medicare Advantage patients (Medicare Type C), account for more than half (54%) of all Medicare eligible beneficiaries, and, by January 2024, the majority of lives in Medicare Advantage had CGM coverage available for pharmacy.

50.     In response to paragraph 50, Defendants admit that Dexcom held an earnings call on April 27, 2023. To the extent the allegations in paragraph 50 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 50 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 50.

51.    In response to paragraph 51, Defendants admit that Dexcom held an earnings call on April 27, 2023. To the extent the allegations in paragraph 51 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 51 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 51 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 51.

52.    Paragraph 52 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52.

53.    In response to paragraph 53, Defendants admit that Dexcom held an Investor Day on June 23, 2023. To the extent the allegations in paragraph 53 purport to quote, summarize, or characterize statements made during Investor Day, Defendants refer the Court and Plaintiff to the transcript of the Investor Day presentation, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 53 differ in any way from the Investor Day transcript, Defendants deny the allegations. The remainder of paragraph 53 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 53.

54.    Defendants are not required to respond to the allegations in paragraph 54 (which concern Statement D) because the Court dismissed the claims based on Statement D, and, on that basis, deny them. To the extent a response is required, Defendants admit that Dexcom held an Investor Day on June 23, 2023. To the extent

the allegations in paragraph 54 purport to quote, summarize, or characterize statements made during Investor Day, Defendants refer the Court and Plaintiff to the transcript of the Investor Day presentation, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 54 differ in any way from the Investor Day transcript, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 54.

55.    Defendants are not required to respond to the allegations in paragraph 55 (which concern Statement E) because the Court dismissed the claims based on Statement E. To the extent a response is required, Defendants admit that Dexcom presented at the Wells Fargo Healthcare Conference on September 6, 2023. To the extent the allegations in paragraph 55 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the Wells Fargo Healthcare Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 54 differ in any way from the Wells Fargo Healthcare Conference transcript, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 55.

56.    Paragraph 56 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 56. Without limiting the foregoing denial, Defendants specifically deny that Dexcom was ceding basal market share to Abbott during the class period. To the contrary, Dexcom's share of the **total** active retail basal market increased each month from August 2023 to April 2024. According to IQVIA data, Dexcom's **total** active retail basal market share **increased** as follows, whereas Abbott's **total** active retail basal market share **decreased** as follows:

| Month | Total active retail basal market share per IQVIA[1] | |
|---|---|---|
| | Dexcom | Abbott |
| August 2023 | 25.4% | 74.6% |
| September 2023 | 26.3% | 73.7% |
| October 2023 | 27.0% | 73.0% |
| November 2023 | 27.6% | 72.4% |
| December 2023 | 28.2% | 71.8% |
| January 2024 | 28.8% | 71.2% |
| February 2024 | 29.3% | 70.7% |
| March 2024 | 29.8% | 70.2% |
| April 2024 | 30.2% | 69.8% |

57.    In response to paragraph 57, Defendants admit that Dexcom made a public presentation on January 13, 2025. To the extent the allegations in paragraph 57 differ in any way from the way from the presentation transcript, Defendants deny the allegations. The remainder of paragraph 57 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 57. Except as expressly admitted herein, Defendants deny the allegations in paragraph 57.

58.    In response to paragraph 58, Defendants admit that Dexcom made a public presentation on March 4, 2025. To the extent the allegations in paragraph 58 differ in any way from the way from the presentation transcript, Defendants deny the allegations. The remainder of paragraph 58 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 58. Except as

---

[1] Figures in this table are generated from IQVIA data available to Dexcom as of the date of this filing, and include application of Dexcom-specific definitions for what qualifies as "active retail basal market share."

expressly admitted herein, Defendants deny the allegations in paragraph 58.

59.     In response to paragraph 59, Defendants that Dexcom held an earnings call on July 25, 2024. To the extent the allegations in paragraph 59 purport to quote, summarize, or characterize that earnings call transcript, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. The remainder of paragraph 59 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 59.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 59.

60.     Defendants are not required to respond to the allegations in paragraph 60 related to the January 8, 2024 statement (which concern Statement H) because the Court dismissed the claims based on Statement H. To the extent a response is required, Defendants admit that Dexcom presented at the J.P. Morgan Healthcare Conference on January 8, 2024. To the extent the allegations in paragraph 60 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the J.P. Morgan Healthcare Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 60 differ in any way from the J.P. Morgan Healthcare Conference transcript, Defendants deny the allegations.

In response to the allegations in paragraph 60 related to the February 8, 2024 statement, Defendants admit that Dexcom held an earnings call on February 8, 2024. To the extent the allegations in paragraph 60 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 60 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 60 contains Plaintiff's own characterizations, arguments, or

legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

Except as expressly admitted herein, Defendants deny the allegations in paragraph 60.

61. In response to paragraph 61, Defendants admit that on BTIG, Wells Fargo, and Piper Sandler issued reports on February 8, 2024, and Leerink and William Blair issued reports on February 9, 2024. To the extent the allegations in paragraph 61 purport to quote, summarize, or characterize the reports, Defendants refer the Court and Plaintiff to the reports, which speak for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 61 differ in any way from the contents of the reports, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 61.

62. In response to paragraph 62, Defendants admit that Dexcom held an earnings call on April 25, 2024. To the extent the allegations in paragraph 62 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 62 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 61 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 62.

63. In response to paragraph 63, Defendants admit that Dexcom held an earnings call on April 25, 2024. To the extent the allegations in paragraph 63 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 63

differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 63 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 63.

64.    Paragraph 64 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 64.

65.    In response to paragraph 65, Defendants admit that Dexcom held an earnings call on April 25, 2024.  To the extent the allegations in paragraph 65 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 65 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 65.

66.    Defendants state that no response is required to the allegations in paragraph 66 (which concern Statement L) because the Court dismissed the claims based on Statement L. To the extent a response is required, Defendants admit that Dexcom held an earnings call on April 25, 2024.  To the extent the allegations in paragraph 66 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 66 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations in paragraph 66. Except as expressly admitted herein, Defendants deny the allegations in paragraph 66.

67.    Defendants state that no response is required to the allegations in paragraph 67 (which concern Statement N) because the Court dismissed the claims

based on Statement N. To the extent a response is required, Defendants admit that Dexcom presented at the June 5, 2024 William Blair Growth Stock Conference. To the extent the allegations in paragraph 67 purport to quote, summarize, or characterize that presentation, Defendants refer the Court and Plaintiff to the transcript of the presentation, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 67 differ in any way from the contents of the presentation transcript, Defendants deny the allegations in paragraph 67. The remainder of paragraph 67 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 67. Except as expressly admitted herein, Defendants deny the allegations in paragraph 67.

68.     Paragraph 68 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 68.

69.     In response to paragraph 69, Defendants admit that Dexcom held an earnings call on July 25, 2024. To the extent the allegations in paragraph 69 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 69 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations in paragraph 69. The remainder of paragraph 69 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 69. Except as expressly admitted herein, Defendants deny the allegations in paragraph 69.

70.     In response to paragraph 70, Defendants admit that Dexcom held an earnings call on July 25, 2024. To the extent the allegations in paragraph 70 purport

to quote, summarize, or characterize that earnings call transcript, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 69 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations in paragraph 70. The remainder of paragraph 70 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 70. Except as expressly admitted herein, Defendants deny the allegations in paragraph 70.

71.    Paragraph 71 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 71.

72.    In response to paragraph 72, Defendants admit that Dexcom made public presentations on September 4, 2024; January 13, 2025; and March 4, 2025. To the extent the allegations in paragraph 72 purport to quote, summarize, or characterize those presentations, Defendants refer the Court and Plaintiff to the transcripts of those presentations, which speak for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 72 differ in any way from the contents of those transcripts, Defendants deny the allegations in paragraph 72. The remainder of paragraph 72 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 72.

73.    Paragraph 73 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 73.

74.    Defendants are not required to respond to the allegations in paragraph 74 concerning Statement A because the Court dismissed the claims based on those

allegations, and, on that basis, deny them.

