ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (200643)
W. MARK CONOVER (236090)
SARAH A. FALLON (345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
ddrosman@rgrdlaw.com
mconover@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-1485-RSH-VET<br><br>DECLARATION OF DANIEL S. DROSMAN IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>DATE:     November 14, 2025<br>CTRM:    3B, 3rd Floor<br>JUDGE:    Honorable Robert S. Huie |

4919-6248-2294.v1

I, DANIEL S. DROSMAN, declare as follows:

1. I am an attorney duly licensed to practice before this Court and all of the courts of the State of California. I am a member of the law firm of Robbins Geller Rudman & Dowd LLP, counsel of record for Lead Plaintiff National Elevator Industry Pension Fund ("Plaintiff") in the above-captioned action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto. I submit this declaration in support of Lead Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings.[1]

2. On September 19, 2025, in correspondence regarding the scheduling of the parties' Rule 26(f) conference, counsel for Defendants informed Plaintiff's counsel that Defendants anticipated filing a motion under Federal Rule of Civil Procedure 12(c) ("Motion"), and asserted that, in Defendants' view, the filing of the Motion would reinstate the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3. On September 24, 2025, I met and conferred via Zoom videoconference with counsel for Defendants, including Ms. Heather Speers, regarding Defendants' then-forthcoming Motion, as well as certain other matters related to discovery.

4. During the conference, Ms. Speers stated that Defendants' forthcoming Motion would seek dismissal on two bases.

5. First, Ms. Speers stated that Defendants would seek dismissal of all claims against Lawver because she did not make either of the remaining Statements J and K and did not "control" Sylvain, the speaker of those statements.

6. Second, Ms. Speers stated Defendants would seek dismissal of the remaining claims on the ground that Statements J and K are not false based on certain IQVIA data they would include in their answer.

---

[1] "Defendants" refers collectively to Dexcom, Inc., Kevin R. Sayer, Jereme M. Sylvain ("Sylvain"), and Teri Lawver ("Lawver").

- 1 -    24-cv-1485-RSH-VET

4919-6248-2294.v1

7.      In response, I asked Ms. Speers whether Defendants had access to this IQVIA data when they filed their prior Rule 12(b)(6) motion to dismiss.  Ms. Speers confirmed that Defendants did have access to IQVIA data when they filed their prior motion to dismiss.

8.      I then asked Ms. Speers why Defendants did not include this IQVIA data in their motion to dismiss.  Ms. Speers responded that it was not included because of page-limit constraints.   She also cited potential confidentiality concerns as an additional reason.

9.      Ms. Speers also reiterated Defendants' position that the Motion would reinstate the PSLRA discovery stay and halt discovery while the Motion is pending.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 31, 2025, in San Diego, California.

s/ Daniel S. Drosman
DANIEL S. DROSMAN

4919-6248-2294.v1