# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

IN RE: DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION

Lead Case No.: 3:24-cv-01485-RSH-VET

**ORDER HOLDING DISCOVERY IN ABEYANCE AND SETTING STATUS CONFERENCE**

The Court held a Discovery Conference on November 3, 2025. The parties raised a dispute as to whether Defendants must respond to discovery propounded by Plaintiff. According to the parties, the dispute implicates the Private Securities Litigation Reform Act ("PSLRA"), and specifically whether the PSLRA automatically stays discovery while Defendants' Motion for Judgment on the Pleadings ("Motion") is pending. *See* ECF No. 54. Based on a review of the record, and following consultation with the parties, the Court finds that the dispute is properly addressed as a case management issue. Therefore, to manage this case effectively, including the efficient and orderly progression of discovery, the Court **ORDERS** as follows:

1.    Given the current posture of the case, including the pending Motion and the fact that discovery just opened and no scheduling order is yet in place, the Court finds good cause to hold general discovery in abeyance until the Motion is resolved with the following exceptions:

1

a.    The parties **SHALL** meet and confer to finalize any Protective Order and protocol for the production of electronically store information ("ESI");

b.    In preparation for producing ESI, the parties **SHALL** begin meet and confer discussions regarding search terms and custodians; and

c.    The parties **SHALL** make initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(A-D), on or before **November 26, 2025**.[1]

2.    The Court **SETS** a Status Conference for **January 26, 2026 at 10:00 a.m.** by video conference before Magistrate Judge Valerie E. Torres. The Court will provide video conference information to the attorneys of record two business days prior to the Status Conference.

3.    Based on the representations of the parties and the posture of the case, the Court further finds that the case is not ripe for settlement and good cause exists to delay issuance of a scheduling order. Accordingly, the Court **VACATES** the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") set for December 3, 2025 and the deadlines to lodge confidential settlement briefs and file a joint discovery plan. The Court will reset the ENE/CMC following a ruling on the Motion.

4.    If claims remain following a ruling on the Motion:

a.    The parties **SHALL** file a joint status report **within three (3) days** of the ruling that identifies three dates in the subsequent month when the parties are available for an ENE/CMC; and

b.    Defendants **SHALL** respond to any written discovery previously served by Plaintiff **within 30 days** of the ruling.

**IT IS SO ORDERED.**

Dated: November 5, 2025

_____
Honorable Valerie E. Torres
United States Magistrate Judge

---

[1]    Defendants previously represented to the Court that they were prepared to make initial disclosures in accordance with the Court's October 9, 2025 Order. *See* ECF No. 53.