ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL S. DROSMAN (200643)
W. MARK CONOVER (236090)
SARAH A. FALLON (345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
ddrosman@rgrdlaw.com
mconover@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION ) ) ) ) ) ) ) | Lead Case No. 24-cv-1485-RSH-VET |
| | LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

DATE:         January 12, 2026
CTRM:        3B, 3rd Floor
JUDGE:       Honorable Robert S. Huie

PER CHAMBERS RULES,
NO ORAL ARGUMENT UNLESS
SEPARATELY ORDERED BY THE
COURT

4907-4183-3600.v1

Pursuant to §III.E. of the Court's Civil Pretrial and Trial Procedures, Lead Plaintiff National Elevator Industry Pension Fund respectfully moves the Court for leave to file Lead Plaintiff's Notice of Supplemental Authority in Support of Lead Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings (the "Notice"), attached hereto as Exhibit 1, to notify the Court of two recent decisions that directly refute Defendants'[1] procedural and substantive arguments: *Glazing Emps. & Glaziers Union Loc. #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*, 2025 WL 3128193 (N.D. Cal. Nov. 7, 2025), and *Garbaccio v. Starbucks Corp.*, 2025 WL 3496252 (W.D. Wash. Dec. 5, 2025), attached to the Notice as Exhibits A and B.  These decisions were both issued after Lead Plaintiff filed Lead Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings (ECF 56) ("Opposition") and directly address the core procedural and substantive issues in that brief.[2]

First, Judge Corley's decision in *iRhythm* denying a motion for judgment on the pleadings in a federal securities class action demonstrates the applicability of the law of the case doctrine to the arguments asserted by Defendants here.  Just as Defendants attempt to do in this case, the *iRhythm* defendants filed a Rule 12(c) motion seeking to re-litigate the sufficiency of allegations regarding falsity and scienter that the court had previously sustained at the motion-to-dismiss stage. *iRhythm*, 2025 WL 3128193.  In rejecting this tactic, the *iRhythm* court held that the "'law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"  *Id.* at *4 (quoting *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016)).  The court held that because it had already decided those issues, the

---

[1]  "Defendants" are Dexcom, Inc. ("Dexcom"), Kevin R. Sayer, Jereme M. Sylvain, and Teri Lawver ("Lawver").

[2]  Lead Plaintiff conferred with Defendants to determine whether they would stipulate to relief sought herein.  Defendants declined.

4907-4183-3600.v1

defendants were precluded from reexamining them and that the Rule 12(c) motion was, in reality, a procedurally improper "'request[] [that] the Court reconsider that ruling.'"   *Id.* at *5 (citation omitted).   This authority directly supports Lead Plaintiff's argument that Defendants' motion is a prohibited "do-over" barred by the law of the case.

Second, Judge Chun's decision in *Starbucks* clarifying an order on a motion to dismiss is directly relevant to the issue of control person liability for defendant Lawver under §20(a).  2025 WL 3496252, at *1.  In *Starbucks*, the court clarified that the dismissal of §10(b) claims against an individual executive officer (the CFO) for lack of scienter did not necessitate the dismissal of §20(a) control person claims against him. *Id*.  The court affirmed that so long as there are "validly pleaded §10(b) claims against Defendant Starbucks" (the corporate entity), the §20(a) claims against the individual executive "'related to those claims'" survive. *Id*. (citation omitted). This holding directly refutes Defendants' argument that Lawver cannot be liable as a control person solely because she did not personally make the actionable statements or allegedly lacked scienter. *Starbucks* confirms the principle advanced in Lead Plaintiff's Opposition: a senior executive's power to control the primary violator (here, Dexcom) is sufficient for §20(a) liability, regardless of the defendant's personal liability under §10(b).

Accordingly, Lead Plaintiff respectfully requests that the Court grant this Motion to file the Notice, attached hereto as Exhibit 1.

DATED: December 8, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
W. MARK CONOVER
SARAH A. FALLON

s/ Daniel S. Drosman
DANIEL S. DROSMAN

4907-4183-3600.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
ddrosman@rgrdlaw.com
mconover@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELIZABETH A. SHONSON
(admitted *pro hac vice*)
LUKE GOVEAS
(admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
eshonson@rgrdlaw.com
lgoveas@rgrdlaw.com

Lead Counsel for Lead Plaintiff

O'DONOGHUE & O'DONOGHUE LLP
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
imcintire@odonoghuelaw.com

Additional Counsel

4907-4183-3600.v1