# EXHIBIT B

2025 WL 3496252

2025 WL 3496252
Only the Westlaw citation is currently available.
United States District Court, W.D. Washington.

CHARLES GARBACCIO ET AL., Plaintiffs,
v.
STARBUCKS CORPORATION ET AL., Defendants.

CASE NO. 2:24-cv-01362-JHC
|
12/05/2025

**Attorneys and Law Firms**

Adam M. Apton, Pro Hac Vice, Levi & Korsinsky LLP, New York, NY, Roger Mulford Townsend, Townsend Legal PLLC, Bainbridge Island, WA, for Plaintiff Charles Garbaccio.

Kyle N. Foley, Pro Se.

Danny C. Kelly-Stallings, Seattle, WA, for Plaintiff Kyle N. Foley.

Andrew B. Clubok, Pro Hac Vice, Susan Engel, Pro Hac Vice, Latham & Watkins, Washington, DC, Daniel R. Gherardi, Pro Hac Vice, Latham & Watkins, Menlo Park, CA, Michele D. Johnson, Pro Hac Vice, Latham & Watkins, Costa Mesa, CA, Whitney Weber, Pro Hac Vice, Latham & Watkins, San Francisco, CA, Pallavi Mehta Wahi, Arnold & Porter Kaye Scholer LLP, Seattle, WA, Ruby A. Nagamine, Tyler K. Lichter, K&L Gates LLP, Seattle, WA, for Defendants.

ORDER

**\*1** On November 19, 2025, the Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss the Consolidated Complaint (Dkt. # 42). *See* Dkt. # 49. Both parties now seek reconsideration of this Order. *See* Dkt. ## 54; 55. Having reviewed the parties' motions for reconsideration (Dkt. ## 54; 55), the challenged Order (Dkt. # 49), and all applicable law, the Court: (1) REQUESTS a response from Defendants on Plaintiffs' Motion (Dkt. # 54); and (2) DENIES Defendants' Motion (Dkt. # 55).

Reconsideration is an "extraordinary remedy" and is generally disfavored. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored."). District courts thus ordinarily deny motions for reconsideration "unless there is

a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence." *Munoz v. Locke*, 2013 WL 12177035, at \*2 (W.D. Wash. Feb. 8, 2013) (citing LCR 7(h)(1)). " 'Manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.' " *Id.* (quoting *Black's Law Dictionary* (9th ed. 2009)). "Mere disagreement with a previous order is an insufficient basis for reconsideration," *id*, and "reconsideration should not be used to ask the Court to 'rethink what it had already thought through—rightly or wrongly.' " *Innovative Sols. Int'l, Inc. v. Houlihan Trading Co.*, 2025 WL 1135037, at \*1 (W.D. Wash. Apr. 17, 2025) (quoting *Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 791 (W.D. Wash. 2019)).

As for Plaintiffs' Motion, Plaintiffs contend that reconsideration is appropriate because the Court committed "manifest error" in dismissing all of Plaintiffs' § 20(a) claims against Defendant Ruggeri. *See* Dkt. # 54 at 1. Plaintiffs thus request the Court "vacate its dismissal of Count II (§ 20(a)) of the Complaint against Ruggeri, and reinstate Ruggeri as a § 20(a) defendant." *Id*. at 6.

There is a clerical error in the Order's conclusion: the Court did not intend to dismiss all § 20(a) claims against Defendant Ruggeri. As explained in the body of the Order, the Court: (1) dismissed all § 10(b) claims against Defendant Ruggeri for failure to plead scienter; and (2) dismissed all § 20(a) claims against Defendants Ruggeri and Narasimhan that do not hinge on validly pleaded § 10(b) claims. *See* Dkt. # 49 at 41–42, 45–46. As the Court agrees with Plaintiffs that some of their § 20(a) claims against Defendant Ruggeri do hinge on their validly pleaded § 10(b) claims against Defendant Starbucks, the Court currently believes that an amendment to the Order's conclusion is warranted. The Court is thus inclined to amend bullet point 2(c) on page 46 of the Order to read "All § 10(b) claims against Defendant Ruggeri and any § 20(a) claims related to those claims" instead of "All claims against Defendant Ruggeri" to properly account for the applicable law and the Court's analysis elsewhere in the Order. [1]

