COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
DYLAN K. SCOTT (332796)
(dscott@cooley.com)
CRISTINA M. FERRUOLO (339442)
(cferruolo@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420

*Attorneys for Defendants Dexcom, Inc., Kevin Sayer, Jereme Sylvain, and Teri Lawver*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-01485-RSH-VET **OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND NOTICE OF SUPPLEMENTAL AUTHORITY** Ctrm:    3B, 3rd Floor Judge:   Honorable Robert S. Huie |

Cooley LLP
Attorneys at Law
San Diego

Plaintiff filed a motion for leave to submit a second notice of supplemental authority, citing a decision in *Garbaccio v. Starbucks Corp.*, No. 2:24-cv-01362-JHC, ECF No. 59 (W.D. Wash. Dec. 12, 2025). The decision does not support Plaintiff's effort to avoid dismissal, and the motion should be denied, for two reasons.

***First***, *Starbucks* is procedurally inapposite. Plaintiff claims that *Starbucks* supports its argument that Defendants "waived" their challenge to control-person status because, like in *Starbucks*, Defendants here failed to raise this argument in their Rule 12(b)(6) motion. Doc. No. 63 at 1. Plaintiff ignores, however, that *Starbucks* was decided on a motion for reconsideration, not a post-answer motion under Rule 12(c). This distinction makes all the difference here. As the Ninth Circuit has made clear, "[i]f a … defense under Rule 12(b)(6) was not asserted in the first motion to dismiss … it can be raised … ***in a post-answer motion under Rule 12(c)***." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017). Thus, Dexcom's Rule 12(c) challenge to control-person status is appropriate, and the *Starbucks* reconsideration ruling is irrelevant, under the circumstances here.

***Second***, the *Starbucks* order does not change the standards for pleading control-person liability, which Plaintiff fails to meet. Plaintiff contends that *Starbucks* "clarified" that a plaintiff "need not show that the defendant was a culpable participant in the violation" to establish §20(a) liability. Doc. No. 63 at 1. Beyond such uncontroversial platitudes, however, the *Starbucks* order does not meaningfully analyze—much less expand—the standard for liability under §20(a), as the order merely elaborates on the court's desire to fix a "clerical error." Doc. No. 63-1 at 5-7.

To plead control-person liability, Plaintiff was required to offer something more than boilerplate allegations that Ms. Lawver exercised general control over Dexcom. In this context – where each remaining challenged statement was made by Mr. Sylvain during the question-and-answer portion of an earnings call – Plaintiff was required to allege facts showing that Ms. Lawver controlled Mr. Sylvain. *In re Coinstar Inc. Sec. Litig.*, 2011 WL 4712206, at *11 (W.D. Wash. Oct. 6, 2011)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1

OPP. TO MOT. FOR LEAVE TO FILE SECOND
NOTICE OF SUPP. AUTHORITY
CASE NO. 24-CV-01485-RSH-VET

(dismissing control-person claims against defendants who neither made the challenged statement on the earnings calls nor had authority to exercise control over the individual defendant who did); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *26 (N.D. Cal. Jan. 27, 2016) (dismissing control-person claims against Chief Marketing Officer who "did not speak on the Company's behalf during earnings conference calls with investors").[1] Plaintiff failed to meet this burden.

Notably, the *Starbucks* court had no occasion to address the requirements for pleading control-person liability under circumstances analogous to this case. *See generally Garbaccio v. Starbucks Corp.*, 2025 WL 3611558, at *25 (W.D. Wash. Dec. 12, 2025). Unlike here, one of the surviving challenged statements in *Starbucks* was made in an SEC filing by the company. *Id.* at *20-21 (declining to dismiss statement in "Q1 2024 Form 10-Q Risk-Disclosure Statement"). In that circumstance, where the challenged statement is found in the issuer's SEC filing, it may be sufficient for purposes of §20(a) liability to plead that the individual Defendant controlled *the issuer*. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1071 (N.D. Cal. 2012) (allegations supported control over contents of SEC filings, but not control over statements made by other defendants on investor calls). But that is not the case here. Neither of the two remaining statements come from an SEC filing; both come from Mr. Sylvain's answers during live Q&A sessions which Ms. Lawver is not alleged to have had authority to control. Accordingly, *Starbucks* has no application here, and there is no reason for the Court to consider this inapposite decision in ruling on Defendants' motion.

---

[1] The *Starbucks* order cites *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1067 (9th Cir. 2000), which holds that control-person liability requires a showing of "*authority*" to exercise control rather than actual exercise of control. *See* Doc. No. 63-1 at 6 n.2; *Howard*, 228 F.3d at 1067 ("[P]laintiff has not shown that [defendant] had the requisite actual authority … necessary to find him a control person."); *see also Hemmer Grp. v. SouthWest Water Co.*, 527 F. App'x 623, 627 (9th Cir. 2013) (a plaintiff must "show authority to exercise [] power" over the primary violator) (citing *Howard*, 228 F.3d at 1065). Here, because Plaintiff has not alleged facts showing that Ms. Lawver had *authority* to exercise control over the primary violator, Plaintiff fails to adequately plead control person liability under *Howard*.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

OPP. TO MOT. FOR LEAVE TO FILE SECOND
NOTICE OF SUPP. AUTHORITY
CASE NO. 24-CV-01485-RSH-VET

Dated:       January 5, 2026          COOLEY LLP


By: */s/ Koji F. Fukumura*
     Koji F. Fukumura


*Attorneys for Defendants Dexcom, Inc., Kevin Sayer, Jereme Sylvain, and Teri Lawver*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

OPP. TO MOT. FOR LEAVE TO FILE SECOND
NOTICE OF SUPP. AUTHORITY
CASE NO. 24-CV-01485-RSH-VET