COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
DYLAN K. SCOTT (332796)
(dscott@cooley.com)
CRISTINA M. FERRUOLO (339442)
(cferruolo@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:  +1 858 550 6420

*Attorneys for Defendants Dexcom, Inc., Kevin Sayer, Jereme Sylvain, and Teri Lawver*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-01485-RSH-VET <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PORTIONS OF LEAD PLAINTIFF'S SECOND AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> Ctrm: 3B, 3rd Floor <br> Judge: Honorable Robert S. Huie <br> Hearing: March 27, 2026 <br><br> PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY REQUESTED BY THE COURT |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL BACKGROUND ...................................................................... 1

III.    LEGAL STANDARD .......................................................................................... 2

IV.     ARGUMENT ........................................................................................................ 3

      A.    The Court Should Strike All Allegations Concerning Statements A-I and L-N, and the Class Period Definition Based Thereon. .............. 3

      B.    The Court Should Strike Footnote 3, Which Purports to Amend the Allegations Related to Statements A-I and L-N. ............................ 4

      C.    The Court Should Strike the Portions of Statement K That Were Previously Dismissed With Prejudice. ................................................ 4

V.      CONCLUSION .................................................................................................... 5

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

i

MEMO ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Culinary & Service Employees Union, AFL-CIO Local 555 v. Hawaii Employee Benefit Administration, Inc.*,
688 F.2d 1228 (9th Cir. 1982)......................................................................................2

*Lacey v. Maricopa County*,
693 F.3d 896 (9th Cir. 2012)........................................................................................3

*Loher v. Thomas*,
825 F.3d 1103 (9th Cir. 2016)......................................................................................4

*Marin v. Marshall*,
2025 WL 1082745 (S.D. Cal. April 10, 2025)............................................................2

*Mascorro v. City of San Diego*,
2026 WL 114420 (S.D. Cal. Jan. 15, 2026).............................................................2, 4

*Strifling v. Twitter Inc.*,
2024 WL 54976 (N.D. Cal. Jan. 4, 2024) ...................................................................3

*Zest IP Holdings, LLC v. Implant Direct Manufacturing, LLC*,
2013 WL 5674834 (S.D. Cal. Oct. 16, 2013)..............................................................2

**Other Authorities**

Fed. R. Civ. P. 12(f)............................................................................................................2

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii

**MEMO ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET**

## I.     INTRODUCTION

The Court's instruction to Plaintiff was crystal clear: "[T]he Court grants Plaintiff leave to amend its allegations with respect to Sylvain's representations that Dexcom was 'taking share' based on 'script data' in Statements J and K *only*." Dkt. No. 66 at 10.[1]

In response, Plaintiff filed a 170-page Second Amended Complaint ("SAC") that made no effort to tailor the claims to that authorized scope of amendment. It pleads the same expansive class period. It premises its claims on all fourteen challenged statements, including the twelve that were dismissed with prejudice, and portions of Statement K that were too. And it includes all of the prior allegations from the Background, Summary of Defendants' Fraud, and Additional Allegations of Scienter sections, even where those allegations are not relevant to the limited scope of leave granted.

Defendants cannot neatly untangle this mess. Instead, Defendants move to strike those portions of the SAC that <u>unambiguously</u> exceed the scope of leave to amend, which include:

- The definition of the Class Period (¶1)
- Statements A-I and L-N (¶¶83-242, 261-281)
- Footnote 3, which purports to amend Statements A-I and L-N
- The first and third bullet points of Statement K (¶253)

## II.    PROCEDURAL BACKGROUND

At issue is the fourth complaint in this action. The original complaint was filed in August 2024. Dkt. 1. Following the appointment of lead plaintiff, Plaintiff filed the consolidated class action complaint in January 2025. Dkt. 27. Defendants moved to dismiss that complaint, and on May 14, 2025, the Court granted that motion with broad leave to amend. Dkt. 36 at 10. Two weeks later, Plaintiff filed a first amended

---

[1] Unless otherwise noted, all emphasis is added, and internal quotation marks, citations, and alterations are omitted.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1

MEMO ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET

consolidated complaint ("FAC"), which contained several new challenged statements, omitted others, and categorized them into Statements A through N. Dkt. 37. In June 2025, Defendants again moved to dismiss. Dkt. 39. In September 2025, the Court dismissed with prejudice all of the challenged statements except for the portions of Statements J and K in which Sylvain stated Dexcom was "taking share" in the Basal insulin market segment, based on "script data." Dkt. 47 at 36-37.

