ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (200643)
W. MARK CONOVER (236090)
SARAH A. FALLON (345821)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
ddrosman@rgrdlaw.com
mconover@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-1485-RSH-VET |
| | LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF LEAD PLAINTIFF'S SECOND AMENDED CONSOLIDATED COMPLAINT |
| | DATE:    March 27, 2026 |
| | CTRM:    3B, 3rd Floor |
| | JUDGE:   Honorable Robert S. Huie |

4898-4915-3687.v1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ............................................................................................... 2

III. ARGUMENT .................................................................................................... 3

    A. Motions to Strike Are Disfavored and Defendants Fail to Make the Requisite Showing of Prejudice ........................................................ 3

    B. The SAC's Amendments Do Not Exceed the Scope of Authority Granted by the Court ........................................................... 4

    C. The SAC's Repleading of the Dismissed Statements as Relevant Context and for Appellate Purposes Does Not Warrant Striking ................................................................................ 5

    D. Footnote 3 Is Explanatory and Does Not Seek to Amend Dismissed Allegations ........................................................................ 9

    E. Alternatively, if the Court Finds Any Portion Beyond the Scope of Leave, It Should Permit a Conforming Amendment ...................... 10

IV. CONCLUSION ............................................................................................... 11

4898-4915-3687.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Denmix I, LLC v. Amtrust Int'l Underwriters, DAC*,
2025 WL 2018505 (C.D. Cal. 2025) ................................................................. 5, 6

*Gerrie v. Cnty. of San Bernardino*,
2023 WL 6194164 (C.D. Cal. 2023) ........................................................... 5, 7, 9

*In re Amgen Inc. Sec. Litig.*,
544 F. Supp. 2d 1009 (C.D. Cal. 2008) ............................................................ 7, 9

*In re Biovie Inc. Sec. Litig.*,
2025 WL 947667 (D. Nev. 2025) ..................................................................... 7, 9

*In re Qualcomm Inc. Sec. Litig.*,
2019 WL 1239301 (S.D. Cal. 2019) ................................................................. 7, 9

*Lacey v. Maricopa Cnty.*,
693 F.3d 896 (9th Cir. 2012) ............................................................................... 6

*Leach v. Ingram*,
2024 WL 4041638 (D. Nev. 2024) ...................................................................... 4

*Loher v. Thomas*
825 F.3d 1103 (9th Cir. 2016) ........................................................................... 10

*Marin v. Barh*,
No. 23-cv-00336-RSH-BLM (S.D. Cal. 2024) ................................................... 6

*Marin v. Marshall*,
2025 WL 1082745 (S.D. Cal. 2025) .................................................................... 6

*Mascorro v. City of San Diego*,
2026 WL 114420 (S.D. Cal. 2026) ................................................................. 6, 10

*McElroy v. Vitalant*,
2025 WL 3552403 (N.D. Cal. 2025) .................................................................... 3

*Mobley v. Workday, Inc.*,
2026 WL 636719 (N.D. Cal. 2026) ...................................................................... 3

4898-4915-3687.v1

# TABLE OF AUTHORITIES

**Page**

*Morales-Alfaro v. U.S. Dep't of Homeland Sec.*,
  2022 WL 64572 (S.D. Cal. 2022) ................................................................. 3, 5

*Moran v. Blue Hill Specialty Ins. Co.*,
  2026 WL 539467 (C.D. Cal. 2026) ................................................................ 6, 9

*Najarian Holdings LLC v. Corevest Am.
  Fin. Lender LLC*,
  2020 WL 5993225 (N.D. Cal. 2020) .................................................................. 3

*Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*,
  149 F.4th 1081 (9th Cir. 2025) .......................................................................... 4

*Salzman v. ImmunityBio, Inc.*,
  753 F. Supp. 3d 1050 (S.D. Cal. 2024) .............................................................. 7

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,
  2021 WL 11593043 (N.D. Cal. 2021) ............................................................. 7, 9

*Strifling v. Twitter*,
  2024 WL 54976 (N.D. Cal. 2024) ...................................................................... 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ......................................................................................... 2, 7

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ............................................................................ 10

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
  §78j(b) ............................................................................................................. 2, 7

Federal Rules of Civil Procedure
  Rule 12 ................................................................................................................. 4
  Rule 12(b)(6) ............................................................................................... 2, 7, 10
  Rule 12(f) ..................................................................................................... *passim*

24-cv-1485-RSH-VET

4898-4915-3687.v1

Lead Plaintiff National Elevator Industry Pension Fund ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' Motion to Strike.[1]

## I.      INTRODUCTION

Defendants' Motion to Strike has no legitimate basis and serves only to waste judicial resources.  Under Rule 12(f) of the Federal Rules of Civil Procedure, the proper purpose of a motion to strike is to excise "redundant, immaterial, impertinent, or scandalous matter."  It is an extreme remedy reserved for situations in which a party makes a showing of prejudice.

