COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
DYLAN K. SCOTT (332796)
(dscott@cooley.com)
CRISTINA M. FERRUOLO (339442)
(cferruolo@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420

*Attorneys for Defendants Dexcom, Inc., Kevin
Sayer, Jereme Sylvain, and Teri Lawver*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DEXCOM, INC. CLASS ACTION SECURITIES LITIGATION | Lead Case No. 24-cv-01485-RSH-VET |
| | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PORTIONS OF LEAD PLAINTIFF'S SECOND AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | Ctrm: 3B, 3rd Floor<br>Judge: Honorable Robert S. Huie<br>Hearing: March 27, 2026 |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY REQUESTED BY THE COURT |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

REPLY ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ...................................................................................................... 1

    A.  Plaintiff Misapplies the Legal Standard.................................................. 1

    B.  Plaintiff Did Exceed the Scope of Leave to Amend. .............................. 2

    C.  Plaintiff's Justifications for Exceeding the Scope of Leave to Amend Are Without Merit. ....................................................................... 3

        1.  Plaintiff's "Appellate Preservation" Justification Is Foreclosed by Lacey. ................................................................... 3

        2.  Plaintiff's "Context" Justification Also Fails. ............................ 5

    D.  Plaintiff's Alternative Request for a "Conforming Amendment" Should Be Denied. ................................................................................. 7

III.  CONCLUSION .................................................................................................. 7

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**REPLY ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Benamar v. Air France-KLM*,
2015 WL 4606751 (C.D. Cal. July 31, 2015) .......................................................... 4

*Gerrie v. Cnty. of San Bernardino*,
2023 WL 6194164 (C.D. Cal. May 25, 2023).......................................................... 6

*Mascorro v. City of San Diego*,
2026 WL 114420 (S.D. Cal. Jan. 15, 2026) ........................................................... 2

*Lacey v. Maricopa Cnty.*,
693 F.3d 896 (9th Cir. 2012) ........................................................................... 3, 4

*Loher v. Thomas*,
825 F.3d 1103 (9th Cir. 2016) ............................................................................ 4

*Marin v. Marshall*,
2025 WL 1082745 (S.D. Cal. Apr. 10, 2025) ........................................................ 2

*Moran v. Blue Hill Specialty Ins. Co.*,
2026 WL 539467 (C.D. Cal. Feb. 26, 2026) .......................................................... 6

*Najarian Holdings LLC v. Corevest American Finance Lender LLC*,
2020 WL 5993225 (N.D. Cal. Oct. 9, 2020).......................................................... 1

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,
2021 WL 11593043 (N.D. Cal. Aug. 16, 2021)...................................................... 6

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ............................................................................. 7

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii

**REPLY ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET**

## I.    INTRODUCTION

Defendants' Motion to Strike is deliberately narrow. It targets only those portions of the SAC that ***unambiguously*** exceed the scope of leave to amend: the twelve challenged statements dismissed with prejudice, the Class Period definition anchored to one of those dismissed statements, a footnote applying new factual allegations to those dismissed statements, and two sentences of Statement K that were dismissed with prejudice.

Unable to rebut this narrow request on its merits, Plaintiff exaggerates its scope and insists all the allegations provide necessary "context" and "background." But the statements the Court dismissed—and the accompanying falsity and scienter allegations the Court rejected—are not context; they are the dismissed claims themselves, repackaged under a different label. An expanded Class Period pegged to a dismissed statement is not background; it is an unauthorized expansion of the case. And a footnote applying new facts to dismissed claims is not explanatory; it is an end-run around the Court's order. Plaintiff offers no justification for any of these amendments. Accordingly, for the reasons set forth in Defendants' opening brief and those discussed below, the Motion to Strike should be granted.

## II.    ARGUMENT

### A.    Plaintiff Misapplies the Legal Standard.

Rather than engage with this Court's own precedent, Plaintiff devotes the first several pages of its Opposition to the general proposition that motions to strike are "disfavored" and require a showing of "prejudice." Dkt. 72 at 7-8. But none of Plaintiff's cited cases addressed a motion to strike an amended complaint because it ***exceeded the <u>express</u> scope of leave to amend granted***.[1] That is the issue here.