75.    Defendants are not required to respond to the allegations in paragraph 75 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

76.    Defendants are not required to respond to the allegations in paragraph 76 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

77.    Defendants are not required to respond to the allegations in paragraph 77 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

78.    Defendants are not required to respond to the allegations in paragraph 78 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

79.    Defendants are not required to respond to the allegations in paragraph 79 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

80.    Defendants are not required to respond to the allegations in paragraph 80 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

81.    Defendants are not required to respond to the allegations in paragraph 81 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

82.    Defendants are not required to respond to the allegations in paragraph 82 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

83.    Defendants are not required to respond to the allegations in paragraph 83 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

84.     Defendants are not required to respond to the allegations in paragraph 84 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

85.     Defendants are not required to respond to the allegations in paragraph 85 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

86.     Defendants are not required to respond to the allegations in paragraph 86 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

87.     Defendants are not required to respond to the allegations in paragraph 87 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

88.     Defendants are not required to respond to the allegations in paragraph 88 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

89.     Defendants are not required to respond to the allegations in paragraph 89 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

90.     Defendants are not required to respond to the allegations in paragraph 90 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

91.     Defendants are not required to respond to the allegations in paragraph 91 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

92.     Defendants are not required to respond to the allegations in paragraph 92 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

93.     Defendants are not required to respond to the allegations in paragraph

93 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

94. Defendants are not required to respond to the allegations in paragraph 94 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

95. Defendants are not required to respond to the allegations in paragraph 95 concerning Statement A because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

96. Defendants are not required to respond to the allegations in paragraph 96 concerning Statement B because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

97. Defendants are not required to respond to the allegations in paragraph 97 concerning Statement B because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

98. Defendants are not required to respond to the allegations in paragraph 98 concerning Statement B because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

99. Defendants are not required to respond to the allegations in paragraph 99 concerning Statement B because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

100. Defendants are not required to respond to the allegations in paragraph 100 concerning Statement B because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

101. Defendants are not required to respond to the allegations in paragraph 101 concerning Statement B because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

102. Defendants are not required to respond to the allegations in paragraph 102 concerning Statement B because the Court dismissed the claims based on those

1   allegations, and, on that basis, deny them.

2          103.   Defendants are not required to respond to the allegations in paragraph

3   103 concerning Statement C because the Court dismissed the claims based on those

4   allegations, and, on that basis, deny them.

5          104.   Defendants are not required to respond to the allegations in paragraph

6   104 concerning Statement C because the Court dismissed the claims based on those

7   allegations, and, on that basis, deny them.

8          105.   Defendants are not required to respond to the allegations in paragraph

9   105 concerning Statement C because the Court dismissed the claims based on those

10   allegations, and, on that basis, deny them.

11          106.   Defendants are not required to respond to the allegations in paragraph

12   106 concerning Statement C because the Court dismissed the claims based on those

13   allegations, and, on that basis, deny them.

14          107.   Defendants are not required to respond to the allegations in paragraph

15   107 concerning Statement C because the Court dismissed the claims based on those

16   allegations, and, on that basis, deny them.

17          108.   Defendants are not required to respond to the allegations in paragraph

18   108 concerning Statement C because the Court dismissed the claims based on those

19   allegations, and, on that basis, deny them.

20          109.   Defendants are not required to respond to the allegations in paragraph

21   109 concerning Statement C because the Court dismissed the claims based on those

22   allegations, and, on that basis, deny them.

23          110.   Defendants are not required to respond to the allegations in paragraph

24   110 concerning Statement C because the Court dismissed the claims based on those

25   allegations, and, on that basis, deny them.

26          111.   Defendants are not required to respond to the allegations in paragraph

27   111 concerning Statement C because the Court dismissed the claims based on those

28   allegations, and, on that basis, deny them.

112.   Defendants are not required to respond to the allegations in paragraph 112 concerning Statement C because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

113.   Defendants are not required to respond to the allegations in paragraph 113 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

114.   Defendants are not required to respond to the allegations in paragraph 114 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

115.   Defendants are not required to respond to the allegations in paragraph 115 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

116.   Defendants are not required to respond to the allegations in paragraph 116 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

117.   Defendants are not required to respond to the allegations in paragraph 117 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

118.   Defendants are not required to respond to the allegations in paragraph 118 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

119.   Defendants are not required to respond to the allegations in paragraph 119 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

120.   Defendants are not required to respond to the allegations in paragraph 120 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

121.   Defendants are not required to respond to the allegations in paragraph

121 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

122.   Defendants are not required to respond to the allegations in paragraph 122 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

123.   Defendants are not required to respond to the allegations in paragraph 123 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

124.   Defendants are not required to respond to the allegations in paragraph 124 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

125.   Defendants are not required to respond to the allegations in paragraph 125 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

126.   Defendants are not required to respond to the allegations in paragraph 126 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

127.   Defendants are not required to respond to the allegations in paragraph 127 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

128.   Defendants are not required to respond to the allegations in paragraph 128 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

129.   Defendants are not required to respond to the allegations in paragraph 129 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

130.   Defendants are not required to respond to the allegations in paragraph 130 concerning Statement D because the Court dismissed the claims based on those

allegations, and, on that basis, deny them.

131.    Defendants are not required to respond to the allegations in paragraph 131 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

132.    Defendants are not required to respond to the allegations in paragraph 132 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

133.    Defendants are not required to respond to the allegations in paragraph 133 concerning Statement D because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

134.    Defendants are not required to respond to the allegations in paragraph 134 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

135.    Defendants are not required to respond to the allegations in paragraph 135 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

136.    Defendants are not required to respond to the allegations in paragraph 136 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

137.    Defendants are not required to respond to the allegations in paragraph 137 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

138.    Defendants are not required to respond to the allegations in paragraph 138 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

139.    Defendants are not required to respond to the allegations in paragraph 139 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

140.   Defendants are not required to respond to the allegations in paragraph 140 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

141.   Defendants are not required to respond to the allegations in paragraph 141 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

142.   Defendants are not required to respond to the allegations in paragraph 142 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

143.   Defendants are not required to respond to the allegations in paragraph 143 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

144.   Defendants are not required to respond to the allegations in paragraph 144 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

145.   Defendants are not required to respond to the allegations in paragraph 145 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

146.   Defendants are not required to respond to the allegations in paragraph 146 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

147.   Defendants are not required to respond to the allegations in paragraph 147 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

148.   Defendants are not required to respond to the allegations in paragraph 148 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

149.   Defendants are not required to respond to the allegations in paragraph

149 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

150. Defendants are not required to respond to the allegations in paragraph 150 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

151. Defendants are not required to respond to the allegations in paragraph 151 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

152. Defendants are not required to respond to the allegations in paragraph 152 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

153. Defendants are not required to respond to the allegations in paragraph 153 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

154. Defendants are not required to respond to the allegations in paragraph 154 concerning Statement E because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

155. Defendants are not required to respond to the allegations in paragraph 155 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

156. Defendants are not required to respond to the allegations in paragraph 156 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

157. Defendants are not required to respond to the allegations in paragraph 157 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

158. Defendants are not required to respond to the allegations in paragraph 158 concerning Statement F because the Court dismissed the claims based on those

allegations, and, on that basis, deny them.

159.    Defendants are not required to respond to the allegations in paragraph 159 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

160.    Defendants are not required to respond to the allegations in paragraph 160 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

161.    Defendants are not required to respond to the allegations in paragraph 161 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

162.    Defendants are not required to respond to the allegations in paragraph 162 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

163.    Defendants are not required to respond to the allegations in paragraph 163 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

164.    Defendants are not required to respond to the allegations in paragraph 164 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

165.    Defendants are not required to respond to the allegations in paragraph 165 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

166.    Defendants are not required to respond to the allegations in paragraph 166 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

167.    Defendants are not required to respond to the allegations in paragraph 167 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

168.   Defendants are not required to respond to the allegations in paragraph 168 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

169.   Defendants are not required to respond to the allegations in paragraph 169 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

170.   Defendants are not required to respond to the allegations in paragraph 170 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

171.   Defendants are not required to respond to the allegations in paragraph 171 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

172.   Defendants are not required to respond to the allegations in paragraph 172 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

173.   Defendants are not required to respond to the allegations in paragraph 173 concerning Statement F because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

174.   Defendants are not required to respond to the allegations in paragraph 174 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

175.   Defendants are not required to respond to the allegations in paragraph 175 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

176.   Defendants are not required to respond to the allegations in paragraph 176 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

177.   Defendants are not required to respond to the allegations in paragraph

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

177 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

178. Defendants are not required to respond to the allegations in paragraph 178 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them. In response to footnote 5, Defendants admit that Dexcom relies on IQVIA data (among other sources) in presentations to investors about market share. Defendants further admit that IQVIA data is regularly used within Dexcom's industry as an indicator of market trends and that IQVIA's data is publicly available for purchase.