**\*2** As for Defendants' Motion, Defendants contend that "[t]he Ninth Circuit's recently published decision in *Sneed v. Talphera, Inc.*, 147 F.4th 1123 (9th Cir. 2025), compels reconsideration on both falsity and scienter grounds." Dkt. # 55 at 2. Defendants argue that *Sneed* invalidates the Court's analysis of the non-dismissed statements because the decision: (1) requires a Court "to look at each statement in

2025 WL 3496252

'context,' including its 'surrounding text' " when determining falsity; and (2) "raises the bar for pleading scienter where the challenged statements 'are not flagrantly false.' " *Id*. (citing *Sneed*, 147 F.4th at 1131–32, 1134).

The Court concludes that *Sneed* does not provide a basis for reconsideration. As an initial matter, *Sneed* is factually distinct from this case: the challenged statement in *Sneed* was an ad slogan, developed as part of a larger marketing campaign, and shared with investors via advertisement displays and a speech at an investor conference. *Sneed*, 147 F.4th at 1127. Here, however, the challenged statements are explicit disclosures made by company executives to investors on an earnings call. There is thus nothing in the facts or outcome of *Sneed* that inherently compels reconsideration here. [2]

Instead, *Sneed* would compel reconsideration if it announces new legal standards for pleading falsity and scienter that the Court did not apply in its Order. But it does not. As for falsity, *Sneed* states that courts must consider the "context surrounding the statement." *Sneed*, 147 F.4th at 1131. But the Court already identified, and applied, this principle in its Order when analyzing the element of falsity. [3] As the Court has already considered the full context of Defendants' challenged statements, including those that it declined to dismiss, it declines to "rethink what it ha[s] already thought through." *Innovative Sols.*, 2025 WL 1135037, at *1.

As for scienter, the Court does not read *Sneed* to raise the bar for pleading this element. Instead, the Court reads *Sneed* to reiterate the same general principles set forth in its Order: scienter can be difficult, but not impossible, to establish at the pleading stage. *Compare Sneed*, 147 F.4th at 1134–35 *with* Dkt. # 49 at 38–40. As explained in its Order, the Court finds Plaintiffs have satisfied their burden of pleading scienter as to Defendant Narasimhan because Plaintiffs have alleged facts that suggest he knew his statements were false, thereby "permit[ting] 'a reasonable person' to 'deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.' " Dkt. # 49 at 41 (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007)). Despite reaching a different outcome from the Ninth Circuit in *Sneed*, the Court's analysis still tracks the same analysis applied in *Sneed*. *See Sneed*, 147 F.4th at 1134 (declining to find scienter because the plaintiffs did not plead any facts that would suggest defendants knew that their statements were false, thereby leading the court to conclude that an alternative theory was more probable). While Defendants may disagree with the Court's analysis, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *Munoz*, 2013 WL 12177035, at *2. The Court thus declines to reconsider its Order based on *Sneed*. [4]

**\*3** Editor's Note: Tabular or graphical material not displayable at this time.

**All Citations**

Slip Copy, 2025 WL 3496252

---

**Footnotes**

1      Given this clarification, the Court finds the rest of the arguments in Plaintiffs' Motion moot. *See generally* Dkt. # 54.

2      The Court also notes that most of the Ninth Circuit's analysis in *Sneed* focuses on the reasonableness (or unreasonableness) of investors relying on ad slogans. *See generally id.* at 1131–35.

3      *See, e.g.*, Dkt. # 49 at 16 ("[A] defendant's statements must be read in context and considered as a whole."); *id.* at 27 n.30 ("The statements also must be read in context, which here includes Defendants' broader discussion of Starbucks' performance in China on the Q4 2023 Earnings Call as well as prior disclosures to investors about competition in China.").

4      The Court also notes that new legal authority, even if issued after briefing on a motion to dismiss, ordinarily does not satisfy the standards for reconsideration. *See* LCR 7(h)(1) ("The court will ordinarily deny such

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.      2

**CHARLES GARBACCIO ET AL., Plaintiffs, v. STARBUCKS..., Slip Copy (2025)**

2025 WL 3496252

motions in the absence of...a showing of new facts or legal authority which could not have been brought to its attention earlier *with reasonable diligence.*") (emphasis added); *see also* LCR

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.