In October 2025, Defendants moved for judgment on the pleadings as to surviving portions of Statements J and K. In January 2026, the Court granted that motion, dismissing those remaining statements and granting Plaintiff leave to amend only those two statements. Dkt. 66. Specifically, the Court granted Plaintiff "leave to amend its allegations with respect to Sylvain's representations that Dexcom was 'taking share' based on 'script data' in Statements J and K *only*." *Id.* at 10.

On February 6, 2026, Plaintiff filed a 170-page SAC that far exceeds the authorized scope of amendment. Defendants move to strike those portions of the SAC that exceed the permitted scope.

### III.    LEGAL STANDARD

Pursuant to Rule 12(f), a court may strike "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court has authority under Rule 12(f) to strike a pleading, in whole or in part, if—as here—the motion is made before the moving party has filed an answer. *Culinary & Serv. Emps. Union, AFL-CIO Loc. 555 v. Haw. Emp. Benefit Admin.*, 688 F.2d 1228, 1232 (9th Cir. 1982); *accord Zest IP Holdings v. Implant Direct Mfg.*, 2013 WL 5674834, at *2, 12 (S.D. Cal. Oct. 16, 2013) (granting motion to strike).

"[D]istrict courts often strike new claims, parties or factual allegations of an amended complaint that are beyond the permissible scope of a court's prior order granting leave to amend." *Mascorro v. City of San Diego*, 2026 WL 114420, at *2 (S.D. Cal. Jan. 15, 2026) (Huie, J.); *Marin v. Marshall*, 2025 WL 1082745, at *5 (S.D. Cal. April 10, 2025) (Huie, J.) (striking portions of amended complaint for

Cooley LLP
Attorneys at Law
San Diego

2

Memo ISO Defendants'
Motion to Strike SAC
Case No. 24-cv-1485-RSH-VET

"exceed[ing] the scope of the limited leave to amend"); *see also Strifling v. Twitter*, 2024 WL 54976, at *1 (N.D. Cal. Jan. 4, 2024) ("This Court and other courts in this district consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend.") (collecting cases).

## IV.    ARGUMENT

The SAC exceeds the authorized scope of amendment in three respects: **(A)** it includes 12 challenged statements that were previously dismissed in full with prejudice and includes a class period definition based on this expansive set of statements; **(B)** it purports to apply the new allegations to those 12 improperly-included challenged statements; and **(C)** it challenges portions of Statement K that were previously dismissed with prejudice.

### A.    The Court Should Strike All Allegations Concerning Statements A-I and L-N, and the Class Period Definition Based Thereon.

Despite the Court's clear directive that Plaintiff had leave to amend specific portions of "***Statements J and K only***," Dkt. 66 at 10, the SAC reasserts challenges to Statements A-I and L-N, ¶¶83-242, 261-281, and defines the Class Period by reference to Statement A, ¶1 & n.2. Plaintiff acknowledges this violates the scope of leave to amend, but justifies its action by claiming it was done "to preserve appellate rights." SAC §VI, n.7; ¶1 n.2. That excuse falls flat. The Ninth Circuit does not require "claims dismissed with prejudice and without leave to amend . . . [to] be repled in a subsequent amended complaint to preserve them for appeal." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012), *superseded on other grounds as stated in Hall v. City & Cnty. of Honolulu*, 2025 WL 623811, at *19 n.23 (D. Haw. Feb. 26, 2025). The Court dismissed with prejudice Statements A-I and L-N. Dkt. 47 at 36-37. Thus, under *Lacey*, those allegations are already preserved for appellate review, and striking them from the SAC will not harm or prejudice Plaintiff in any way. *Lacey*, 693 F.3d at 928.