Defendants' Motion makes no such showing.  While Defendants claim that the SAC "far exceeds the authorized scope of the amendment" (Doc. No. 69-1 at 5) allowed by the Court's Order Granting Defendants' Motion for Judgment on the Pleadings (Doc. No. 66), Plaintiff complied with the order by amending only Statements J and K.  Plaintiff does not dispute that Statements A-I, L-N, and portions of K have been dismissed (the "dismissed statements"), and notes as much in the SAC.  Plaintiff retained the dismissed statements for appellate clarity and because they serve as essential context for evaluating Statements J and K.  Rule 12(f) does not authorize a Court to excise important context and background allegations, absent a showing of prejudice.

But Defendants fail to demonstrate any prejudice, difficulty, or confusion caused by the retention of the dismissed statements.  Indeed, Defendants have demonstrated both their understanding of the dismissed statements and their ability to defend against the allegations by their submission of a 21-page motion to dismiss

---

[1]  "Motion to Strike" or "Motion" refers to Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Strike Portions of Lead Plaintiff's Second Amended Consolidated Complaint for Violations of the Federal Securities Laws.  Doc. No. 69-1.  "MTD Opp." refers to Lead Plaintiff's Opposition to Defendants' Motion to Dismiss the Second Amended Consolidated Complaint for Violations of the Federal Securities Laws, filed herewith.  All "¶__"references are to Lead Plaintiff's Second Amended Consolidated Complaint for Violations of the Federal Securities Laws (Doc. No. 68) ("SAC").

- 1 -                                24-cv-1485-RSH-VET

(Doc. No. 70-1), focused solely on Statements J and K and the specific scienter allegations identified for each.  But striking the SAC's allegations would prejudice Plaintiff by removing the critical factual context necessary to evaluate Plaintiff's claims under the holistic and contextual analysis required for federal securities fraud claims.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that courts "faced with a Rule 12(b)(6) motion to dismiss a § 10(b) action" "must consider the complaint in its entirety").[2]  For these reasons, and as further detailed below, the Motion to Strike should be denied.

## II.    BACKGROUND

On January 7, 2026, the Court granted Defendants' motion for judgment on the pleadings.  Doc. No. 66.  The Court found that "[a]s currently pleaded," the SAC did not adequately allege falsity and granted leave to amend "with respect to Sylvain's representations that Dexcom was 'taking share' based on 'script data' in Statements J and K only."  *Id.* at 10.  The Court further stated it was "not convinced . . . that Plaintiff cannot cure the defects identified herein via amendment."  *Id.*

Plaintiff timely filed the SAC on February 6, 2026.  Doc. No. 68.  The SAC's amendments directly address the specific pleading deficiencies identified in the Court's order.  The SAC contains substantial, targeted amendments, including Defendants' own binding admissions regarding (i) Abbott Laboratories' approximately seven-out-of-ten win rate on new basal prescriptions; and (ii) Dexcom Inc.'s ("Dexcom") approximately 30% total basal market share during the relevant period.  *See, e.g.*, ¶¶63-67, 246, 255.  The SAC also clarifies the theory of falsity the Court permitted Plaintiff to refine – namely, that Defendant Jereme M. Sylvain's ("Sylvain") "taking share" statements were misleading because he expressly grounded them in contemporaneous "script data" while omitting adverse facts reflected in that very data.  *See, e.g.*, ¶¶243-260.  The amendments eliminate the linguistic

---

[2]    Unless otherwise noted, all emphasis is added and citations are omitted.

- 2 -                    24-cv-1485-RSH-VET

"inconsisten[cies]" the Court identified in its order and expressly granted leave to cure. *See* Doc. No. 66 at 7-8, 10.

While the SAC retains Statements A-I and L-N, it does so in their original form, without alteration or amendment. ¶¶83-242, 261-281. The SAC uses the dismissed statements for appellate clarity and to provide context for Statements J and K. *See* Doc. No. 68 at §VI n.7; ¶1 n.2. Despite this, Defendants now seek to strike: (i) the Class Period definition (¶1); (ii) Statements A-I, L-N, and portions of K (¶¶83-242, 253, 261-281); and (iii) footnote 3. Doc. No. 69.

## III.    ARGUMENT

### A.    Motions to Strike Are Disfavored and Defendants Fail to Make the Requisite Showing of Prejudice

Motions under Rule 12(f), which permits a court to strike "redundant, immaterial, impertinent, or scandalous matter," are generally "disfavored" and "not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *E.g.*, *Mobley v. Workday, Inc.*, 2026 WL 636719, at *3 (N.D. Cal. 2026) (cleaned up). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *McElroy v. Vitalant*, 2025 WL 3552403, at *2 (N.D. Cal. 2025) (cleaned up). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Morales-Alfaro v. U.S. Dep't of Homeland Sec.*, 2022 WL 64572, at *2 (S.D. Cal. 2022) (cleaned up); *Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*, 2020 WL 5993225, at *4 (N.D. Cal. 2020) ("A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be at issue in the action."). And, as the Ninth Circuit recently reaffirmed, Rule 12(f) provides no basis to strike absent identification of "strikable matter," and a matter is not "immaterial" unless it is unrelated to the plaintiff's requested relief, nor

- 3 -    24-cv-1485-RSH-VET

4898-4915-3687.v1

"impertinent" unless it is unrelated to the harm alleged. *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1089 (9th Cir. 2025).

Because striking is an extreme remedy, courts in this Circuit require the moving party to demonstrate actual prejudice, not merely procedural inconvenience. *See, e.g.*, *Leach v. Ingram*, 2024 WL 4041638, at *4 (D. Nev. 2024) ("Given the disfavored nature of motions to strike, courts routinely require a showing of actual prejudice before striking material from a pleading.").

Defendants cannot make that showing here. Defendants identify ***no*** prejudice, confusion, or inconvenience caused by the SAC's retention of the dismissed statements and footnote 3, and thus their Motion is doomed on this ground alone. The dismissed statements are critical context and thus material to the SAC's allegations under Rule 12. Defendants' Motion would not streamline the litigation; it would delete the context in which the surviving statements were made.[3]

### B. The SAC's Amendments Do Not Exceed the Scope of Authority Granted by the Court

The only rationale Defendants provide for asking the Court to strike the dismissed statements, the Class Period definition, and footnote 3, is that they "violate[] the scope of leave to amend" granted by the Court. Doc. No. 69-1 at 6-7. Not so. The Court granted "Plaintiff leave to amend its allegations with respect to Sylvain's representations that Dexcom was 'taking share' based on 'script data' in Statements J and K only." Doc. No. 66 at 10. Plaintiff complied with the order by amending only Statements J and K. Defendants do not dispute that Plaintiff did not make a single amendment or alteration to Statements A-I and L-N. While these statements have been dismissed, they are the critical backdrop against which

---

[3] Defendants' argument that it is "exceedingly difficult" for the Court to assess scienter based on the SAC is baseless. Doc. No. 70-1 at 22. The dismissal of certain statements does not impact the applicability of the scienter allegations here, and scienter is also specifically alleged for Statements J and K. *See* SAC at §VIII; ¶¶251, 260. Defendants' Motion directly addresses these allegations demonstrating there was no confusion as to what scienter allegations apply. Doc. No. 70-1 at 22-24.

4898-4915-3687.v1

Defendants made Statements J and K and should not be stricken. *See Morales-Alfaro*, 2022 WL 64572, at *1 ("[B]ackground or historical allegations should not be stricken unless prejudicial, and allegations contributing to a full understanding of the complaint as a whole need not be stricken.") (Cleaned up); *Gerrie v. Cnty. of San Bernardino*, 2023 WL 6194164, at *4 (C.D. Cal. 2023) ("Allegations supplying background or historical material or allegations that, when read with the complaint as a whole, give a full understanding thereof, need not be stricken under Rule 12(f).") (Cleaned up).

The SAC expressly acknowledges the dismissed statements and disclaims any intent to revive them (absent appeal). *See* §VI at n.7 and ¶1 n.2. Defendants concede as much, and have accordingly noted their intention to only respond to the new, targeted allegations concerning Statements J and K. Doc. No. 70-1 at 7, n.1. There is no confusion between the parties on this point, and given Plaintiff's clear disclaimer, there is no reason to strike these allegations from the pleading. Plaintiff is not attempting to reintroduce the dismissed statements through the back door; it simply complied with the Court's order. *See Denmix I, LLC v. Amtrust Int'l Underwriters, DAC*, 2025 WL 2018505, at *1 (C.D. Cal. 2025) (declining to strike allegations where plaintiff "acknowledges the Court's prior ruling and insists it is not seeking relief on those allegations previously dismissed" and "repeated these allegations to preserve them for appeal").

**C.   The SAC's Repleading of the Dismissed Statements as Relevant Context and for Appellate Purposes Does Not Warrant Striking**

Plaintiff retained the dismissed statements here for two critical reasons: to preserve the record and to provide context for the surviving allegations.

***First***, Plaintiff retained the statements (and Class Period) for appellate purposes, to preserve them and to provide clarity for the Ninth Circuit in the event of an appeal by enabling the evaluation of all statements in one document. Defendants' approach would require the Court to sift through prior iterations of the complaint to view all

4898-4915-3687.v1

allegations that are the subject of the appeal.  Indeed, Defendants made additional admissions set forth in the SAC showing that those statements in the first pleading were misleading.  This is perfectly appropriate.  *See Denmix I*, 2025 WL 2018505, at *1.

Defendants argue that, nevertheless, these allegations should be stricken because Plaintiff was ***not required*** to retain these statements for appellate purposes, as held in *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012).  Doc. No. 69-1 at 6.  *Lacey* does not, however, hold that a plaintiff is prohibited from re-alleging previously dismissed allegations for background, context, and appellate review, and nothing in *Lacey* converts the inclusion of contextual allegations into "strikable matter" under Rule 12(f), particularly where, as discussed above, Plaintiff disclaims seeking relief on the dismissed statements.[4]

***Second***, Plaintiff retained the dismissed statements because these statements provide critical context to Statements J and K.  Courts have made clear that contextual and background allegations are not an appropriate target for a motion to strike under Rule 12(f).  *See, e.g.*, *Moran v. Blue Hill Specialty Ins. Co.*, 2026 WL 539467, at *7

---

[4]    Defendants rely on this Court's opinions in *Mascorro v. City of San Diego*, 2026 WL 114420, at *2 (S.D. Cal. 2026), and *Marin v. Marshall*, 2025 WL 1082745, at *5 (S.D. Cal. 2025), to support their contention that the SAC's allegations should be stricken because Plaintiff exceeded the scope of the Court's order granting leave to amend.  Doc. No. 69-1 at 5.  *Mascorro* and *Marin* involved specific factual circumstances not present here.  In *Mascorro*, the plaintiff directly disregarded the Court's specific admonition that "[p]laintiff may not add further defendants, claims, or incidents in his second amended pleading," by adding new parties, new claims, and a number of new incidents.  2026 WL 114420, at *2-*3.  Likewise, in *Marin* the Court struck a conversion claim from a plaintiff because the Court had previously ruled that the claims involved real property and, as a matter of law that could not be cured with additional factual material, conversion applied only to personal property.  *Compare* 2025 WL 1082745, at *5; with Order, *Marin v. Barh*, No. 23-cv-00336-RSH-BLM, at 11 (S.D. Cal. 2024). Doc. No. 77; *see also Strifling v. Twitter*, 2024 WL 54976, at *1 (N.D. Cal. 2024) (striking new plaintiff and her new claim because prior leave to amend was for the existing plaintiffs to cure their own lack of standing).  Here, Plaintiff's operative amendments are confined to Statements J and K and serve as background and context for evaluating the surviving statements. Plaintiff does not add new claims or parties, as in Defendants' cited authorities.  Unlike here, where Plaintiff has clearly acknowledged the dismissal, the parties in each of Defendants' cases were affirmatively seeking relief on claims that were beyond the scope of leave to amend.

- 6 -                                    24-cv-1485-RSH-VET

(C.D. Cal. 2026) (declining to strike allegations of contractual liability for two dismissed defendants, because the paragraphs in question also "provide[d] background" for the claim against a different defendant); *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 2021 WL 11593043, at *13 (N.D. Cal. 2021) (denying motion to strike allegations that plaintiff asserted "provide[d] relevant background and context for its false advertising claims"); *Gerrie*, 2023 WL 6194164, at *4 (declining motion to strike allegations and noting that "even if they did not" form the basis of the crossclaims, "they are useful context for the surrounding allegations").

This is particularly true in cases alleging violations of the federal securities laws, where challenged statements must be evaluated holistically and in context. *See, e.g.*, *Tellabs*, 551 U.S. at 322 (holding that courts "faced with a Rule 12(b)(6) motion to dismiss a § 10(b) action" "must consider the complaint in its entirety"); *In re Qualcomm Inc. Sec. Litig.*, 2019 WL 1239301, at *7 (S.D. Cal. 2019) (rejecting invitation to "assess the statements listed in the Complaint in a vacuum" and "examining the entire statement and its circumstances to determine if it is actionable") (cleaned up); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1031-32 (C.D. Cal. 2008) (rejecting defendant's interpretation of a statement because "while this may appear to be the case when viewing the statements in isolation, under *Tellabs*, courts must consider the complaint in its entirety") (cleaned up); *In re Biovie Inc. Sec. Litig.*, 2025 WL 947667, at *13 (D. Nev. 2025); *Salzman v. ImmunityBio, Inc.*, 753 F. Supp. 3d 1050, 1062 (S.D. Cal. 2024); *see also* Doc. No. 29-1 at 18 (Defendants acknowledging that challenged statements must be read "fairly and in context").

Here, the dismissed statements provide the backdrop against which Statements J and K must be understood. Statements J and K were not made in isolation; they were the culmination of a steady drumbeat of positive messaging by Defendants about their performance in the basal market. For nearly a year prior to the issuance of Statements J and K, Defendants repeatedly assured investors of Dexcom's readiness to compete and extend its leadership into the new basal market, its strong relationships with DME

4898-4915-3687.v1

channel partners, its robust sales force and effective execution among primary care physician providers, and that it was "doing well" and even "outperform[ing] in basal." *See, e.g.*, ¶¶143-144, 164-165, 203-204, 223-224. This sustained barrage conveyed a false narrative: Dexcom was winning in the new basal market. Statements J and K should be considered in conjunction with the SAC's allegations as a whole (including the dismissed statements) – as is required on a motion to dismiss. *See* MTD Opp. §IV.B.1.

Defendants also attempt to strip critical context from Statement K[5] by trying to strike the sentences surrounding it (bullets one and three). Doc. No. 69-1 at 8. But Statement K is a response to a question asked on the April 25, 2024, earnings call. Investors and analysts heard Sylvain's response in its entirety – not in fragments. The bullets Defendants seek to strike appeared immediately before and after bullet two – Sylvain's unequivocal assertion that Dexcom was taking share based on "script data," and "there's no debate internally to us. We know we're taking share, and we see that data." ¶253. Thus, bullets one and three are critical to how the market understood and interpreted the portion of Statement K that remains (bullet two) and cannot be excised from an analysis of this statement. *See, e.g.*, ¶259 (analyst noting both that Defendants "highlighted script data" and "strong Q1 performance with basal significantly contributing to new patient volumes" and another noting "DXCM achieving another record quarter of new patient starts and gaining market share").

Defendants' motion to dismiss lays bare the true reason that they seek to strike bullets one and three: these portions undercut their argument that Sylvain's statements refer only to total basal market share and have no connection to new patient scripts.

---

[5]   Again, the SAC does not attempt to resurrect the dismissed statements, but retained them for the reasons stated above. *See* ¶¶255-259 (explaining why the second bullet was misleading, including that "when Sylvain claimed that Dexcom was 'taking share' based on 'script data,' the statement was, at a minimum, a misleading half-truth because he knowingly failed to disclose that the very 'script data' he referenced showed Dexcom's principal competitor was winning approximately seven out of ten new basal prescriptions").

4898-4915-3687.v1

Doc. No. 70-1 at 18-19.  These portions of the statement confirm that, when Sylvain unequivocally stated that Dexcom was taking share based on "script data," and that "there's no debate internally," "[w]e know we're taking share, and we see that data," it was made in the context of his other statements about "record *new* patients" and "a good chunk of our *new* patients coming through [the basal] channel." ¶¶252-253.  In context, these confirm that Sylvain was in fact discussing new patients when he made his share-taking statements.  Moreover, this context reinforced that his share-taking statement conveyed competitive success because it asserted that the script data showed competitive wins ("when we compete head-to-head, we've typically won").  ¶253.  While Defendants want to isolate this critical context from the Court's analysis of Statement K, it would be wholly improper to do so – context matters.  *See, e.g.*, *Qualcomm*, 2019 WL 1239301, at *7; *Amgen*, 544 F. Supp. 2d at 1031-32; *see also* *Biovie*, 2025 WL 947667, at *13 (reviewing "statements in context – rather than isolating them from other nearby clauses").  And Defendants make no attempt to show prejudice, harm, or confusion caused by retaining these portions of Statement K.

In sum, Defendants should not be permitted to use the extraordinary remedy of Rule 12(f) to remove necessary context from the alleged misleading statements in order to further their attempt to reimagine them.  *See, e.g.*, *Moran*, 2026 WL 539467, at *7; *Scilex*, 2021 WL 11593043, at *13; *Gerrie*, 2023 WL 6194164, at *4.

### D.    Footnote 3 Is Explanatory and Does Not Seek to Amend Dismissed Allegations

Finally, Defendants ask the Court to strike footnote 3 on the theory that it "[p]urports to [a]mend" previously dismissed allegations. Doc. No. 69-1 at 7.  It does not amend, replead, or seek relief on the dismissed statements.  This is evident from the text of the footnote itself.  ¶14 n.3.  Footnote 3 is merely explanatory.  It merely notes that the new evidence – Defendants' binding admissions regarding script data – is also pertinent to the dismissed statements because it bears on the misleading nature of the broader narrative of success advanced throughout the Class Period.  *Id*.

- 9 -                                24-cv-1485-RSH-VET

4898-4915-3687.v1

Plaintiff is not attempting to amend any statements through a footnote, it is merely indicating the relevance of admitted facts to the narrative alleged in the SAC, which bears on the falsity of Statements J and K.[6]

### E. Alternatively, if the Court Finds Any Portion Beyond the Scope of Leave, It Should Permit a Conforming Amendment

If the Court determines that any portion of the SAC exceeds the scope of the leave to amend it granted, the solution certainly is not, as Defendants suggest in a footnote, "to strike the entire SAC."[7] Rule 12(f) cannot be used as a back-door merits disposition tool. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion . . . already serves such a purpose."). The appropriate remedy, if the Court finds one necessary, is for Plaintiff to promptly file a conforming complaint that retains Statements J and K and conforms the Class Period definition. That targeted remedy would address any legitimate scope concern without imposing the draconian measure of striking the entire pleading.

---

[6] *Loher v. Thomas* (*see* Doc. No. 69-1 at 7) has no application here. *See* 825 F.3d 1103, 1121 (9th Cir. 2016) (involving the question of whether a state had waived its challenge to a claim by affirmatively asking the district court to adopt a magistrate's recommendation that was adverse to that challenge).

[7] The sole case cited by Defendants for this proposition (Doc. No. 69-1 at 7 n.2) is clearly inapposite. *See supra* n.4 (citing *Mascorro*, 2026 WL 114420, at *2).

- 10 -                                                24-cv-1485-RSH-VET

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Strike should be denied in its entirety.

DATED:  March 13, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
W. MARK CONOVER
SARAH A. FALLON


s/ Daniel S. Drosman
DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
ddrosman@rgrdlaw.com
mconover@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELIZABETH A. SHONSON
(admitted *pro hac vice*)
LUKE GOVEAS
(admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
eshonson@rgrdlaw.com
lgoveas@rgrdlaw.com

Lead Counsel for Lead Plaintiff

O'DONOGHUE & O'DONOGHUE LLP
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
jmcintire@odonoghuelaw.com

Additional Counsel

4898-4915-3687.v1

- 11 -

24-cv-1485-RSH-VET