---

[1] The one potential exception is *Najarian Holdings LLC v. Corevest American Finance Lender LLC*, 2020 WL 5993225 (N.D. Cal. Oct. 9, 2020). In that case, plaintiffs repled allegations that were dismissed with prejudice, which, by definition, exceed the scope of leave to amend. *Id.* at *9. However, there was no order expressly limiting amendment in the manner here.

Defendants' cases address that issue directly: In *Mascorro v. City of San Diego*, 2026 WL 114420, at \*2-3 (S.D. Cal. Jan. 15, 2026), and *Marin v. Marshall*, 2025 WL 1082745, at \*5 (S.D. Cal. Apr. 10, 2025), this Court struck allegations exceeding the limited scope of leave to amend as a matter of its inherent authority to enforce its own orders—without requiring any separate showing of prejudice. Plaintiff relegates these decisions to a single footnote, attempting to distinguish them on the basis that they involved new parties or new claims. Dkt. 72 at 10 n.4. But the form of the violation is immaterial. Here, Plaintiff not only retained, but affirmatively sought to supplement, allegations for twelve dismissed statements and repled a Class Period pegged to the first dismissed statement—none of which the Court's order authorized. The same remedy applied in *Mascorro* and *Marin* is warranted here.

Plaintiff also contends that Defendants' Motion "waste[s] judicial resources." Dkt. 72 at 5. But it is the SAC's sprawling inclusion of dismissed material, not Defendants' Motion, that imposes unnecessary costs on the Court and the parties. Retaining 170 pages of allegations, nearly half of which relate solely to dismissed statements, forces the Court to continually distinguish between live and dead claims throughout the pending motion to dismiss and any future proceedings. Striking the dismissed allegations now will streamline the litigation, not burden it.

### B.    Plaintiff Did Exceed the Scope of Leave to Amend.

Plaintiff's central contention—that it "did not make a single amendment or alteration to Statements A-I and L-N"—is neither relevant nor accurate. Dkt. 72 at 8. The issue is not whether Plaintiff textually amended the dismissed statements, but whether Plaintiff was authorized to include them at all. The Court's grant of leave was confined to Sylvain's "'taking share' representations in Statements J and K only." Dkt. No. 66 at 10. That limitation necessarily excludes the repleading of dismissed statements, whether amended or reproduced verbatim. Plaintiff's framing conflates textual alteration with repleading, when in fact both constitute an impermissible expansion of the scope of leave to amend.

Cooley LLP
Attorneys at Law
San Diego

2

Reply ISO Defendants'
Motion to Strike SAC
Case No. 24-cv-1485-RSH-VET

Moreover, it is not true that Plaintiff made no amendments to Statements A-I and L-N. Footnote 3 purports to apply new facts to those statements. SAC ¶14 n.3. Plaintiff characterizes this footnote as "merely explanatory," Dkt. 72 at 13-14, but its text says otherwise: it expressly states that Defendants' admissions bear on "the accuracy and misleading nature of Defendants' other Class Period statements . . . (Statements A-I and L-N)," SAC ¶14 n.3. That is not explanation—it is the supplementation of dismissed statements with new factual allegations.

Finally, Plaintiff did not, as it claims, "acknowledge" all dismissed statements. Dkt. 72 at 10 n.4. Although it acknowledged that the Class Period is overbroad, SAC at 1 n.2, and Statements A-I and L-N have been dismissed, *id.* at 35 n.7, Plaintiff did not acknowledge the dismissed portions of Statement K. To the contrary, the SAC repled them as operative "Challenged Statements Alleged to Be False and Misleading," ¶253, without any notation that portions had been dismissed. That is not passive preservation; it is active repleading of statements the Court dismissed with prejudice.

### C. Plaintiff's Justifications for Exceeding the Scope of Leave to Amend Are Without Merit.

Plaintiff advances two justifications for exceeding the scope of leave to amend: (i) appellate preservation, and (ii) to provide "context." Dkt. 72 at 9-10. Neither withstands scrutiny.

#### 1. Plaintiff's "Appellate Preservation" Justification Is Foreclosed by *Lacey.*

Ninth Circuit law is clear that "claims dismissed with prejudice and without leave to amend" need not "be repled in a subsequent amended complaint to preserve them for appeal." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). The Court dismissed Statements A-I and L-N with prejudice. Dkt. No. 47 at 36-37. Under *Lacey*, those allegations are already preserved for appellate review by operation of

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

REPLY ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET

law, and striking them will not prejudice Plaintiff's appellate rights in any respect. Plaintiff does not dispute that.

Instead, Plaintiff attempts to distinguish *Lacey* by arguing that it does not "prohibit" repleading. Dkt. 72 at 7. That distinction is irrelevant. The question is not whether *Lacey* affirmatively prohibits repleading; it is whether Plaintiff has offered any legitimate justification for exceeding the scope of leave to amend. And under *Lacey*, preservation for appellate review is not a valid justification. *See Benamar v. Air France-KLM*, 2015 WL 4606751, at *3 (C.D. Cal. July 31, 2015) (collecting cases and noting the majority of district courts "have relied on *Lacey* in finding it more efficient to dismiss or strike realleged claims already dismissed with prejudice" because the "inclusion of claims already dismissed with prejudice in the non-operative complaint has the potential to confuse the scope of discovery and any dispositive motions").

Plaintiff's alternative suggestion—that the Ninth Circuit would benefit from seeing "all statements in one document"—is a convenience argument, not a legal one. Dkt. 72 at 9-10. It does not override the Court's order, and the Ninth Circuit is fully capable of reviewing the prior complaint and orders without Plaintiff combining dismissed and surviving allegations into a single pleading. Moreover, Plaintiff is wrong that these unauthorized amendments simplify appellate review. The inclusion of Footnote 3—applying new facts to dismissed statements—*complicates* rather than simplifies appellate review because those statements have never been tested against the new facts. Plaintiff quibbles with the procedural context of *Loher v. Thomas*, 825 F.3d 1103 (9th Cir. 2016), but does not dispute the legal principle for which Defendants cited it: a litigant cannot preserve for appeal arguments that were never presented to the trial court. *Id.* at 1121. That principle applies with full force here: Plaintiff cannot "preserve" new falsity allegations for dismissed statements that have never been tested. If Plaintiff wished to argue that Defendants' admissions rendered the dismissed statements actionable, the proper course was to seek leave to amend

Cooley LLP
Attorneys at Law
San Diego

4

Reply ISO Defendants'
Motion to Strike SAC
Case No. 24-cv-1485-RSH-VET

those statements—not to unilaterally apply new facts to claims the Court has already rejected.

## 2.    Plaintiff's "Context" Justification Also Fails.

Plaintiff's secondary justification—that the dismissed statements provide "critical context" for Statements J and K, Dkt. 72 at 11-13—fails for two reasons.

***First***, the SAC's own structure refutes that argument. Defendants did not seek to strike any allegations in the SAC's "Background" or "Summary of Defendants' Fraud" sections (¶¶30-82). Nor did Defendants seek to strike the "Context of Statement" paragraphs that immediately precede Statements J and K (¶¶243, 252)— the very paragraphs designed to provide the context Plaintiff claims to need. Defendants' Motion targets the dismissed statements themselves, which appear in a separate section titled "Statements and Omissions Under Rule 10b-5(b)." In short, Defendants have already drawn the line Plaintiff accuses them of ignoring: context remains; dismissed claims do not.

In truth, Plaintiff is not seeking to contextualize the surviving claims—it is seeking to relitigate the dismissed ones under a different label. Plaintiff argues that Statements A-I and L-N (together with the supporting falsity and scienter allegations) are necessary because they purportedly demonstrate a "sustained barrage" of statements conveying a "false narrative." Dkt. 72 at 11-12. But that is not context; it is the very theory of liability the Court rejected when it held those statements were inactionable as a matter of law and dismissed them with prejudice. Dkt. 47 at 36-37. The Court should not permit Plaintiff to accomplish through the back door of "context" what it could not accomplish through the front door of falsity.

Plaintiff further argues that bullets one and three of Statement K (¶253) provide "critical context" for bullet two. Dkt. 72 at 12-13. But the Court specifically dismissed the statements in bullets one and three with prejudice, holding that "Sylvain's statements that a 'good chunk' of Dexcom's new patients were Type 2 Basal patients and that Dexcom 'typically' won in circumstances where it had

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5

REPLY ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET

coverage and competed head-to-head are too vague and subjective to be actionable." Dkt. No. 47 at 28. Plaintiff may not circumvent that ruling by relabeling dismissed statements as "context." Plaintiff's real purpose in retaining these bullets is revealed by its own briefing: Plaintiff wants to use them to argue that Sylvain was discussing "new patients" when making his share-taking statements, thereby bolstering the surviving claim. Dkt. 72 at 12-13. But whatever "context" exists, it is already captured in the preceding paragraph—titled "Context of Statement" (¶252)—and need not be repeated in the paragraph identifying the precise statements challenged as false or misleading (¶253).

**Second**, Plaintiff's argument proves too much. Under Plaintiff's logic, a plaintiff could always replead dismissed statements simply by labeling them "background" or "context," rendering any limitation on leave to amend meaningless. If the Court were to accept this reasoning, no order granting limited leave to amend could ever be enforced, because a plaintiff could invariably argue that dismissed allegations provide "background" or "context" for the surviving claims. The Court should reject this invitation to nullify its own order.

Plaintiff's cited cases are readily distinguishable as each involved **actual** background allegations, not the repleading of dismissed claims in defiance of a court order limiting the scope of leave to amend. *See Moran v. Blue Hill Specialty Ins. Co.*, 2026 WL 539467, at *7 (C.D. Cal. Feb. 26, 2026) (paragraphs at issue described the defendant insurer's own conduct and provided factual background for a breach of contract claim); *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 2021 WL 11593043, at *13 (N.D. Cal. Aug. 16, 2021) (allegations provided relevant regulatory background for false advertising claims); *Gerrie v. Cnty. of San Bernardino*, 2023 WL 6194164, at *4-5 (C.D. Cal. May 25, 2023) (allegations supplied historical background about events giving rise to remaining crossclaims).

Cooley LLP
Attorneys at Law
San Diego

6

Reply ISO Defendants'
Motion to Strike SAC
Case No. 24-cv-1485-RSH-VET

### D.   Plaintiff's Alternative Request for a "Conforming Amendment" Should Be Denied.

Plaintiff's fallback request for leave to file yet another "conforming amendment" should be denied. Dkt. 72 at 14-15. This is now the fourth complaint in this action. Plaintiff received the Court's order containing an unambiguous directive limiting the scope of amendment and chose not to comply. The parties met and conferred in advance of Defendants filing this Motion, and Plaintiff declined to voluntarily cure the deficiencies at that time. Granting further leave to amend at this stage would reward noncompliance and generate additional briefing in a case that has already consumed substantial judicial resources. Moreover, Plaintiff has not identified what a "conforming" complaint would look like or how it would differ from the SAC, beyond removing the very material Defendants seek to strike—which is precisely the relief the Motion requests. If the Court grants the Motion to Strike, the appropriate remedy is to strike the offending portions, not to grant Plaintiff a fifth opportunity to plead.[2]

### III.   CONCLUSION

For these reasons, Defendants respectfully request that the Court grant the Motion to Strike in its entirety, striking: (i) the Class Period definition (¶1); (ii) Statements A-I and L-N (¶¶83-242, 261-281); (iii) Footnote 3, which purports to amend Statements A-I and L-N; and (iv) the first and third bullet points of Statement K that were previously dismissed with prejudice (¶253).

---

[2] Plaintiff's invocation of *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), for the proposition that Rule 12(f) cannot be used as a "back-door merits disposition tool" is inapposite. *Id.* at 974. Defendants' Motion does not seek a merits disposition; it seeks to enforce the Court's own order limiting the scope of amendment. Striking allegations that exceed the scope of leave to amend is an exercise of the Court's inherent authority to manage its docket and enforce its orders, not a ruling on the merits of any claim. *Whittlestone* addressed the improper use of Rule 12(f) to strike a claim for damage on the merits, which bears no resemblance to what Defendants seek here. 618 F.3d at 971.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7

REPLY ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET

Dated:        March 20, 2026              COOLEY LLP


By: */s/ Koji F. Fukumura*
    Koji F. Fukumura

*Attorneys for Defendants Dexcom, Inc., Kevin R. Sayer, Jereme M. Sylvain, and Teri Lawver*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8

REPLY ISO DEFENDANTS'
MOTION TO STRIKE SAC
CASE NO. 24-CV-1485-RSH-VET