179. Defendants are not required to respond to the allegations in paragraph 179 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

180. Defendants are not required to respond to the allegations in paragraph 180 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

181. Defendants are not required to respond to the allegations in paragraph 181 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

182. Defendants are not required to respond to the allegations in paragraph 182 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

183. Defendants are not required to respond to the allegations in paragraph 183 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

184. Defendants are not required to respond to the allegations in paragraph 184 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

185. Defendants are not required to respond to the allegations in paragraph

185 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

186.    Defendants are not required to respond to the allegations in paragraph 186 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

187.    Defendants are not required to respond to the allegations in paragraph 187 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

188.    Defendants are not required to respond to the allegations in paragraph 188 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

189.    Defendants are not required to respond to the allegations in paragraph 189 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

190.    Defendants are not required to respond to the allegations in paragraph 190 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

191.    Defendants are not required to respond to the allegations in paragraph 191 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

192.    Defendants are not required to respond to the allegations in paragraph 192 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

193.    Defendants are not required to respond to the allegations in paragraph 193 concerning Statement G because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

194.    Defendants are not required to respond to the allegations in paragraph 194 concerning Statement H because the Court dismissed the claims based on those

allegations, and, on that basis, deny them.

195.    Defendants are not required to respond to the allegations in paragraph 195 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

196.    Defendants are not required to respond to the allegations in paragraph 196 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

197.    Defendants are not required to respond to the allegations in paragraph 197 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

198.    Defendants are not required to respond to the allegations in paragraph 198 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

199.    Defendants are not required to respond to the allegations in paragraph 199 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

200.    Defendants are not required to respond to the allegations in paragraph 200 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

201.    Defendants are not required to respond to the allegations in paragraph 201 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

202.    Defendants are not required to respond to the allegations in paragraph 202 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

203.    Defendants are not required to respond to the allegations in paragraph 203 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

204.   Defendants are not required to respond to the allegations in paragraph 204 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

205.   Defendants are not required to respond to the allegations in paragraph 205 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

206.   Defendants are not required to respond to the allegations in paragraph 206 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

207.   Defendants are not required to respond to the allegations in paragraph 207 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

208.   Defendants are not required to respond to the allegations in paragraph 208 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

209.   Defendants are not required to respond to the allegations in paragraph 209 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

210.   Defendants are not required to respond to the allegations in paragraph 210 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

211.   Defendants are not required to respond to the allegations in paragraph 211 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

212.   Defendants are not required to respond to the allegations in paragraph 212 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

213.   Defendants are not required to respond to the allegations in paragraph

213 concerning Statement H because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

214. Defendants are not required to respond to the allegations in paragraph 214 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

215. Defendants are not required to respond to the allegations in paragraph 215 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

216. Defendants are not required to respond to the allegations in paragraph 216 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

217. Defendants are not required to respond to the allegations in paragraph 217 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

218. Defendants are not required to respond to the allegations in paragraph 218 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

219. Defendants are not required to respond to the allegations in paragraph 219 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

220. Defendants are not required to respond to the allegations in paragraph 220 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

221. Defendants are not required to respond to the allegations in paragraph 221 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

222. Defendants are not required to respond to the allegations in paragraph 222 concerning Statement I because the Court dismissed the claims based on those

1  allegations, and, on that basis, deny them.

2       223.   Defendants are not required to respond to the allegations in paragraph

3  223 concerning Statement I because the Court dismissed the claims based on those

4  allegations, and, on that basis, deny them.

5       224.   Defendants are not required to respond to the allegations in paragraph

6  224 concerning Statement I because the Court dismissed the claims based on those

7  allegations, and, on that basis, deny them.

8       225.   Defendants are not required to respond to the allegations in paragraph

9  225 concerning Statement I because the Court dismissed the claims based on those

10  allegations, and, on that basis, deny them.

11       226.   Defendants are not required to respond to the allegations in paragraph

12  226 concerning Statement I because the Court dismissed the claims based on those

13  allegations, and, on that basis, deny them.

14       227.   Defendants are not required to respond to the allegations in paragraph

15  227 concerning Statement I because the Court dismissed the claims based on those

16  allegations, and, on that basis, deny them.

17       228.   Defendants are not required to respond to the allegations in paragraph

18  228 concerning Statement I because the Court dismissed the claims based on those

19  allegations, and, on that basis, deny them.

20       229.   Defendants are not required to respond to the allegations in paragraph

21  229 concerning Statement I because the Court dismissed the claims based on those

22  allegations, and, on that basis, deny them.

23       230.   Defendants are not required to respond to the allegations in paragraph

24  230 concerning Statement I because the Court dismissed the claims based on those

25  allegations, and, on that basis, deny them.

26       231.   Defendants are not required to respond to the allegations in paragraph

27  231 concerning Statement I because the Court dismissed the claims based on those

28  allegations, and, on that basis, deny them.

232.    Defendants are not required to respond to the allegations in paragraph 232 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

233.    Defendants are not required to respond to the allegations in paragraph 233 concerning Statement I because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

234.    In response to paragraph 234, Defendants admit Dexcom held an earnings call on February 8, 2024. To the extent paragraph 234 purports to quote, summarize, or characterize the February 8, 2024, earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent that the allegations in paragraph 234 differ in any way from the contents of the earnings call, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 234.

235.    In response to paragraph 235, Defendants admit that Plaintiff purports to challenge only this subset of statements from paragraph 234, but deny that any of the statements were false or misleading when made.

236.    Paragraph 236 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 236.

237.    Paragraph 237 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 237. Without limiting the foregoing denial, Defendants specifically deny that the statements attributed to Abbott in the AC were addressing **total** basal market share. Rather, according to the transcript of Abbott's January 24, 2024 earnings call, Robert Ford (Abbott's President and CEO) made the following comment in response to an analyst question: "I mean you referenced IQVIA, Robbie. 7 out of 10 new scripts for this patient

segment is Libre." Additionally, according to the transcript of Abbott's April 17, 2024 earnings call, Mr. Ford made the following comment in response to an analyst question: "I'm looking at the data, third party audited data, 7 out of every 10 new prescriptions for this basal population…are going to Libre." In both instances, Mr. Ford expressly refers to **new** basal scripts; not **total** basal market share.

Defendants further specifically deny that Dexcom was ceding basal market share to Abbott in February 2024. To the contrary, although Abbott's share of **new** basal prescriptions remained relatively consistent from January 2024 to February 2024 (65.3% in January and 65.4% in February), Abbott's share of the **total** active retail basal market decreased each month, while Dexcom's share of the **total** active retail basal market increased as shown in the chart below:

| Month | Total active retail basal market share per IQVIA[2] | |
|---|---|---|
| | **Dexcom** | **Abbott** |
| **August 2023** | 25.4% | 74.6% |
| **September 2023** | 26.3% | 73.7% |
| **October 2023** | 27.0% | 73.0% |
| **November 2023** | 27.6% | 72.4% |
| **December 2023** | 28.2% | 71.8% |
| **January 2024** | 28.8% | 71.2% |
| **February 2024** | 29.3% | 70.7% |

Additionally, Defendants deny that data post-dating February 2024 is relevant to statements made in February 2024. Nonetheless, Defendants further deny that Dexcom was ceding basal market to Abbott in March or April 2024. To the contrary, the IQVIA data shows Dexcom's **total** active retail basal market share was 29.8% in March 2024, and 30.2% in April 2024. That same IQVIA data shows that Abbott's **total** active retail basal market share was 70.2% in March 2024, and 69.8% in April

[2] Figures in this table are generated from IQVIA data available to Dexcom as of the date of this filing, and include application of Dexcom-specific definitions for what qualifies as "active retail basal market share."

2024.

238.   Paragraph 238 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 238.

239.   Paragraph 239 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 239.

240.   Paragraph 240 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 240.

241.   Paragraph 241 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 241.

242.   Paragraph 242 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 242.

243.   Paragraph 243 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 243.

244.   Paragraph 244 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. Paragraph 244 also contains allegations specific to Abbott, for which Defendants lack knowledge or information. To the extent a response is required, Defendants deny the allegations in paragraph 244.

245.   Paragraph 245 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. Paragraph 245 also contains allegations specific to Abbott, for which Defendants lack knowledge or information. To the extent a response is required, Defendants deny the allegations in paragraph

245.

246.    In response to paragraph 246, Defendants admit that Evercore ISI issued a report on August 21, 2023. To the extent the allegations in paragraph 246 purport to quote, summarize, or characterize that report, Defendants refer the Court and Plaintiff to the report, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 246 differ in any way from the contents of the report, Defendants deny the allegations. Paragraph 246 also contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 246. Except as expressly admitted herein, Defendants deny the allegations in paragraph 246.

247.    Paragraph 247 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 247.

248.    Paragraph 248 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 248. Without limiting the foregoing denial, Defendants specifically deny that *all* Medicare patients were required to obtain their CGMs through the DME channel. To the contrary Medicare Advantage patients (Medicare Type C), account for more than half (54%) of all Medicare eligible beneficiaries, and, by January 2024, the majority of lives in Medicare Advantage had CGM coverage available for pharmacy.

249.    In response to paragraph 249, Defendants admit that J.P. Morgan issued a report on July 31, 2024, and that BofA Global Research issued a report on August 5, 2024. To the extent the allegations in paragraph 249 purport to quote, summarize, or characterize those reports, Defendants refer the Court and Plaintiff to those reports, which speak for themselves and are best evidence of the statements made. To the extent the allegations in paragraph 249 differ in any way from the contents of those

reports, Defendants deny the allegations. Paragraph 249 also contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. Paragraph 249 also contains allegations specific to Abbott, for which Defendants lack knowledge or information. To the extent a response is required, Defendants deny the allegations in paragraph 249. Except as expressly admitted herein, Defendants deny the allegations in paragraph 249.

250.    Paragraph 250 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 250.

251.    Paragraph 251 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 251.

252.    In response to paragraph 252, Defendants admit that Piper Sandler issued a report on February 8, 2024, and William Blair issued a report on February 9, 2024. To the extent the allegations in paragraph 252 purport to quote, summarize, or characterize those reports, Defendants refer the Court and Plaintiff to those reports, which speak for themselves and are best evidence of the statements made. To the extent the allegations in paragraph 252 differ in any way from the contents of those reports, Defendants deny the allegations. Paragraph 252 also contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 252. Except as expressly admitted herein, Defendants deny the allegations in paragraph 252.

253.    In response to paragraph 253, Defendants admit that Sylvain had access to, and reviewed IQVIA script-level data, which showed that Dexcom was consistently taking total share in the Basal market each month for the six months prior to his February 2024 statement. Defendants also admit that on February 20, 2024, Sylvain sold 3,363 shares of Dexcom stock pursuant to a 10b5-1 plan and on

March 12, 2024, Sylvian sold 11,661 shares of Dexcom stock to cover tax withholding obligations, but deny Sylvain sold Dexcom stock at artificially inflated prices. The remainder of paragraph 253 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 253. Except as expressly admitted herein, Defendants deny the allegations in paragraph 253.

254. Paragraph 254 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 254.

255. In response to paragraph 255, Defendants admit Dexcom held an earnings call on April 25, 2024. To the extent that paragraph 255 purports to quote, summarize, or characterize the April 25, 2024, earnings call, Defendants refer Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent that the allegations in paragraph 255 differ in any way from the contents of the earnings call, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 255.

256. In response to paragraph 256, Defendants admit that Plaintiff purports to challenge only this subset of statements from paragraph 256, but deny that any of the statements were false or misleading when made.

257. Paragraph 257 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 257.

258. Paragraph 258 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 258. Without limiting the foregoing denial, Defendants specifically deny that the statements attributed to Abbott in the AC were addressing **total** basal market share. Rather, according to the

transcript of Abbott's January 24, 2024 earnings call, Robert Ford (Abbott's President and CEO) made the following comment in response to an analyst question: "I mean you referenced IQVIA, Robbie. 7 out of 10 new scripts for this patient segment is Libre." Additionally, according to the transcript of Abbott's April 17, 2024 earnings call, Mr. Ford made the following comment in response to an analyst question: "I'm looking at the data, third party audited data, 7 out of every 10 new prescriptions for this basal population…are going to Libre." In both instances, Mr. Ford expressly refers to **new** basal scripts; not **total** basal market share.

Defendants further specifically deny that Dexcom was ceding basal market share to Abbott in April 2024. To the contrary, although Abbott's share of **new** basal prescriptions remained relatively consistent from January 2024 to April 2024 (65.3% in January, 65.4% in February, 65.1% in March, and 65.7% in April), Abbott's share of the **total** active retail basal market decreased each month, while Dexcom's share of the **total** active retail basal market increased as shown in the chart below:

| Month | Total active retail basal market share per IQVIA[3] | |
|---|---|---|
| | Dexcom | Abbott |
| August 2023 | 25.4% | 74.6% |
| September 2023 | 26.3% | 73.7% |
| October 2023 | 27.0% | 73.0% |
| November 2023 | 27.6% | 72.4% |
| December 2023 | 28.2% | 71.8% |
| January 2024 | 28.8% | 71.2% |
| February 2024 | 29.3% | 70.7% |
| March 2024 | 29.8% | 70.2% |
| April 2024 | 30.2% | 69.8% |

---

[3] Figures in this table are generated from IQVIA data available to Dexcom as of the date of this filing, and include application of Dexcom-specific definitions for what qualifies as "active retail basal market share."

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

259.    Paragraph 259 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 259.

260.    Paragraph 260 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 260.

261.    Paragraph 261 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 261.

262.    Paragraph 262 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 262.

263.    Paragraph 263 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 263.

264.    Paragraph 264 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 264.

265.    Paragraph 265 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 265.

266.    Paragraph 266 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. Paragraph 266 also contains allegations specific to Abbott, for which Defendants lack knowledge or information. To the extent a response is required, Defendants deny the allegations in paragraph 266.

267.    In response to paragraph 267, Defendants admit that Evercore ISI issued a report on August 21, 2023. To the extent the allegations in paragraph 267 purport

to quote, summarize, or characterize that report, Defendants refer the Court and Plaintiff to the report, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 267 differ in any way from the contents of the report, Defendants deny the allegations. Paragraph 267 also contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 267. Except as expressly admitted herein, Defendants deny the allegations in paragraph 267.

268.    Paragraph 268 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 268.

269.    Paragraph 269 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 269. Without limiting the foregoing denial, Defendants specifically deny that *all* Medicare patients were required to obtain their CGMs through the DME channel. To the contrary Medicare Advantage patients (Medicare Type C), account for more than half (54%) of all Medicare eligible beneficiaries, and, by January 2024, the majority of lives in Medicare Advantage had CGM coverage available for pharmacy.

270.    In response to paragraph 270, Defendants admit that J.P. Morgan issued a report on July 31, 2024, and BofA Global Research issued a report on August 5, 2024. To the extent the allegations in paragraph 270 purport to quote, summarize, or characterize those reports, Defendants refer the Court and Plaintiff to those reports, which speak for themselves and are best evidence of the statements made. To the extent the allegations in paragraph 270 differ in any way from the contents of those reports, Defendants deny the allegations. Paragraph 270 also contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. Paragraph 270 also contains allegations specific to Abbott, for which Defendants lack

knowledge or information. To the extent a response is required, Defendants deny the allegations in paragraph 270. Except as expressly admitted herein, Defendants deny the allegations in paragraph 270.

271.    Paragraph 271 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 271.

272.    Paragraph 272 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 272.

273.    In response to paragraph 273, Defendants admit that Wells Fargo issued a report on April 25, 2024. To the extent the allegations in paragraph 273 purport to quote, summarize, or characterize that report, Defendants refer the Court and Plaintiff to that report, which speaks for itself and is best evidence of the statements made. To the extent the allegations in paragraph 273 differ in any way from the contents of that report, Defendants deny the allegations. Paragraph 273 also contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 273. Except as expressly admitted herein, Defendants deny the allegations in paragraph 273.

274.    In response to paragraph 274, Defendants admit that Sylvain had access to, and reviewed IQVIA script-level data, which showed that Dexcom was consistently taking total share in the Basal market each month for the eight months prior to his April 2024 statement. The remainder of paragraph 274 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 274. Except as expressly admitted herein, Defendants deny the allegations in paragraph 274.

275.    Paragraph 275 contains Plaintiff's own characterizations, arguments, or

legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 275.

276. Defendants are not required to respond to the allegations in paragraph 276 concerning Statement L because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

277. Defendants are not required to respond to the allegations in paragraph 277 concerning Statement L because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

278. Defendants are not required to respond to the allegations in paragraph 278 concerning Statement L because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

279. Defendants are not required to respond to the allegations in paragraph 279 concerning Statement L because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

280. Defendants are not required to respond to the allegations in paragraph 280 concerning Statement L because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

281. Defendants are not required to respond to the allegations in paragraph 281 concerning Statement L because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

282. Defendants are not required to respond to the allegations in paragraph 282 concerning Statement M because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

283. Defendants are not required to respond to the allegations in paragraph 283 concerning Statement M because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

284. Defendants are not required to respond to the allegations in paragraph 284 concerning Statement M because the Court dismissed the claims based on those

allegations, and, on that basis, deny them.

285. Defendants are not required to respond to the allegations in paragraph 285 concerning Statement M because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

286. Defendants are not required to respond to the allegations in paragraph 286 concerning Statement M because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

287. Defendants are not required to respond to the allegations in paragraph 287 concerning Statement M because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

288. Defendants are not required to respond to the allegations in paragraph 288 concerning Statement M because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

289. Defendants are not required to respond to the allegations in paragraph 289 concerning Statement N because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

290. Defendants are not required to respond to the allegations in paragraph 290 concerning Statement N because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

291. Defendants are not required to respond to the allegations in paragraph 291 concerning Statement N because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

292. Defendants are not required to respond to the allegations in paragraph 292 concerning Statement N because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

293. Defendants are not required to respond to the allegations in paragraph 293 concerning Statement N because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

294.   Defendants are not required to respond to the allegations in paragraph 294 concerning Statement N because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

295.   Defendants are not required to respond to the allegations in paragraph 295 concerning Statement N because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

296.   Defendants are not required to respond to the allegations in paragraph 296 concerning Statement N because the Court dismissed the claims based on those allegations, and, on that basis, deny them.

297.   Paragraph 297 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 297.

298.   In response to paragraph 298, Defendants admit that Dexcom held an earnings call on July 25, 2024. To the extent the allegations in paragraph 298 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 298 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 298 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 298. Except as expressly admitted herein, Defendants deny the allegations in paragraph 298.

299.   In response to paragraph 299, Defendants admit that CNBC issued an article on July 26, 2024. To the extent the allegations in paragraph 299 purport to quote, summarize, or characterize that article, Defendants refer the Court and Plaintiff to the article, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 299 differ in any way

from the contents of the article, Defendants deny the allegations. The remainder of paragraph 299 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 299. Except as expressly admitted herein, Defendants deny the allegations in paragraph 299.

300.   In response to paragraph 300, Defendants admit that Bank of America and J.P. Morgan issued reports on July 26, 2024. To the extent the allegations in paragraph 300 purport to quote, summarize, or characterize those reports, Defendants refer the Court and Plaintiff to the reports, which speak for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 300 differ in any way from the contents of the reports, Defendants deny the allegations. The remainder of paragraph 300 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 300. Except as expressly admitted herein, Defendants deny the allegations in paragraph 300.

301.   In response to paragraph 301, Defendants admit that Wolfe Research issued a report on July 28, 2024. To the extent the allegations in paragraph 301 purport to quote, summarize, or characterize that report, Defendants refer the Court and Plaintiff to the report, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 301 differ in any way from the contents of the report, Defendants deny the allegations. The remainder of paragraph 301 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 301. Except as expressly admitted herein, Defendants deny the allegations in paragraph 301.

302.   In response to paragraph 302, Defendants admit that J.P. Morgan issued a report on July 31, 2024. To the extent the allegations in paragraph 302 purport to quote, summarize, or characterize that report, Defendants refer the Court and Plaintiff

to the report, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 302 differ in any way from the contents of the report, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 302.

303.   In response to paragraph 303, Defendants admit that Bank of America issued a report on August 5, 2024 and William Blair issued a report on August 28, 2024. To the extent the allegations in paragraph 303 purport to quote, summarize, or characterize those reports, Defendants refer the Court and Plaintiff to the reports, which speak for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 303 differ in any way from the contents of the reports, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 303.

304.   In response to paragraph 304, Defendants admit that Dexcom presented at the Wells Fargo Healthcare Conference on September 4, 2024. To the extent the allegations in paragraph 304 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the Wells Fargo Healthcare Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 304 differ in any way from the contents of the Wells Fargo Healthcare Conference transcript, Defendants deny the allegations. The remainder of paragraph 304 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 304. Except as expressly admitted herein, Defendants deny the allegations in paragraph 304.

305.   In response to paragraph 305, Defendants admit that Dexcom presented at the Wells Fargo Healthcare Conference on September 4, 2024. To the extent the allegations in paragraph 305 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript

of the Wells Fargo Healthcare Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 305 differ in any way from the contents of the Wells Fargo Healthcare Conference transcript, Defendants deny the allegations. The remainder of paragraph 305 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 305. Except as expressly admitted herein, Defendants deny the allegations in paragraph 305.

306.  In response to paragraph 306, Defendants admit that Piper Sandler issued a report on September 24, 2024. To the extent the allegations in paragraph 306 purport to quote, summarize, or characterize that report, Defendants refer the Court and Plaintiff to the report, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 306 differ in any way from the contents of the report, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 306.

307.  In response to paragraph 307, Defendants admit that Dexcom held an earnings call on October 24, 2024. To the extent the allegations in paragraph 307 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 307 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 307.

308.  In response to paragraph 308, Defendants admit that Dexcom presented at the J.P. Morgan Healthcare Conference on January 13, 2025. To the extent the allegations in paragraph 308 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the J.P. Morgan Healthcare Conference, which speaks for itself and is the best

evidence of the statements made. To the extent the allegations in paragraph 308 differ in any way from the contents of the J.P. Morgan Healthcare Conference transcript, Defendants deny the allegations. The remainder of paragraph 308 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 308. Except as expressly admitted herein, Defendants deny the allegations in paragraph 308.

309. In response to paragraph 309, Defendants admit that Dexcom presented at the J.P. Morgan Healthcare Conference on January 13, 2025. To the extent the allegations in paragraph 309 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the J.P. Morgan Healthcare Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 309 differ in any way from the contents of the J.P. Morgan Healthcare Conference transcript, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 309.

310. In response to paragraph 310, Defendants admit that Dexcom held an earnings call on February 13, 2025. To the extent the allegations in paragraph 310 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 310 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 310 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 310. Except as expressly admitted herein, Defendants deny the allegations in paragraph 310.

311. In response to paragraph 311, Defendants admit that Dexcom presented

at the Raymond James Institutional Investors Conference on March 4, 2025. To the extent the allegations in paragraph 311 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the Raymond James Institutional Investors Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 311 differ in any way from the contents of the Raymond James Institutional Investors Conference transcript, Defendants deny the allegations. The remainder of paragraph 311 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 311. Except as expressly admitted herein, Defendants deny the allegations in paragraph 311.

312.   In response to paragraph 312, Defendants admit Mr. Sayer served as CEO, Mr. Sayer served as CFO, and Lawver served as CCO for Dexcom during the purported class period. The remainder of paragraph 312 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 312. Except as expressly admitted herein, Defendants deny the allegations in paragraph 312.

313.   In response to paragraph 313, Defendants admit that Dexcom filed a Proxy Statement with the SEC on April 22, 2024. To the extent the allegations in paragraph 313 purport to quote, summarize, or characterize that Proxy Statement, Defendants refer the Court and Plaintiff to the Proxy Statement, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 313 differ in any way from the contents of the Proxy Statement, Defendants deny the allegations. Paragraph 313 also contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 313. Except as expressly admitted herein, Defendants deny the allegations in

paragraph 313.

314.    In response to paragraph 314, Defendants admit that Dexcom participated in conference calls on February 9, 2023; April 27, 2023; June 23, 2023; July 27, 2023; and October 26, 2023. To the extent the allegations in paragraph 314 purport to quote, summarize, or characterize those presentations, Defendants refer the Court and Plaintiff to the transcripts of those presentations, which speak for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 314 differ in any way from the contents of those transcripts, Defendants deny the allegations. The remainder of paragraph 314 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 314. Except as expressly admitted herein, Defendants deny the allegations in paragraph 314.

315.    In response to paragraph 315, Defendants admit that Dexcom held an earnings call on February 9, 2023, and presented at the William Blair Growth Stock Conference on June 7, 2023. To the extent the allegations in paragraph 315 purport to quote, summarize, or characterize that earnings call or statements made at the William Blair Growth Stock Conference, Defendants refer the Court and Plaintiff to the transcripts of the earnings call and the William Blair Growth Stock Conference, which speaks for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 315 differ in any way from the contents of those transcripts, Defendants deny the allegations. The remainder of paragraph 315 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 315. Except as expressly admitted herein, Defendants deny the allegations in paragraph 315.

316.    Defendants are not required to respond to the allegations in paragraph 316 (which concern Statements A, C, D, G, H, and M) because the Court dismissed

the claims based on Statements A, C, D, G, H, and M, and, on that basis, deny them. To the extent a response is required, Defendants admit that Dexcom presented at the William Blair Growth Stock Conference on June 7, 2023. To the extent the allegations in paragraph 316 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the William Blair Growth Stock Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 316 differ in any way from the contents of the William Blair Growth Stock Conference transcript, Defendants deny the allegations. The remainder of paragraph 316 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 316. Except as expressly admitted herein, Defendants deny the allegations in paragraph 316.

317.    Defendants are not required to respond to the allegations in paragraph 317 (which concern Statements A, B, D, and L) because the Court dismissed the claims based on Statements A, B, D, and L, and, on that basis, deny them. To the extent a response is required, Defendants admit that Dexcom held an earnings call on April 27, 2023. To the extent the allegations in paragraph 317 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 317 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 317 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 317. Except as expressly admitted herein, Defendants deny the allegations in paragraph 317.

318.    Defendants are not required to respond to the allegations in paragraph 318 (which concern Statements A, B, D, and L) because the Court dismissed the

claims based on Statements A, B, D, and L, and, on that basis, deny them. To the extent a response is required, Defendants admit that Dexcom held an earnings call on April 27, 2023. To the extent the allegations in paragraph 318 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 318 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 318.

319.    Paragraph 319 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 319.

320.    In response to paragraph 320, Defendants admit that Dexcom presented at the J.P. Morgan Healthcare Conference on January 9, 2023. To the extent the allegations in paragraph 320 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the J.P. Morgan Healthcare Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 320 differ in any way from the contents of the J.P. Morgan Healthcare Conference transcript, Defendants deny the allegations. The remainder of paragraph 320 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 320. Except as expressly admitted herein, Defendants deny the allegations in paragraph 320.

321.    In response to paragraph 321, Defendants admit that Dexcom held an earnings call on October 26, 2023. To the extent the allegations in paragraph 321 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and

is the best evidence of the statements made. To the extent the allegations in paragraph 321 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 321 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 321. Except as expressly admitted herein, Defendants deny the allegations in paragraph 321.

322.    In response to paragraph 322, Defendants admit that Dexcom presented at the Piper Sandler Healthcare Conference on November 29, 2023, and the J.P. Morgan Healthcare Conference on January 8, 2024. To the extent the allegations in paragraph 322 purport to quote, summarize, or characterize statements made during those conferences, Defendants refer the Court and Plaintiff to the transcripts of those conferences, which speak for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 322 differ in any way from the contents of the conference transcripts, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 322.

323.    In response to paragraph 323, Defendants admit that Dexcom held an earnings call on February 8, 2024. To the extent the allegations in paragraph 323 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 323 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 323 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 323.

324.    In response to paragraph 324, Defendants admit that Dexcom held an earnings call on April 25, 2024. To the extent the allegations in paragraph 324 purport

to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 324 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 324 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 324. Except as expressly admitted herein, Defendants deny the allegations in paragraph 324.

325.    Paragraph 325 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 325.

326.    Paragraph 326 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 326.

327.    Defendants are not required to respond to the allegations in paragraph 327 (which concern Statements A, C, D, G, H, and M) because the Court dismissed the claims based on Statements A, C, D, G, H, and M, and, on that basis, deny them. To the extent a response is required, Defendants admit that Dexcom held an earnings call on July 25, 2024. To the extent the allegations in paragraph 327 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 327 differ in any way from the contents of the earnings call transcript, Defendants deny the allegations. The remainder of paragraph 327 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 327. Except as expressly admitted herein, Defendants deny the allegations in

1   paragraph 327.

2       328.    Defendants are not required to respond to the allegations in
3   paragraph 328 (which concern Statements A, C, D, G, H, and M) because the Court
4   dismissed the claims based on Statements A, C, D, G, H, and M, and, on that basis,
5   deny them. To the extent a response is required, Defendants admit that Dexcom held
6   an earnings call on July 25, 2024. To the extent the allegations in paragraph 328
7   purport to quote, summarize, or characterize that earnings call, Defendants refer the
8   Court and Plaintiff to the transcript of the earnings call, which speaks for itself and
9   is the best evidence of the statements made. To the extent the allegations in paragraph
10  328 differ in any way from the contents of the earnings call transcript, Defendants
11  deny the allegations. The remainder of paragraph 328 contains Plaintiff's own
12  characterizations, arguments, or legal conclusions to which no response is required.
13  To the extent a response is required, Defendants deny the allegations in paragraph
14  328. Except as expressly admitted herein, Defendants deny the allegations in
15  paragraph 328.

16      329.    Defendants are not required to respond to the allegations in
17  paragraph 329 (which concern Statements A, B, C, D, G, H, L, and M) because the
18  Court dismissed the claims based on Statements A, B, C, D, G, H, L, and M, and, on
19  that basis, deny them. To the extent a response is required, Defendants admit that
20  Dexcom held an earnings call on July 25, 2024. To the extent the allegations in
21  paragraph 329 purport to quote, summarize, or characterize that earnings call,
22  Defendants refer the Court and Plaintiff to the transcript of the earnings call, which
23  speaks for itself and is the best evidence of the statements made. To the extent the
24  allegations in paragraph 329 differ in any way from the contents of the earnings call
25  transcript, Defendants deny the allegations. The remainder of paragraph 329 contains
26  Plaintiff's own characterizations, arguments, or legal conclusions to which no
27  response is required. To the extent a response is required, Defendants deny the
28  allegations in paragraph 329. Except as expressly admitted herein, Defendants deny

the allegations in paragraph 329.

330. Defendants are not required to respond to the allegations in paragraph 330 (which concern Statements A, C, D, G, H, and M) because the Court dismissed the claims based on Statements A, C, D, G, H, and M, and, on that basis, deny them. To the extent a response is required, Defendants admit that Dexcom presented at the Wells Fargo Healthcare Conference on September 4, 2024. To the extent the allegations in paragraph 330 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the Wells Fargo Healthcare Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 330 differ in any way from the contents of the Wells Fargo Healthcare Conference transcript, Defendants deny the allegations. The remainder of paragraph 330 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 330. Except as expressly admitted herein, Defendants deny the allegations in paragraph 330.

331. Defendants are not required to respond to the allegations in paragraph 331 (which concern Statements A, C, D, G, H, and M) because the Court dismissed the claims based on Statements A, C, D, G, H, and M, and, on that basis, deny them. To the extent a response is required, Defendants admit that Bank of America issued a report on June 24, 2024. To the extent the allegations in paragraph 331 purport to quote, summarize, or characterize the report, Defendants refer the Court and Plaintiff to the report itself, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 331 differ in any way from the contents of the report, Defendants deny the allegations. The remainder of paragraph 331 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 331. Except as expressly admitted

herein, Defendants deny the allegations in paragraph 331.

332. Defendants are not required to respond to the allegations in paragraph 332 (which concern Statements A, C, D, G, H, and M) because the Court dismissed the claims based on Statements A, C, D, G, H, and M, and, on that basis, deny them. To the extent a response is required, Defendants admit that Dexcom presented at the J.P. Morgan Healthcare Conference on January 13, 2025. To the extent the allegations in paragraph 332 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the J.P. Morgan Healthcare Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 332 differ in any way from the contents of the J.P. Morgan Healthcare Conference transcript, Defendants deny the allegations. The remainder of paragraph 332 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 332. Except as expressly admitted herein, Defendants deny the allegations in paragraph 332.

333. Defendants are not required to respond to the allegations in paragraph 333 (which concern Statements A, C, D, G, H, and M) because the Court dismissed the claims based on Statements A, C, D, G, H, and M, and, on that basis, deny them. To the extent a response is required, Defendants admit that Dexcom presented at the Raymond James Institutional Investors Conference on March 4, 2025. To the extent the allegations in paragraph 333 purport to quote, summarize, or characterize statements made during that conference, Defendants refer the Court and Plaintiff to the transcript of the Raymond James Institutional Investors Conference, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 333 differ in any way from the contents of the Raymond James Institutional Investors Conference transcript, Defendants deny the allegations. The remainder of paragraph 333 contains Plaintiff's own characterizations,

arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 333. Except as expressly admitted herein, Defendants deny the allegations in paragraph 333.

334.   Paragraph 334 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 334.

335.   Defendants are not required to respond to the allegations in paragraph 335 (which concern Statements A, C, D, G, H, L, M, and N) because the Court dismissed the claims based on Statements A, C, D, G, H, L, M, and N, and, on that basis, deny them. To the extent a response is required, Defendants admit that Dexcom held an earnings call on April 25, 2024, and presented at the William Blair Growth Stock Conference on June 5, 2024. To the extent the allegations in paragraph 335 purport to quote, summarize, or characterize that earnings call or statements made during that conference, Defendants refer the Court and Plaintiff to the transcripts of the earnings call and the William Blair Growth Stock Conference, which speak for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 335 differ in any way from the contents of those transcripts, Defendants deny the allegations. The remainder of paragraph 335 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 335. Except as expressly admitted herein, Defendants deny the allegations in paragraph 335.

336.   In response to paragraph 336, Defendants admit that Dexcom held an earnings call on July 25, 2024. To the extent the allegations in paragraph 336 purport to quote, summarize, or characterize that earnings call, Defendants refer the Court and Plaintiff to the transcript of the earnings call, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 336 differ in any way from the contents of the earnings call transcript, Defendants deny

the allegations. The remainder of paragraph 336 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 336. Except as expressly admitted herein, Defendants deny the allegations in paragraph 336.

337. Defendants are not required to respond to the allegations in paragraph 337 (which concern Statements A, B, C, D, G, H, L, M, and N) because the Court dismissed the claims based on Statements A, B, C, D, G, H, L, M, and N, and, on that basis, deny them. Additionally, paragraph 337 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 337.

338. Defendants are not required to respond to the allegations in paragraph 338 (which concern Statements A, B, C, D, G, H, L, and M) because the Court dismissed the claims based on Statements A, B, C, D, G, H, L, and M, and, on that basis, deny them. Additionally, paragraph 338 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants admit Ms. Lawver began serving as Dexcom's CCO in January 2023. Except as expressly admitted herein, Defendants deny the allegations in paragraph 338.

339. Defendants are not required to respond to the allegations in paragraph 339 (which concern Statements A, C, D, E, F, G, H, I, and M) because the Court dismissed the claims based on Statements A, C, D, E, F, G, H, I, and M, and, on that basis, deny them. Additionally, paragraph 339 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants admit that on October 24, 2024, Dexcom announced Ms. Lawver's transition to special advisor to the CEO effective November 7, 2024, and that Mr. Sayer would serve as interim CCO. Except as

1    expressly admitted herein, Defendants deny the allegations in paragraph 339.

2         340.   Paragraph 340 contains Plaintiff's own characterizations, arguments, or

3    legal conclusions to which no response is required. To the extent a response is

4    required, Defendants deny the allegations in paragraph 340.

5         341.   Paragraph 341 contains Plaintiff's own characterizations, arguments, or

6    legal conclusions to which no response is required. To the extent a response is

7    required, Defendants deny the allegations in paragraph 341.

8         342.   In response to paragraph 342, Defendants admit that during the alleged

9    class period, Mr. Sayer sold 167,965 shares of Dexcom stock pursuant to a 10b5-1

10   plan or to cover tax withholding obligations on the vesting of restricted stock units

11   and performance stock units. The remainder of paragraph 342 contains Plaintiff's

12   own characterizations, arguments, or legal conclusions to which no response is

13   required. To the extent a response is required, Defendants deny the allegations in

14   paragraph 342. Except as expressly admitted herein, Defendants deny the allegations

15   in paragraph 342.

16        343.   Paragraph 343 contains Plaintiff's own characterizations, arguments, or

17   legal conclusions to which no response is required. To the extent a response is

18   required, Defendants deny the allegations in paragraph 343.

19        344.   In response to paragraph 344, Defendants admit that Mr. Sylvain sold

20   2,400 shares of Dexcom stock on May 22, 2023; 1,844 shares of Dexcom stock on

21   August 22, 2023; and additional shares of Dexcom stock in 2024, all of which were

22   made pursuant to a 10b5-1 plan or to cover tax withholding obligations on the vesting

23   of restricted stock units and performance stock units. The remainder of paragraph 344

24   contains Plaintiff's own characterizations, arguments, or legal conclusions to which

25   no response is required. To the extent a response is required, Defendants deny the

26   allegations in paragraph 344. Except as expressly admitted herein, Defendants deny

27   the allegations in paragraph 344.

28        345.   In response to paragraph 345, Defendants admit that Ms. Lawver sold

4,764 shares of Dexcom stock on March 12, 2024 to cover tax withholding obligations on the vesting of restricted stock units. The remainder of paragraph 345 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 345. Except as expressly admitted herein, Defendants deny the allegations in paragraph 345.

346.   In response to paragraph 346, Defendants admit Mr. Sayer adopted a 10b5-1 plan on December 12, 2023, and Mr. Sylvain adopted a 10b5-1 plan on November 21, 2023. The remainder of paragraph 346 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 346. Except as expressly admitted herein, Defendants deny the allegations in paragraph 346.

347.   Paragraph 347 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 347.

348.   Paragraph 348 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 348.

349.   Paragraph 349 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 349.

350.   Paragraph 350 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 350.

351.   Paragraph 351 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 351.

352.   Paragraph 352 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 352.

353.   Paragraph 353 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 353.

354.   In response to paragraph 354, Defendants admit that Dexcom common stock traded on NASDAQ during the alleged class period. Except as expressly admitted herein, Defendants deny the allegations in paragraph 354.

355.   Paragraph 355 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 355.

356.   Paragraph 356 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 356.

357.   In response to paragraph 357, Defendants admit that fact and expert discovery are not complete. Except as expressly admitted herein, Defendants deny the allegations in paragraph 357.

358.   In response to paragraph 358, Defendants admit that, on April 25, 2024, Dexcom reported Q1 2024 US revenue of $653.2 million and updated its fiscal year 2024 guidance for worldwide revenue to approximately $4.20 - $4.35 billion. Defendants also admit that Dexcom's previous fiscal year 2024 worldwide revenue guidance was $4.15 - $4.35 billion as of February 8, 2024. Except as expressly admitted herein, Defendants deny the allegations in paragraph 358.

359.   In response to paragraph 359, Defendants admit that Dexcom's stock price closed at $124.34 on April 26, 2024 and $138.01 on April 25, 2024. The remainder of paragraph 359 and footnote 7 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a

1    response is required, Defendants deny the allegations in paragraph 359. Except as

2    expressly admitted herein, Defendants deny the allegations in paragraph 359.

3        360.    In response to paragraph 360, Defendants admit that J.P. Morgan issued

4    a report on April 25, 2024, Jefferies issued a report on April 25, 2024, and Morgan

5    Stanley issued a report on April 26, 2024. To the extent the allegations in

6    paragraph 360 purport to quote, summarize, or characterize those reports, Defendants

7    refer the Court and Plaintiff to the reports themselves, which speak for themselves

8    and are the best evidence of the statements made. To the extent the allegations in

9    paragraph 360 differ in any way from the contents of the reports, Defendants deny

10   the allegations. Except as expressly admitted herein, Defendants deny the allegations

11   in paragraph 360.

12       361.    In response to paragraph 361, Defendants admit that Dexcom filed a

13   Form 8-K with the SEC on April 25, 2024, and held a conference call the same day.

14   To the extent the allegations in paragraph 361 purport to quote, summarize, or

15   characterize that Form 8-K or conference call, Defendants refer the Court and

16   Plaintiff to the Form 8-K and transcript of the conference call, which speak for

17   themselves and are the best evidence of the statements made. To the extent the

18   allegations in paragraph 361 differ in any way from the contents of the Form 8-K or

19   conference call transcript, Defendants deny the allegations. The remainder of

20   paragraph 361 contains Plaintiff's own characterizations, arguments, or legal

21   conclusions to which no response is required. To the extent a response is required,

22   Defendants deny the allegations. Except as expressly admitted herein, Defendants

23   deny the allegations in paragraph 361.

24       362.    In response to paragraph 362, Defendants admit that Dexcom filed a

25   Form 8-K and Form 10-Q with the SEC on July 25, 2024, and held a conference call

26   the same day. To the extent the allegations in paragraph 362 purport to quote,

27   summarize, or characterize that Form 8-K, Form 10-Q, or conference call,

28   Defendants refer the Court and Plaintiff to the Form 8-K, Form 10-Q, and transcript

of the conference call, which speak for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 362 differ in any way from the contents of the Form 8-K, Form 10-Q, or conference call transcript, Defendants deny the allegations. The remainder of paragraph 362 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 362.

363.   In response to paragraph 363, Defendants admit that Dexcom's stock price closed at $107.85 on July 25, 2024 and closed at $64.00 on July 26, 2024. Defendants further admit that CNBC issued an article on July 26, 2024. To the extent the allegations in paragraph 363 purport to quote, summarize, or characterize the article, Defendants refer the Court and Plaintiff to the article, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 363 differ in any way from the contents of the article, Defendants deny the allegations. The remainder of paragraph 363 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 363. The remainder of paragraph 364 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 363.

364.   In response to paragraph 364, Defendants admit that UBS issued a report on July 25, 2024, and Barclays, Raymond James, Bank of America each issued reports on July 26, 2024. To the extent the allegations in paragraph 364 purport to quote, summarize, or characterize those reports, Defendants refer the Court and Plaintiff to the reports themselves, which speak for themselves and are the best evidence of the statements made. To the extent the allegations in paragraph 364 differ

in any way from the contents of the reports, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 364.

365.   In response to paragraph 365, Defendants admit that Piper Sandler issued a report on July 25, 2024. To the extent the allegations in paragraph 365 purport to quote, summarize, or characterize that report, Defendants refer the Court and Plaintiff to the report, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 365 differ in any way from the contents of that report, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 365.

366.   In response to paragraph 366, Defendants admit that Bernstein issued a report on July 26, 2024. To the extent the allegations in paragraph 366 purport to quote, summarize, or characterize that report, Defendants refer the Court and Plaintiff to the report, which speaks for itself and is the best evidence of the statements made. To the extent the allegations in paragraph 366 differ in any way from the contents of the report, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 366.

367.   Paragraph 367 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 367.

368.   Paragraph 368 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 368.

369.   Paragraph 369 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 369.

370.   Paragraph 370 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 370.

371.   No response is required to the allegations in paragraph 371 to the extent they relate to statements the Court dismissed with prejudice and/or contain Plaintiff's own characterizations, arguments, or legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 371.

372.   No response is required to the allegations in paragraph 372 to the extent they relate to statements the Court dismissed with prejudice and/or contain Plaintiff's own characterizations, arguments, or legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 372.

373.   No response is required to the allegations in paragraph 373 to the extent they relate to statements the Court dismissed with prejudice and/or contain Plaintiff's own characterizations, arguments, or legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 373.

374.   In response to paragraph 374, Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure Rule 23. The remainder of paragraph 374 sets forth Plaintiff's proposed class definition and does not require a response; to the extent that a response is required, Defendants deny the allegations in paragraph 374.

375.   Paragraph 375 sets forth Plaintiff's proposed class definition and does not require a response; to the extent that a response is required, Defendants deny the allegations in paragraph 375.

376.   Paragraph 376 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 376.

377.   Paragraph 377 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 377.

378.   Paragraph 378 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is

required, Defendants deny the allegations in paragraph 378.

379.   Paragraph 379 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 379.

380.   Paragraph 380 does not contain factual allegations and therefore requires no response.

381.   In response to paragraph 381, Defendants admit that Plaintiffs purport to assert a claim under Sections 10(b) of the Exchange Act and SEC Rule 10b-5. Except as expressly admitted herein, Defendants deny the allegations in paragraph 381.

382.   Paragraph 382 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 382.

383.   Paragraph 383 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 383.

384.   Paragraph 384 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 384.

385.   In response to paragraph 385, Defendants admit that, during the purported class period, Mr. Sayer, Mr. Sylvain, and Ms. Lawver were members of Dexcom's executive team, and, in accordance with their respective duties, participated in the conduct of Dexcom's business affairs. Except as expressly admitted herein, Defendants deny the allegations in paragraph 385.

386.   Paragraph 386 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 386.

387.   Paragraph 387 contains Plaintiff's own characterizations, arguments, or

legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 387.

388.    Paragraph 388 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 388.

389.    Paragraph 389 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 389.

390.    Paragraph 390 does not contain factual allegations and therefore requires no response.

391.    In response to paragraph 391, Defendants admit that, during the purported class period, Mr. Sayer, Mr. Sylvain, and Ms. Lawver were members of Dexcom's executive team, and, in accordance with their respective duties, participated in the conduct of Dexcom's business affairs. Except as expressly admitted herein, Defendants deny the allegations in paragraph 391.

392.    Paragraph 392 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 392.

393.    Paragraph 393 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 393.

394.    Paragraph 394 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 394.

395.    Paragraph 395 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 395.

## **PRAYER FOR RELIEF**

The paragraph in this section entitled "Prayer for Relief" is Plaintiff's statement of requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiff is entitled to judgment and that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

The paragraph in this section entitled "Demand For Trial By Jury" is Plaintiff's demand for a jury trial, to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

1.      The AC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      The AC, and each and every cause of action alleged therein, is barred because the facts alleged to have been misrepresented (including Dexcom's market share in the basal patient population and whether Dexcom was in fact taking market share over the purported class period) were accurate.

## THIRD AFFIRMATIVE DEFENSE

3.      The AC, and each and every cause of action alleged therein, is barred because the facts alleged to have been misrepresented (including Dexcom's market share in the basal patient population and whether Dexcom was in fact taking market share over the purported class period) were known to, received by, or otherwise publicly available to Plaintiff, members of the putative class, and the securities markets generally.

## FOURTH AFFIRMATIVE DEFENSE

4.      The AC, and each and every cause of action alleged therein, is barred because the stock sales by the Individual Defendants identified in the AC are not evidence of scienter. Each of these trades were made to pay taxes on Restricted Stock Units, or Performance Stock Units, as they vested, or were made pursuant to Rule 10b5-1 plans, and neither the terms of those plans nor the circumstances in which the

Individual Defendants entered into such plans were intended or designed to take advantage of any alleged fraud.

## FIFTH AFFIRMATIVE DEFENSE

5.      The AC, and each and every cause of action alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## SIXTH AFFIRMATIVE DEFENSE

6.      The AC, and each and every cause of action alleged therein, is barred because, on information and belief, Plaintiff and members of the putative class would have purchased Dexcom stock at the same price even if they had known, at the time of their respective purchases, of the facts alleged to have been misrepresented or omitted.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The AC, and each and every cause of action alleged therein is barred, in whole or in part, because Defendants' statements were not the proximate cause of any loss alleged in the AC.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The AC, and each and every cause of action alleged therein is barred, in whole or in part, because some or all of the damages that Plaintiff seeks were not caused by any alleged misstatement.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend or supplement their Answer, defenses and all other pleadings, as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims and/or third party claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment as

1  follows:

2          1.     That Plaintiff takes nothing by the AC;

3          2.     For costs, attorneys' fees and expert witness fees;

4          3.     For judgment in favor of Defendants; and

5          4.     For such other and further relief as this Court deems just and

6  proper.

7

8                        **JURY DEMAND**

9      Defendants demand a trial by jury.

10

11  Dated:      October 7, 2025        COOLEY LLP

12

13                        By: */s/ Koji F. Fukumura*

14                           Koji F. Fukumura

15                        Attorneys for Defendants
                         DEXCOM INC., KEVIN R. SAYER,

16                        JEREME M. SYLVAIN, and TERI
                         LAWVER

17

18

19

20

21

22

23

24

25

26

27

28