Accordingly, Defendants request that the Court strike the allegations

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

MEMO ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET

concerning Statements A-I and L-N (¶¶83-242, 261-281) and the Class Period definition (¶1).[2]

**B.    The Court Should Strike Footnote 3, Which Purports to Amend the Allegations Related to Statements A-I and L-N.**

Not only does Plaintiff reassert its challenges to Statements A-I and L-N, it furtively attempts to amend its falsity allegations for them as well. On page 7 of the SAC, at footnote 3, Plaintiff states:

> [W]hile Plaintiff has incorporated Defendants' admission expressly in amending Statements J and K, the admission bears directly on the accuracy and misleading nature of Defendants' other Class Period statements … (Statements A-I and L-N). To the extent those statements (A-I and L-N) are not formally amended here, Plaintiff alleges – and Defendants have now conceded – that the same contemporaneous facts applied equally to them, and the reasons why those statements were false or misleading should be understood in that light.

This veiled attempt to amend allegations related to the dismissed statements is plainly beyond the authorized scope of leave to amend. And, in this instance, Plaintiff cannot even pretend that this was necessary to preserve issues for appeal. Plaintiff cannot "preserve for appeal" allegations that the parties have never litigated. *See Loher v. Thomas*, 825 F.3d 1103, 1121 (9th Cir. 2016) ("[A] litigant must raise all issues and objections before the trial court.").

Accordingly, Defendants request that the Court strike footnote 3.

**C.    The Court Should Strike the Portions of Statement K That Were Previously Dismissed With Prejudice.**

The SAC also exceeds the scope of leave to amend with respect to Statement K, challenging portions that were dismissed with prejudice and expressly excluded from the scope of leave to amend. Specifically, Plaintiff re-asserts challenges to three statements within Statement K—set out in three bullet points:

- "So far through the first quarter, things are going as we expected. Record

---

[2] Defendants recognize the Class Period issue pervades the SAC, and thus, it may be simpler to strike the entire SAC. *Mascorro*, 2026 WL 114420, at *2-3 (Huie, J.) (striking amended complaint where plaintiff exceeded the scope of leave to amend).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4

MEMO ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET

new patients, I think, helps enforce that. And you are correct, a good chunk of our new patients are coming through that basal channel, and we continue to see really well performance in that category." SAC ¶253.

- "In terms of share taking and how we look at that category, we get script data, we look at script data based on pathology. The debate – there's no debate internally to us. We know we're taking share, and we see that data. And I think a lot of you guys see that data. So for what it's worth, that data is out there, you can see the scripts continuing to come our way." *Id.*

- "For the . . . purpose we talked about, when we have coverage and when we compete head-to-head, we've typically won. So I think we maybe disagree with some comments out there, but I think the data is clear. When you look at the script data, I think it will continue to demonstrate where this is going over time." *Id.*

The Court, however, previously dismissed with prejudice the first and third statements, holding that "Sylvain's statements that a 'good chunk' of Dexcom's new patients were Type 2 Basal patients and that Dexcom 'typically' won in circumstances where it had coverage and competed head-to-head are ***too vague and subjective to be actionable***." Dkt. 47 at 28. And the Court's order expressly limited amendment of Statement K to "Sylvain's representations that Dexcom was 'taking share' based on 'script data'" Dkt. 66 at 10. Plaintiff offers no rationale for including these statements again.

Accordingly, Defendants request that the Court strike from the SAC the first and third bullet points of Paragraph 253.

## V.    CONCLUSION

For these reasons, Defendants respectfully request that the Court strike those portions of the SAC that exceed the scope of leave to amend, including:

- The definition of the Class Period (¶1)

- Statements A-I and L-N (¶¶83-242, 261-281)

- Footnote 3, which purports to amend Statements A-I and L-N

- The first and third bullet points of Statement K (¶253)

Cooley LLP
Attorneys at Law
San Diego

5

**Memo ISO Defendants'
Motion to Strike SAC
Case No. 24-cv-1485-RSH-VET**

Dated:      February 20, 2026          COOLEY LLP


By: */s/ Koji F. Fukumura*
    Koji F. Fukumura

*Attorneys for Defendants Dexcom, Inc., Kevin R. Sayer, Jereme M. Sylvain, and Teri Lawver*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

MEMO ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET